**Law Offices of Jan Meyer & Associates, P.C.**
Jan Meyer, Esq.
Richard Elem, Esq.
1029 Teaneck Road
Second Floor
Teaneck, New Jersey 07666
Telephone: 201-862-9500
Email: jmeyer@janmeyerlaw.com
        relem@janmeyerlaw.com
Proposed Liaison Counsel for the Proposed Class

(*Additional Counsel on signature page*)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BED BATH & BEYOND, INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. DELIA,<br><br>Defendants. | Case No. 2:20-cv-04240<br><br>CLASS ACTION<br><br>**MOTION DAY: July 20, 2020** |
| JERRY KIRKLAND, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BED BATH & BEYOND INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. D'ELIA,<br><br>Defendants. | Case No. 2:20-cv-05339<br><br>CLASS ACTION<br><br>**MOTION DAY: July 20, 2020** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF KAVIN BAKHDA TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS**

Lead Plaintiff movant Kavin Bakhda respectfully submits this memorandum of law in further support of his motion to consolidate the related actions ("Actions"), appointment as Lead Plaintiff, for approval of his selection of Bernstein Liebhard LLP as Lead Counsel for the Class and the Law Offices of Jan Meyer P.C. as Liaison Counsel to the Class,[1] and in opposition to the competing Lead Plaintiff motions.[2]

## PRELIMINARY STATEMENT

Mr. Bakhda has the largest financial interest in these Actions by a wide margin, and he also satisfies the typicality and adequacy requirements of Rule 23. Accordingly, Mr. Bakhda is entitled to the PSLRA's "strong presumption" that he is the "most adequate plaintiff" to lead these Actions. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA's "strong presumption" can only be rebutted with "proof" that Mr. Bakhda is somehow inadequate – no such proof exists here. Therefore, Mr. Bakhda should be appointment Lead Plaintiff for the Class. *Rabin v. John Doe Mkt. Makers*, 254 F. Supp. 3d 754, 761 (E.D. Pa. 2015) ("[t]he mechanism discussed is codified at 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb), and it explicitly directs courts to choose lead plaintiffs with the largest financial interest in the relief sought by the class"); *Patel v. Zoompass Holdings Inc.*, CV 17-3831 (JLL), 2017 WL 4179814, at *2 (D.N.J. Sept. 20, 2017) .

There is no contest that Mr. Bakhda has the largest financial interest of any movant in these Actions. Mr. Bakhda suffered $824,026 in losses, which are more than double the claimed losses of the next largest movant, Mr. Kahn ($312,629), and more than ten times the losses of the third largest movant, Mr. Dass ($67,666.58).

---

[1] Otherwise undefined terms have the definitions set forth in Mr. Bakhda's opening brief. ECF No. 19.

[2] On May 11, 2020, five movants filed timely motions for appointment as Lead Plaintiff: (i) Kavin Bakhda; (ii) Richard R. Kahn; (iii) Matthew Dass; (iv) Shawn Ruebush; and (v) Olufemi Salu. As of the date of this filing, Olufemi Salu  filed a response conceding he lacks the largest financial interest in this action. *See* ECF No. 21.

1

Mr. Bakhda has also made a *prima facie* showing of the relevant Rule 23 requirements. *Kanefsky v. Honeywell Int'l Inc.*, CV 2:18-15536 (WJM), 2019 WL 936662, at *2 (D.N.J. Feb. 26, 2019) "[t]o satisfy the requirements of Rule 23, a prospective lead plaintiff need only make an initial showing of typicality and adequacy.") Mr. Bakhda's claims are typical of those of the Class because he purchased Bed Bath & Beyond securities during the Class Period at prices artificially inflated by Defendants' alleged misrepresentations and/or omissions and suffered substantial losses as a result therefrom. Therefore, Mr. Bakhda's claims are premised on the same facts and legal theories as those of the Class, which sufficiently demonstrates typicality at the lead plaintiff stage. *See, e.g.*, *Sklar v. Amarin Corp. PLC*, CIV.A. 13-CV-06663 F, 2014 WL 3748248, at *5 (D.N.J. July 29, 2014) ("In deciding whether the movant has preliminarily satisfied the typicality requirement, "courts should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of the other class members will perforce be based.'").

