# EXHIBIT B

**Reciprocal Enforcement of Foreign Judgments Act
(CHAPTER 265)**

**Table of Contents**

**Long Title**

**Part I REGISTRATION OF FOREIGN JUDGMENTS**

1 Short title

2 Interpretation

2A Application

3 Extension of Part to judgments of recognised courts of foreign countries on basis of reciprocity

4 Application for, and effect of, registration of foreign judgment

5 Cases in which registered judgments must or may be set aside

6 Power of registering court on application to set aside registration

7 Foreign judgments which can be registered not to be enforceable otherwise

8 Rules of Court and Family Justice Rules

**Part II APPLICATION TO COMMONWEALTH COUNTRIES**

9 Reciprocal Enforcement of Commonwealth Judgments Act ceases to apply to country to which Part I applies

10 Modification of this Act in relation to Commonwealth

**Part III MISCELLANEOUS AND GENERAL**

11 General effect of certain foreign judgments

12 Power to make foreign judgments unenforceable in Singapore if no reciprocity

13 Issue of certificates of judgments obtained in Singapore

**Legislative History**

**Comparative Table**

# RECIPROCAL ENFORCEMENT OF FOREIGN JUDGMENTS ACT

## (CHAPTER 265)

**(Original Enactment: Ordinance 29 of 1959)**

**REVISED EDITION 2001**

(31st July 2001)

An Act to make provision for the enforcement in Singapore of judgments and awards given in foreign countries which afford reciprocal treatment to judgments given in Singapore, for facilitating the enforcement in foreign countries of judgments given in Singapore and for matters connected therewith.

[26th March 1959]

## PART I

### REGISTRATION OF FOREIGN JUDGMENTS

**Short title**

**1.** This Act may be cited as the Reciprocal Enforcement of Foreign Judgments Act.

**Interpretation**

2.—(1)  In this Act, unless the context otherwise requires —

"appeal" includes any proceedings by way of discharging or setting aside a judgment or an application for a new trial or stay of execution;

"country" includes a territory;

"country of the original court" means the country in which the original court is situated;

"Family Justice Rules" means the Family Justice Rules made under section 46 of the Family Justice Act 2014 (Act 27 of 2014);

*[Act 25 of 2019 wef 03/10/2019]*

"foreign country" means any country outside Singapore;

*[Act 25 of 2019 wef 03/10/2019]*

"judgment" means an interlocutory or final judgment or order given or made by a court in any civil proceedings, or a judgment or order given or made by a court in any criminal proceedings for the payment of a sum of money in respect of compensation or damages to an injured party, and includes a consent judgment, a consent order and a judicial settlement;

*[Act 25 of 2019 wef 03/10/2019]*

"judgment creditor" means the person in whose favour the judgment was given (whether or not a sum of money is payable under the judgment), and includes any person in whom the rights under the judgment have become vested by succession or assignment or otherwise;

*[Act 25 of 2019 wef 03/10/2019]*

"judgment debtor" means the person against whom the judgment was given (whether or not a sum of money is payable under the judgment), and includes any person against whom the judgment is enforceable under the law of the original court;

*[Act 25 of 2019 wef 03/10/2019]*

"judicial settlement" —

(*a*)  means a contract approved by, or concluded before, a court in the course of proceedings, being a contract —

(i)  between the parties to proceedings before that court;

(ii)  by which those parties end those proceedings; and

(iii)  that is recorded by that court in an official document; but

  (*b*) does not include a consent order or consent judgment;

<em>[Act 25 of 2019 wef 03/10/2019]</em>

"money judgment" means a judgment under which a sum of money is payable, not being a sum payable in respect of taxes or other charges of a similar nature or in respect of a fine or other penalty;

<em>[Act 25 of 2019 wef 03/10/2019]</em>

"non-money judgment" means a judgment that is not a money judgment, but does not include a judgment under which a sum of money is payable in respect of taxes or other charges of a similar nature or in respect of a fine or other penalty;

<em>[Act 25 of 2019 wef 03/10/2019]</em>

"original court", in relation to any judgment, means the court by which the judgment was given;

"prescribed" means prescribed by Rules of Court or Family Justice Rules;

<em>[Act 16 of 2016 wef 01/12/2016]</em>

"registration" means registration under Part I and "register" and "registered" shall be construed accordingly;

"registering court", in relation to any judgment, means the court to which an application to register the judgment is made.

