POMERANTZ LLP
Gustavo F. Bruckner
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
gfbruckner@pomlaw.com

*Attorney for Movant Richard R. Kahn*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BED BATH & BEYOND INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. D'ELIA, <br><br> Defendants. | Case No. 2:20-cv-04240-MCA-MAH <br><br> REPLY MEMORANDUM OF LAW OF RICHARD R. KAHN |
| JERRY KIRKLAND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BED BATH & BEYOND INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. D'ELIA, <br><br> Defendants. | Case No. 2:20-cv-05339-MCA-MAH |

As stated in his notice of non-opposition filed on July 6, 2020 (Dkt. No. 23), having reviewed the competing motions before the Court, it appears to Kahn that movant Bakhda possesses the largest financial interest in this litigation within the meaning of the PSLRA, has made the requisite *prima facie* showing of adequacy and typicality within the meaning of Fed. R. Civ. P. 23, and thus appears to be the "most adequate plaintiff" within the meaning of the PSLRA.   15 U.S.C. §78u-4(a)(3)(B)(i)-(iii).   Accordingly, Kahn does not oppose Bakhda's motion for appointment as Lead Plaintiff.  Kahn submits this reply memorandum of law solely to respond to arguments against his own adequacy advanced by movant Matthew Dass ("Dass") in his opposition brief (Dkt. No. 25).

Dass asserts in his opposition brief that Kahn is subject to unique defenses, and thus disqualified from appointment as Lead Plaintiff, because Kahn "traded in both the selling of puts and calls at the same time," was thus "not relying on the alleged misstatements that are the subject of this litigation," and therefore "subject to a unique defense and is not typical of the class." *Id.* at 17-18.  However, courts routinely reject such arguments and appoint purchasers of options as lead plaintiffs in PSLRA actions. *See, e.g., Hall v. Medicis Pharm. Corp.*, 2009 U.S. Dist. LEXIS 24093, at *13 (D. Ariz. Mar. 10, 2009) (appointing options investor as lead plaintiff and rejecting argument that options trader was inadequate class representative "simply because he trades in options"); *In re Oxford Health Plans, Inc. Sec. Litig.*,

1

199 F.R.D. 119, 123-24 (rejecting challenge to adequacy of options investor and finding that "where the public market of a quoted security is polluted by false information, or where price, supply and demand are distorted as a result of misleading omissions, all types of investors are injured" (quoting *Leist v. Tamco Enterprises, Inc.*, 1982 U.S. Dist. LEXIS 17389, at *12 (S.D.N.Y. Mar. 16, 1982) (internal quotations omitted)); *In re Priceline.com, Inc.*, 236 F.R.D. 89, 100 (D. Conn. 2006) (finding options purchaser to be a typical and adequate class representative with "interests . . . sufficiently aligned with those other class members").

Accordingly, Kahn respectfully submits that he is neither atypical within the meaning of Rule 23 nor subject to a unique defense that would disqualify him from appointment as Lead Plaintiff.  If the Court declines to appoint Bakhda as Lead Plaintiff for any reason, Kahn remains ready and willing to serve in that capacity.

Dated:   July 13, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Gustavo F. Bruckner*
Gustavo F. Bruckner
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
gfbruckner@pomlaw.com

*Counsel for Richard R. Kahn*

2