Mr. Bakhda is also adequate to serve as Lead Plaintiff. Mr. Bakhda has no conflicts of interest with the Class. To the contrary, his interests are perfectly aligned with those of the Class, *i.e.* to maximize a recovery for the Class. Moreover, based on Mr. Bakhda's substantial financial interest – the largest of any movant – he is the most incentivized to vigorously prosecute these Actions on behalf of the Class. *Lewis v. Lipocine Inc*., CV 16-4009-BRM-LHG, 2016 WL 7042075, at *5 (D.N.J. Dec. 2, 2016) (movant's "large financial loss creates a strong incentive for them to fully prosecute the action."). Mr. Bakhda has further demonstrated his adequacy here through his selection of qualified counsel experienced in securities class actions as his proposed Lead Counsel for the Class. *Sapir v. Averback*, 14-CV-07331, 2015 WL 858283,

2

at *3 (D.N.J. Feb. 26, 2015) (movant demonstrated adequacy by, *inter alia*, selecting qualified and experienced class counsel.).

In light of the foregoing, Mr. Bakhda is entitled to the PSLRA's "strong presumption" of being appointed Lead Plaintiff in these Actions. It is well established that once this "strong presumption" attaches, the Court must focus its attention on the presumptive lead plaintiff alone. *In re Cendant Corp. Litig*., 264 F.3d 201, 262-63 (3d Cir. 2001) ("[o]nce the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."); *Rubenstahl v. Philip Morris Intl. Inc*., CV1713504ESMAH, 2019 WL 585429, at *2 (D.N.J. Feb. 13, 2019). Moreover, this "strong presumption" can only be rebutted with "proof" that Mr. Bakhda does not satisfy Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Montesano v. Eros Intl. PLC*, CV1914125JMVJAD, 2020 WL 1873015, at *10 (D.N.J. Apr. 14, 2020) (speculation and conjecture will not rebut the presumption). No such proof exists here.

Accordingly, Mr. Bakhda respectfully requests that the Court grant his Lead Plaintiff motion in its entirety and deny the competing motions.

## ARGUMENT

### I.      MR. BAKHDA IS THE PRESUMPTIVE LEAD PLAINTIFF

Mr. Bakhda has the largest financial interest of any movant by a wide margin, and also satisfies the typicality and adequacy requirements of Rule 23. Therefore, Mr. Bakhda is entitled to the PSLRA's "strong presumption" that he is the "most adequate plaintiff" to represent the Class in these Actions. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### A.  There Is No Contest: Mr. Bakhda Has The Largest Financial Interest

3

Mr. Bakhda's financial interest of $824,026 is, by far, the largest financial interest of any movant in these Actions.[3]  *See Reid v. Hemispherx Biopharma, Inc.*, CV 09-5262, 2010 WL 11707722, at *2 (E.D. Pa. Feb. 12, 2010) ("[c]ourts in this Circuit have repeatedly deemed the largest financial interest to be the most important factor in determining the presumptive lead plaintiff."); *Rabin v. John Doe Mkt. Makers*, 254 F. Supp. 3d 754, 761 (E.D. Pa. 2015) ("[t]hus, the most important consideration for courts is the size of a movant's financial interest").

| Movant | LIFO LOSS |
|---|---|
| **Kavin Bakhda** | **($824,026)** |
| | |
| Richard R. Kahn - Common Stock | ($338,883) |
| Richard R. Kahn - Options | $26,254 |
| **Richard R. Kahn Totals** | **($312,629)** |
| | |
| **Matthew Dass** | **($67,667)** |
| | |
| **Shawn Ruebush** | **($10,221)** |
| | |
| ~~Olufemi Salu~~ | ~~($4,627)~~ |

As illustrated by the foregoing chart, Mr. Bakhda's losses are more than double the losses of the second largest movant, Mr. Kahn, and more than ten times greater than the losses of the

---

[3] It is well-settled that a movant's approximate losses are the most prominent means of assessing financial interest at the lead plaintiff stage. *Rabin*, 254 F. Supp. 3d at 761.  Moreover, courts in this Circuit and nationwide prefer to calculate approximate losses using the last-in-first-out ("LIFO") accounting methodology. *Wigginton v. Adv. Auto Parts, Inc.*, CV 18-212 (MN), 2018 WL 5729733, at *3 (D. Del. Nov. 2, 2018); *McGee v. Am. Oriental Bioengineering, Inc.*, 2:12-CV-5476-SVW-SH, 2012 WL 12895668, at *4 (C.D. Cal. Oct. 16, 2012) ("[t]his Court agrees with [the] majority of courts that LIFO is the most appropriate technique for approximating which investor suffered the greatest losses because of Defendants' wrongdoing.").  Here, however, it makes no difference how losses are calculated because Mr. Bakhda's losses under every court-approved methodology for assessing financial interest vastly exceed the losses of the other movants.

4

third largest movant, Mr. Dass.   Accordingly, there is no contest that Mr. Bakhda has the largest financial interest in these Actions.