<em>[2/99]</em>

  (2) For the purposes of this Act, "action in personam" shall not be deemed to include any matrimonial cause or any proceedings in connection with any of the following matters:

  (*a*) matrimonial matters;

  (*b*) administration of the estates of deceased persons;

  (*c*) bankruptcy;

  (*d*) winding-up of companies;

  (*e*) lunacy; or

  (*f*) guardianship of infants.

  (2A) A reference to the making or giving of a judgment, in the case of a judgment that is a judicial settlement, is a reference to the making or concluding of the contract in paragraph (*a*) of the definition of "judicial settlement" in subsection (1).

<em>[Act 25 of 2019 wef 03/10/2019]</em>

  (3) Subject to Rules of Court and Family Justice Rules, any of the powers conferred by this Act on any court may be exercised by a judge of the court.

*[Act 16 of 2016 wef 01/12/2016]*

**Application**

**2A.** This Act does not apply to any judgment which may be recognised or enforced in Singapore under the Choice of Court Agreements Act 2016.

*[Act 14 of 2016 wef 01/10/2016]*

**Extension of Part to judgments of recognised courts of foreign countries on basis of reciprocity**

**3.**—(1) If the Minister is satisfied that, in the event of the benefits conferred by this Part being extended to a particular description of judgments given in a particular court or description of courts of a foreign country, substantial reciprocity of treatment will be assured as respects the enforcement in that foreign country of similar judgments given in a similar court or similar courts of Singapore, the Minister may, by order in the *Gazette*, direct that —

　　(*a*)　this Part applies to that foreign country;

　　(*b*)　the court or courts of the foreign country specified in the order is a recognised court or are recognised courts of the foreign country for the purposes of this Part; and

　　(*c*)　judgments specified in the order of any such recognised court or courts, if within subsection (2), are judgments to which this Part applies.

　(2)　A judgment of a recognised court of a foreign country is within this subsection if —

　　(*a*)　it is given after the coming into operation of the order; and

　　(*b*)　it is final and conclusive as between the parties to it, unless it is an interlocutory judgment.

　(3)　A judgment —

　　(*a*)　specified in an order under subsection (1) of a recognised court of a foreign country specified in the order; and

　　(*b*)　that is within subsection (2),

is a judgment to which this Part applies.

　(4)　However, the following judgments of a recognised court of a foreign country are not judgments to which this Part applies:

　　(*a*)　a judgment given by that court on appeal from a court that is not a

recognised court;

(*b*) a judgment or other instrument that is regarded for the purposes of its enforcement as a judgment of that court but which was given or made in another foreign country;

(*c*) a judgment given by that court in proceedings founded on a judgment of a court in another foreign country and having as their object the enforcement of the second-mentioned judgment.

(5) For the purposes of this section, a judgment is taken to be final and conclusive even though —

(*a*) an appeal may be pending against it; or

(*b*) it may still be subject to appeal,

in the courts of the country of the original court.

(6) The Minister may by a subsequent order in the *Gazette* vary or revoke any order previously made under this section.

[*Act 25 of 2019 wef 03/10/2019*]

**Application for, and effect of, registration of foreign judgment**

**4.**—(1) A person, being a judgment creditor under a judgment to which this Part applies, may apply to the High Court at any time —

(*a*) within 6 years after the date of the judgment; or

(*b*) where there have been proceedings by way of appeal against the judgment, after the date of the last judgment given in those proceedings,

to have the judgment registered in the High Court.