### B.  Mr. Bakhda Satisfies the PSLRA's Rule 23 Requirements

Mr. Bakhda also satisfies the PSLRA's Rule 23 requirements.  All that is required at this stage is a *prima facie* showing of typicality and adequacy.  *Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 132–33 (D. Del. 2011). Mr. Bakhda readily meets these requirements.

Mr. Bakhda's claims are typical of those of the Class because he purchased Bed Bath & Beyond securities during the Class Period at prices artificially inflated by Defendants' alleged misrepresentations and omissions, and suffered substantial losses as a result therefrom. Therefore, Mr. Bakhda's claims are based on the same legal theory and arise from the same events and course of conduct as those of the Class.  *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, CIV.A. 13-6731, 2014 WL 1395059, at *8 (E.D. Pa. Apr. 10, 2014)   ("[t]he typicality requirement demands that the movant does not stand in a different position from other class members and will not employ a different legal theory than other class members.")

Mr. Bakhda also satisfies Rule 23's adequacy requirements. *See Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 132 (D. Del. 2011) (for adequacy "courts should consider whether [the movant] 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.' " ).  First, Mr. Bakhda has the largest financial interest of any movant in these Actions by a wide margin (*see supra* at 4), which will ensure his vigorous advocacy and oversight of counsel on behalf of the Class. *Lewis v. Lipocine Inc.*, CV 16-4009-BRM-LHG, 2016 WL 7042075, at *5 (D.N.J. Dec. 2, 2016) (movant's "large financial loss creates a strong incentive for them to fully prosecute the action."). Second, Mr. Bakhda has no conflicts with other Class members. To the contrary, Mr.

5

Bakhda's interests are perfectly aligned with the Class' interests of obtaining the maximum recovery for the Class due to the alleged fraud in the Actions.  *Soto v. Hensler*, 235 F. Supp. 3d 607, 616–17 (D. Del. 2017) (finding a lead plaintiff movant adequate under Rule 23 where there were no apparent conflicts with the class.)  Finally, Mr. Bakhda has further demonstrated his adequacy through his selection of Bernstein Liebhard, a firm with ample experience in securities litigation to represent the Class. *See* ECF No. 19-7.

In sum, Mr. Bakhda has demonstrated that he is entitled to the PSLRA's "strong presumption" that he is the "most adequate" plaintiff to serve as the Lead Plaintiff in these Actions.

## II.    ALL OTHER COMPETING MOTIONS SHOULD BE DENIED

As demonstrated above, Mr. Bakhda is entitled to the PSLRA's "strong presumption" that he is the "most adequate plaintiff."    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).    This strong presumption can only be rebutted with proof that Mr. Bakhda is somehow inadequate – no such proof exists here.    *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").  On this basis alone, Mr. Bakhda's Lead Plaintiff motion should be granted in its entirety, and all other competing motions should be denied.

Nevertheless, there are other independent reasons to deny the motions of the competing movants, including, but not limited to the fact that the competing movants provided no meaningful information about themselves for the Court to assess their Rule 23 adequacy and typicality.  Without this information it is impossible for the Court to find any of them *prima facie* adequate to serve as Lead Plaintiffs. *See Karp v. Diebold Nixdorf, Inc*., No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, No. 19 Civ.

6

6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (refusing to appoint individuals as Lead Plaintiff because they provided no information regarding their capacity to manage the litigation and, thus, did not demonstrate their adequacy).  Mr. Bakhda reserves the right to further address the competing movants' adequacy or typicality, if necessary, should they oppose Mr. Bakhda's lead plaintiff motion.

Accordingly the competing motions should be denied and Kavin Bakhda should be appointed Lead Plaintiff.

## CONCLUSION

For the foregoing reasons, and those given in his opening brief, Mr. Bakhda respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff and approve his selection of Bernstein Liebhard Lead Counsel for the Class and the Law Offices of Jan Meyer & Associates, P.C., as Liaison Counsel to the Class.

Dated: July 6, 2020

Respectfully submitted,

/s/Richard Elem
**Law Offices of Jan Meyer & Associates, P.C.**
Jan Meyer, Esq.
Richard Elem, Esq
1029 Teaneck Road
Second Floor
Teaneck, New Jersey 07666
Telephone: 201-862-9500
Email: jmeyer@janmeyerlaw.com
          relem@janmeyerlaw.com

*Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Matthew E. Guarnero

7

10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
        lhasson@bernlieb.com
        mguarnero@bernlieb.com

*Counsel for Kavin Bakhda and Proposed Lead
Counsel for the Proposed Class*

8

## CERTIFICATE OF SERVICE

I, Richard Elem, hereby certify that on July 6, 2020, a true and correct copy of the annexed **MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF KAVIN BAKHDA TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: July 6, 2020                                    /s/Richard Elem
                                                       Richard Elem