(2) On an application under subsection (1), the court shall, subject to proof of the prescribed matters and to the provisions of this Act, order the judgment to be registered.

(3) A judgment shall not be registered under this section if at the date of the application —

(*a*) it has been wholly satisfied;

[*Act 25 of 2019 wef 03/10/2019*]

(*aa*) it has been discharged; or

[*Act 25 of 2019 wef 03/10/2019*]

(*b*) it could not be enforced by execution in the country of the original court.

(3A) The registering court —

    (*a*)   may only register a non-money judgment if, having regard to the circumstances of the case and the nature of the relief contained in the judgment, it is satisfied that enforcement of the judgment would be just and convenient; and

    (*b*)   if it is of the opinion that such enforcement would not be just and convenient, may make an order for the registration of such amount as it considers to be the monetary equivalent of the relief.

*[Act 25 of 2019 wef 03/10/2019]*

(3B) If it appears to the registering court that a money judgment awards damages (including exemplary or punitive damages) that are in excess of compensation for the actual loss or harm suffered by the party awarded the damages, the judgment may only be registered for the amount of the compensation.

*[Act 25 of 2019 wef 03/10/2019]*

(3C) In making its decision under subsection (3B), the registering court must take into account whether, and the extent to which, the damages awarded by the original court serve to cover costs and expenses relating to the proceedings in which the judgment was obtained.

*[Act 25 of 2019 wef 03/10/2019]*

(4) Subject to the provisions of this Act with respect to the setting aside of registration —

    (*a*)   a registered judgment shall, for the purposes of execution, be of the same force and effect;

    (*b*)   proceedings may be taken on a registered judgment;

    (*c*)   the sum for which a judgment is registered shall carry interest; and

    (*d*)   the registering court shall have the same control over the execution of a registered judgment,

as if the judgment had been a judgment originally given in the registering court and entered on the date of registration.

(5) Execution shall not issue on the judgment so long as, under this Part and the Rules of Court or Family Justice Rules made thereunder, it is competent for any party to make an application to have the registration of the judgment set aside or, where such application is made, until after the application has been finally determined.

*[Act 16 of 2016 wef 01/12/2016]*

(6) If at the date of the application for registration the judgment of the original court

has been partly satisfied, the judgment shall not be registered in respect of the whole sum payable under the judgment of the original court, but only in respect of the balance remaining payable at the date.

(7) If, on an application for the registration of a judgment, it appears to the registering court that the judgment is in respect of different matters and that some, but not all, of the provisions of the judgment are such that if those provisions had been contained in separate judgments those judgments could properly have been registered, the judgment may be registered in respect of the provisions aforesaid but not in respect of any other provisions contained therein.

(8) In addition to any sum of money payable under the judgment of the original court (including any interest which by the law of the country of the original court becomes due under the judgment up to the time of registration), or the amount of the monetary equivalent of the relief mentioned in subsection (3A)(*b*) (as the case may be), the judgment must be registered for the reasonable costs of and incidental to registration, including the costs of obtaining a certified copy of the judgment from the original court.

*[Act 25 of 2019 wef 03/10/2019]*

**Cases in which registered judgments must or may be set aside**

**5.**—(1) On an application in that behalf duly made by any party against whom a registered judgment may be enforced, the registration of the judgment —

    (*a*)    shall be set aside if the registering court is satisfied —

        (i)    that the judgment is not a judgment to which this Part applies or was registered in contravention of sections 3 and 4;

        (ii)    that the courts of the country of the original court had no jurisdiction in the circumstances of the case;

        (iii)    that the judgment debtor, being a defendant in the proceedings in the original court, did not (notwithstanding that process may have been duly served on him in accordance with the law of the country of the original court) receive notice of those proceedings in sufficient time to enable him to defend the proceedings and did not appear;

        (iv)    that the judgment was obtained by fraud;

        (v)    that the enforcement of the judgment would be contrary to public policy in the country of the registering court; or

(vi)   that the rights under the judgment are not vested in the person by whom the application for registration was made;

*[Act 25 of 2019 wef 03/10/2019]*

(*b*)   may be set aside if the registering court is satisfied that the matter in dispute in the proceedings in the original court had before the date of the judgment in the original court been the subject of a final and conclusive judgment by a court having jurisdiction in the matter; or

*[Act 25 of 2019 wef 03/10/2019]*

(*c*)   may be set aside if the registering court is satisfied that the notice of registration had not been served on the judgment debtor, or that the notice of registration was defective.

*[Act 25 of 2019 wef 03/10/2019]*

(1A)  To avoid doubt, subsection (1)(*c*) does not prevent the subsequent registration of a judgment the registration of which has been previously set aside solely under that provision.

*[Act 25 of 2019 wef 03/10/2019]*

(2)  For the purposes of this section, the courts of the country of the original court shall, subject to subsection (3), be deemed to have had jurisdiction —

(*a*)   in the case of a judgment given in an action in personam —

(i)   if the judgment debtor, being a defendant in the proceedings in the original court, submitted to the jurisdiction of that court by voluntarily appearing in the proceedings otherwise than for the purpose of —

(A)   protecting, or obtaining the release of, property seized or threatened with seizure in the proceedings;

(B)   contesting the jurisdiction of that court; or

(C)   inviting that court in its discretion not to exercise its jurisdiction in the proceedings;

*[Act 25 of 2019 wef 03/10/2019]*

(ii)   if the judgment debtor was a plaintiff, or counterclaimed, in the proceedings in the original court;

(iii)   if the judgment debtor, being a defendant in the proceedings in the original court, had before the commencement of the proceedings agreed, in respect of the subject-matter of the proceedings, to submit to the jurisdiction of that court or of the

courts of the country of that court;

(iv) if the judgment debtor, being a defendant in the proceedings in the original court, was at the time when the proceedings were instituted resident, or being a body corporate had its principal place of business, in the country of that court; or

(v) if the judgment debtor, being a defendant in the proceedings in the original court, had an office or place of business in the country of that court and the proceedings in that court were in respect of a transaction effected through or at that office or place;

(*b*) in the case of a judgment given in an action of which the subject-matter was immovable property or in an action in rem of which the subject-matter was movable property, if the property in question was at the time of the proceedings in the original court situate in the country of that court; and

(*c*) in the case of a judgment given in an action other than any such action as is mentioned in paragraph (*a*) or (*b*), if the jurisdiction of the original court is recognised by the law of the registering court.

(3) Notwithstanding anything in subsection (2), the courts of the country of the original court shall not be deemed to have had jurisdiction —

(*a*) if the subject-matter of the proceedings was immovable property outside the country of the original court;

(*b*) except in the cases mentioned in subsection (2)(*a*)(i), (ii) and (iii) and (*c*), if the bringing of the proceedings in the original court was contrary to an agreement under which the dispute in question was to be settled otherwise than by proceedings in the courts of the country of that court; or

(*c*) if the judgment debtor, being a defendant in the proceedings in the original court, was a person who under the rules of public international law was entitled to immunity from the jurisdiction of the courts of the country of the original court and did not submit to the jurisdiction of that court.

(4) In this section, "notice of registration" means a notice of the registration of a judgment mentioned in section 8(1)(*c*) that is required to be served on a judgment debtor by the Rules of Court or Family Justice Rules, as the case may be.

*[Act 25 of 2019 wef 03/10/2019]*

## Power of registering court on application to set aside registration

**6.**—(1) If, on an application to set aside the registration of a judgment, the applicant satisfies the registering court either that an appeal is pending, or that he is entitled and intends to appeal, against the judgment, the court, if it thinks fit, may, on such terms as it may think just —

     (*a*)   set aside the registration; or

     (*b*)   adjourn the application to set aside the registration until after the expiration of such period as appears to the court to be reasonably sufficient to enable the applicant to take the necessary steps to have the appeal disposed of by the competent tribunal.

(2) Where the registration of a judgment is set aside under subsection (1), or solely for the reason that the judgment was not at the date of the application for registration enforceable by execution in the country of the original court, the setting aside of the registration shall not prejudice a further application to register the judgment when the appeal has been disposed of or if and when the judgment becomes enforceable by execution in that country, as the case may be.

(3) Where the registration of a judgment is set aside solely for the reason that the judgment, notwithstanding that it had at the date of the application for registration been partly satisfied, was registered for the whole sum payable thereunder, the registering court shall, on the application of the judgment creditor, order judgment to be registered for the balance remaining payable at that date.

**Foreign judgments which can be registered not to be enforceable otherwise**

**7.**—(1) No proceedings for the recovery of a sum payable under a foreign judgment, being a judgment to which this Part applies, other than proceedings by way of registration of the judgment, shall be entertained by any court in Singapore.

*[2/99]*

(2) Where the date of coming into operation of the relevant order is before the date it is published in the *Gazette*, subsection (1) shall apply only to proceedings commenced in any court in Singapore on or after the date the relevant order is published in the *Gazette*.

*[2/99]*

(3) In subsection (2), "relevant order" means the order made under section 3 by virtue of which the foreign judgment is a judgment to which this Part applies.

*[2/99]*

**Rules of Court and Family Justice Rules**

**8.**—(1) Subject to this section, the power to make Rules of Court under section 80 of the Supreme Court of Judicature Act (Cap. 322), and the power to make Family Justice Rules under section 46 of the Family Justice Act 2014 (Act 27 of 2014), shall include

power to make Rules of Court and Family Justice Rules, respectively, for the following purposes:

> (*a*)  for making provision with respect to the giving of security for costs by persons applying for the registration of judgments;
>
> (*b*)  for prescribing the matters to be proved on an application for the registration of a judgment and for regulating the mode of proving those matters;
>
> (*c*)  for providing for the service on the judgment debtor of notice of the registration of a judgment;
>
> (*d*)  for making provision with respect to the fixing of the period within which an application may be made to have the registration of the judgment set aside and with respect to the extension of the period so fixed;
>
> (*e*)  for prescribing the method by which any question arising under this Act whether a foreign judgment can be enforced by execution in the country of the original court, or what interest is payable under a foreign judgment under the law of the original court, is to be determined; and
>
> (*f*)  for prescribing any matter which under this Part is to be prescribed.
>
> *[Act 16 of 2016 wef 01/12/2016]*

(2)  Such Rules of Court and Family Justice Rules shall be expressed to have and shall have effect subject to any such provisions contained in orders made under section 3 as are declared by the orders to be necessary for giving effect to agreements made between the Minister and the foreign countries in relation to matters with respect to which there is power to make the Rules of Court and Family Justice Rules.

*[Act 16 of 2016 wef 01/12/2016]*

## PART II

### APPLICATION TO COMMONWEALTH COUNTRIES

**Reciprocal Enforcement of Commonwealth Judgments Act ceases to apply to country to which Part I applies**

**9.**  If the Minister makes an order under section 3 extending Part I to any part of the Commonwealth to which the Reciprocal Enforcement of Commonwealth Judgments Act (Cap. 264) applies, that Act ceases to have effect in relation to that part of the Commonwealth beginning on the date of the order.

*[Act 25 of 2019 wef 03/10/2019]*

**Modification of this Act in relation to Commonwealth**

10. Where an order is made under section 3 extending Part I to a part of the Commonwealth to which the Reciprocal Enforcement of Commonwealth Judgments Act (Cap. 264) applies, Part I shall in relation to that part of the Commonwealth have effect as if —

(*a*)  in the case of a judgment registered under the Reciprocal Enforcement of Commonwealth Judgments Act before the date of coming into operation of the order, the expression "judgment" —

　　(i)  means any judgment or order given or made by a court in any civil proceedings by which any sum of money is made payable (not being a sum payable in respect of taxes or other charges of a similar nature or in respect of a fine or other penalty); and

　　(ii)  includes an award in proceedings on an arbitration if the award has, in pursuance of the law in force in the place where it was made, become enforceable in the same manner as a judgment given by a court in that place;

*[Act 25 of 2019 wef 03/10/2019]*

(*b*)  the fact that a judgment was given before the coming into operation of the order did not prevent it from being a judgment to which Part I applies, but the time limited for the registration of a judgment were, in the case of the judgment so given, 12 months from the date of judgment or such longer period as may be allowed by the High Court; and

(*c*)  any judgment registered in the High Court under the Reciprocal Enforcement of Commonwealth Judgments Act before the coming into operation of the order had been registered in the High Court under Part I and anything done in relation thereto under the Reciprocal Enforcement of Commonwealth Judgments Act or any Rules of Court or other provisions applicable to that Act had been done under Part I or the corresponding Rules of Court or other provisions applicable to that Part.

## PART III

## MISCELLANEOUS AND GENERAL

**General effect of certain foreign judgments**

**11.**—(1) Subject to this section, a judgment to which Part I applies or would have applied if a sum of money had been payable thereunder, whether or not it can be or is registered, shall be recognised in any court in Singapore as conclusive between the parties thereto in all proceedings founded on the same cause of action and may be relied

on by way of defence or counterclaim in any such proceedings.

(2)  This section shall not apply in the case of any judgment —

(*a*)  where the judgment has been registered and the registration thereof has been set aside on some ground other than —

(i)  that a sum of money was not payable under the judgment;

(ii)  that the judgment had been wholly or partly satisfied; or

(iii)  that at the date of the application the judgment could not be enforced by execution in the country of the original court; or

(*b*)  where the judgment has not been registered, it is shown (whether it could have been registered or not) that if it had been registered the registration thereof would have been set aside on an application for that purpose on some ground other than one of the grounds specified in paragraph (*a*).

(3)  Nothing in this section shall be taken to prevent any court in Singapore recognising any judgment as conclusive of any matter of law or fact decided therein if that judgment would have been so recognised before 21st March 1959.

**Power to make foreign judgments unenforceable in Singapore if no reciprocity**

**12.**—(1)  If it appears to the Minister that the treatment in respect of recognition and enforcement accorded by the courts of a foreign country to judgments given in a court of Singapore, is substantially less favourable than that accorded by the courts in Singapore to judgments of a court of that country that is similar to the firstmentioned court of Singapore, the Minister may by order apply this section to that country.

*[Act 25 of 2019 wef 03/10/2019]*

(2)  Except in so far as the Minister may by order under this section otherwise direct, no proceedings shall be entertained in any court in Singapore for the recovery of any sum alleged to be payable under judgment given in a court of a country to which this section applies.

(3)  The Minister may by a subsequent order vary or revoke any order previously made under this section.

**Issue of certificates of judgments obtained in Singapore**

**13.**—(1)  Where —

(*a*)  a judgment has been given in a court of Singapore; and

(*b*)  the judgment creditor desires to enforce the judgment in a foreign country

to which Part I applies,

the registrar of the court of Singapore, on an application made by a judgment creditor and on payment of such fee as may be prescribed, is to issue to the judgment creditor certified copies of the pleadings, order of court and written grounds of decision (if any), together with a certificate that contains such particulars as may be prescribed by the Rules of Court or Family Justice Rules.

*[Act 25 of 2019 wef 03/10/2019]*

(2)  Where execution of a judgment is stayed for any period pending an appeal or for any other reason, an application shall not be made under subsection (1) with respect to the judgment until the expiration of that period.