**LEVI & KORSINSKY, LLP**
Eduard Korsinsky
55 Broadway, 10th Floor
New York, New York 10006
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com

*Counsel for Movant Matthew Dass*
*and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BED BATH & BEYOND INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. D'ELIA,<br><br>Defendants. | Case No. 2:20-cv-04240-MCA-MAH<br><br>**MOVANT MATTHEW DASS'S REPLY IN FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF**<br><br>**MOTION DATE: July 20, 2020** |
| JERRY KIRKLAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BED BATH & BEYOND INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. D'ELIA,<br><br>Defendants. | Case No. 2:20-cv-05339-MCA-MAH |

# **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ........................................................................1

II.    ARGUMENT..................................................................................................3

       A.    Kahn Withdrew His Motion by Filing a Notice of Non-Opposition. ...3

       B.    Bakhda Continues to Obscure Dhanvantray's Interest as His Own .....5

       C.    Bakhda Does Not Proffer Evidence Capable of Demonstrating Dass Is
             Atypical or Inadequate. ........................................................................6

III.   CONCLUSION..............................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Blue Chip Stamps v. Manor Drug Stores*,
421 U.S. 723 (1975)........................................................................... 5

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19-cv- 2394, 2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019). 7

*Bucks Cty. Emples. Ret. Fund v. Newell Brands, Inc.*, C.A.
No. 18-cv-10878-JMV-JBC, 2018 U.S. Dist. LEXIS 165879 (D.N.J. Sep.
27, 2018) .......................................................................................... 3

*City of Warren Gen. Emples. Ret. Sys. v. Celgene Corp.*,
C.A. No. 18-cv-4772-JMV-JBC, 2018 U.S. Dist. LEXIS 165878 (D.N.J.
Sep. 26, 2018) ................................................................................... 3

*In re Diamond Foods, Inc.*,
281 F.R.D. 405 (N.D. Cal. 2012).................................................... 4

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) .................................................... 3

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. October 6, 2015) ....................... 3

*Lewis v. Lipocine Inc.*, C.A.
No. 16-cv-4009-BRM-LHG, 2016 U.S. Dist. LEXIS 166532 (D.N.J. Dec. 2,
2016) ................................................................................................ 5

*Perez v. Hexo Corp.*,
2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) .......... 1, 4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ............................................... 4, 6

*Searcy v. eFunds Corp.*,
No. 08-C-985, 2010 U.S. Dist. LEXIS 31627 (N.D. Ill. Mar. 31, 2010) ....... 6

*Teran v. Subaye, Inc.*,
No. 11 Civ. 2614, 2011 WL 4357362 (S.D.N.Y. Sept. 16, 2011)................. 3

*Tsirekidze v. Syntax-Brillian Corp.,*
    2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 7, 2008) ................................ 6

*Turnofsky v. electroCore, Inc.,*
    No. 19-18400, 2020 U.S. Dist. LEXIS 72313 (D.N.J. Apr. 24, 2020) .......... 3

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.,*
    C.A. No. 13-cv-6731, 2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 10,
    2014) ..................................................................................................... 5

**Statutes**

15 U.S.C. §78u-4(a)(3)(B)(iii) .......................................................................... 1, 3

iv

## I.    PRELIMINARY STATEMENT

The Court should appoint Matthew Dass as the lead plaintiff in this action. Although four other shareholders had initially filed motions, three have since withdrawn those motions or elected not to pursue them and the only other remaining movant, Kavin Bakhda, has no financial interest in the litigation.[1] Dass, therefore, is the only shareholder still seeking appointment as lead plaintiff that satisfies the statutory requirements of the PSLRA.

Dass raised several arguments against Bakhda in his opposition brief. Dkt. No. 25. First and foremost, Dass pointed out that Bakhda has no financial interest in the outcome of the litigation. This was due to the fact that he was, and remains, required to "remit any proceeds received as a result of [the] assignment to" his mother, the assignor. *Id*. at 4. Thus, notwithstanding his mother's claimed losses, Bakhda stands to recover nothing and, therefore, has zero interest in "play[ing] a meaningful role" in the litigation and "mak[ing] sure that adequate representation is delivered," as Congress intended when it enacted the PSLRA. *Id*. (citing *Perez v. Hexo Corp.*, 2020 U.S. Dist. LEXIS 32381, at *5 (S.D.N.Y. Feb. 25, 2020)). In other words, Bakhda's mother's losses are irrelevant for the purposes of evaluating his "financial interest in the relief sought by the class" and determining who should serve as lead plaintiff in this action. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Dass also raised at least four different, independent flaws concerning Bakhda's typicality and adequacy that would prevent granting his motion if the Court were to properly apply the PSLRA's lead plaintiff provisions. These flaws related to: the validity of the assignment itself, which was Bakhda's only connection

---

[1] Movants Shawn Ruebush and Olufemi Salu both filed notice of withdrawals by the opposition deadline, July 6, 2020. *See* Dkt. Nos. 21, 22. Movant Richard R. Kahn filed a notice of non-opposition on July 6, 2020. *See* Dkt. No. 23.

1

to this action and was his sole means of possessing standing to pursue the claims alleged; the purpose of the assignment and his mother's history of securities fraud convictions; Bakhda's inability to testify on behalf of his mother and, in particular, the reasons and/or information his mother possessed when deciding to purchase atypical securities in Bed Bath & Beyond Inc. ("BBBY"); and Bakhda's ability to relitigate claims in his country of residence, the Republic of Singapore, to the potential detriment of the class. These issues, independently and certainly collectively, demonstrate that Bakhda will not be able to adequately represent the class and/or fall victim to unique defenses that will sidetrack and delay the litigation.

Bakhda did not address any of these issues in his opposition brief, let alone submit additional information capable of resolving them on the motion papers. Instead, Bakhda argued in rote fashion that he possessed the largest financial interest in the action and that the other movants failed to sufficiently describe why they would make adequate lead plaintiffs. Further, the brief repeatedly misrepresented that Bakhda "suffered . . . losses," that his claims are typical of other class members based on his "purchase[s]" of BBBY stock, that his interests are "perfectly" aligned with the class, and that he is "the most incentivized" to prosecute the claims in this action. Bakhda cannot make these claims given his atypical connection to the claims in this lawsuit, *i.e.*, the assignment. Thus, the fact that they appeared (repeatedly) in his brief demonstrates that Bakhda either does not appreciate the significance of the assignment or did not review the brief to ensure that it was accurate in advance of filing. In either event, the Court has more than enough evidence at this stage to determine that Bakhda lacks the requisite interest to oversee this action.

Dass is the only movant that satisfies the financial interest requirement and the required *prima facie* showing of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure. Because Dass meets all the requirements of the PSLRA, he is presumed to be the most adequate lead plaintiff. This presumption can

2

only be rebutted by competing movants presenting the Court with actual proof that Dass is not adequate or typical. Bakhda has failed to substantively oppose Dass' motion, effectively conceding that Dass is typical and adequate, and is not subject to any unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Dass' motion should be granted, and all other motions be denied.

## II.    ARGUMENT

### A.    Kahn Withdrew His Motion by Filing a Notice of Non-Opposition.

On July 6, 2020, the day oppositions were due to the Court, Kahn filed a notice of non-opposition, conceding that he did not have the largest financial interest as compared to Bakhda. *See* Dkt. No. 23. As a matter of recourse, Kahn's non-opposition is a decision to abandon the lead plaintiff process in lieu of another individual. Therefore, he has effectively withdrawn his motion as lead plaintiff and his motion is no longer pending before the Court. *See Knox v. Yingli Green Energy Holding Co.,* 136 F. Supp. 3d 1159, 1162 n.2 (C.D. Cal. October 6, 2015) (Filing a non-opposition in favor of another movant's appointment is "a withdrawal of [the] request to be appointed lead plaintiff."); *see also e.g. Turnofsky v. electroCore, Inc.,* No. 19-18400, 2020 U.S. Dist. LEXIS 72313, at *7 (D.N.J. Apr. 24, 2020) (Court did not consider lead plaintiff motion after movant filed a non-opposition); *Bucks Cty. Emples. Ret. Fund v. Newell Brands, Inc.,* C.A. No. 18-cv-10878-JMV-JBC, 2018 U.S. Dist. LEXIS 165879, at *9-10 (D.N.J. Sep. 27, 2018) (same); *City of Warren Gen. Emples. Ret. Sys. v. Celgene Corp.,* C.A. No. 18-cv-4772-JMV-JBC, 2018 U.S. Dist. LEXIS 165878, at *10 (D.N.J. Sep. 26, 2018) (same); *Teran v. Subaye, Inc.*, No. 11 Civ. 2614, 2011 WL 4357362, at *2 n.2 (S.D.N.Y. Sept. 16, 2011) (equating failure to file an opposition motion with withdrawal or abandonment of its initial motion to serve as lead plaintiff); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 116 (S.D.N.Y. 2010) (same).

Kahn's conduct in this regard undermines his suitability to serve as lead

3

plaintiff, even if his motion were to be considered. Bakhda's motion for lead plaintiff contained patent deficiencies that one would have expected to be raised by Kahn and his counsel. Kahn's willingness to forgo these arguments suggests that Kahn does not have a genuine interest in serving as the lead plaintiff in this action or, alternatively, other reasons exist altogether explaining Kahn's decision to allow Bakhda to serve as the lead plaintiff. Kahn's Notice of Non-Opposition makes no reference to these reasons, however. Likewise, there is no indication that he or his counsel reviewed Bakhda's adequacy to serve as the lead plaintiff and determined that Kahn's interests would be protected if Bakhda were to be appointed. *See In re Diamond Foods, Inc.,* 281 F.R.D. 405, 413 (N.D. Cal. 2012) ("Any important decision made by a fiduciary should be preceded by due diligence.").

Regardless, Kahn has not cured his failure to make a *prima facie* showing of typicality and adequacy, and it is too late to do so.  The Court still has no detailed information whatsoever about who Kahn is, his relevant investing experience, sophistication, or even what state he resides (if even a U.S. citizen at all). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. 395, 417 (S.D.N.Y. 2004). Thus, Kahn has not demonstrated that his interests are in line with those of the class or that he is otherwise able to adequately represent those interests on behalf of other similarly situated shareholders. Any information provided at this point would be untimely, as it should have been made in his preliminary motion. *Perez v. Hexo Corp.,* 2020 U.S. Dist. LEXIS 32381, at *7 (S.D.N.Y. Feb. 25, 2020) (Court denied appointing largest movant due to "[F]ailure to provide any information regarding…experience in [the] preliminary motion" even when details about movant were provided on opposition). Bakhda, the only other movant with a pending motion aside from Dass, has advanced this same argument – Kahn has not provided enough information to make a *prima facie* showing of typicality and adequacy. *See* Dkt. No. 24 at *6.

4

**B.      Bakhda Continues to Obscure Dhanvantray's Interest as His Own**

Bakhda, in his opening motion, and now in his opposition brief, has continually obscured the implications of the Dhanvantray assignment. Bakhda's opposition brief contains misrepresentations *on every page* about his "financial interest", how "he purchased shares" of BBBY, how he is typical of the class with "perfectly aligned interests", and how he is an adequate representative. *See e.g.* Dkt. No. 24, at *1 ("Bakhda suffered $824,026 in losses"); *Id.* at *2 ("Bakhda's claims are typical of those of the Class because *he purchased* Bed Bath & Beyond securities during the Class Period", "*Bakhda's claims* are premised on the same facts and legal theories as those of the Class", "Bakhda has no conflicts of interest with the Class… *his interests are perfectly aligned* with those of the Class", "*Bakhda's substantial financial interest* – the largest of any movant"); *Id.* at *3 ("Bakhda has the *largest financial interest*"); *Id.* at *4 ("Bakhda's *financial interest of $824,026*") (emphasis added). Yet, these assertions are not true.

As explained in Dass' opposition brief, Bakhda does not have a financial interest in this litigation. *See* Dkt. No. 25 at 4. Nor is Bakhda typical of the class because he has not purchased shares of BBBY stock during the class period like actual class members. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731-32 (1975) (Rule 10b-5 actions are limited to either purchasers or sellers of a security); *see also W. Palm Beach Police Pension Fund v. DFC Glob. Corp.,* C.A. No. 13-cv-6731, 2014 U.S. Dist. LEXIS 49595, at *24 (E.D. Pa. Apr. 10, 2014) ("[t]he typicality requirement demands that the movant does not stand in a different position from other class members."). Bakhda cannot be an adequate lead plaintiff either because he does not have an incentive to represent the claims because he gets nothing out of this lawsuit. *Lewis v. Lipocine Inc.*, C.A. No. 16-cv-4009-BRM-LHG, 2016 U.S. Dist. LEXIS 166532, at *14 (D.N.J. Dec. 2, 2016) ("large financial loss creates a strong incentive for [movants] to fully prosecute the action."); *see also* Dkt.

5

No. 19-5, at 5 (Bakhda's assignment requiring him to "remit any proceeds received as a result of this assignment" to his mother).

Not once did Bakhda mention the assignment in his opposition, let alone the fact that he must remit all payments back to Dhanvantray should anything come of it. He provides no explanation as to why the assignment is necessary or even the circumstances surrounding it. This is especially concerning considering that it appears that the assignment is being used to conceal Dhanvantray's criminal background. It is this type of litigation strategy that goes directly against the PSLRA's purpose of curbing lawyer-driven litigation and is simply deceptive. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. 395, 416 (S.D.N.Y. 2004) ("[H]onestly and trustworthiness are relevant factors in assessing a candidate's ability to serve[.]"); *Searcy v. eFunds Corp.,* No. 08-C-985, 2010 U.S. Dist. LEXIS 31627, at *15 (N.D. Ill. Mar. 31, 2010) ("[t]he honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims.").

## C.   Bakhda Does Not Proffer Evidence Capable of Demonstrating Dass Is Atypical or Inadequate.

Bakhda's opposition brief made no significant "argument against [Dass] other than pointing out [his] relatively low[er] financial stake in the litigation." *Tsirekidze v. Syntax-Brillian Corp.,* 2008 U.S. Dist. LEXIS 118562, at *19 (D. Ariz. Apr. 7, 2008). But because Bakhda's actual interest in the litigation is $0, Dass' financial stake in the Action is significantly higher, not lower than Bakhda's interest. Indeed, the only argument made against Dass beyond his supposed "lower financial interest" was that he did not make a *prima facie* showing of typicality and adequacy. Ironically, Bakhda attempts to argue that not providing enough personal detailed

6

information makes a movant atypical and inadequate, yet he suffers from this exact infirmity.

In fact, Bakhda completely ignores that Dass provided information in a sworn certification attesting to his city and state of residency, his level of education, his current employment, and his investing experience. *See* Dkt. No. 17-3. This information qualifies as a *prima facie* showing of typicality and adequacy, triggering the presumption of "most adequate plaintiff" in Dass' favor. *Pirelli*, 229 F.R.D. at 417 ("While the size, available resources or even experience of a candidate are not dispositive factors in appointing a lead plaintiff, they are nonetheless relevant to reaching a determination as to whether a candidate will be capable of adequately protecting the interests of the class."); *c.f. In re Boeing Co. Aircraft Sec. Litig.,* No. 19-cv- 2394, 2019 U.S. Dist. LEXIS 198259, at *23-24 (N.D. Ill. Nov. 15, 2019) (Movants "unwillingness to provide any significant information about themselves has made clear that they place priority on their privacy over leading this litigation. As a result, it would be imprudent to appoint them as Lead Plaintiff[.]").

Dass is the only movant left in these Actions who has the largest financial interest and otherwise satisfies the requirements of Rule 23. Accordingly, Dass' motion should be approved in its entirety, and all other be denied.

## III.   CONCLUSION

Based on the foregoing, Dass respectfully request that the Court grant his motion: (1) consolidating the actions; (2) appointing him as Lead Plaintiff; (3) approving his selection of Levi & Korsinsky as Lead Counsel; and (4) granting such other relief as the Court deems just and proper.

Dated:  July 13, 2020                          Respectfully submitted,

                                               **LEVI & KORSINSKY, LLP**

                                               /s/ Eduard Korsinsky
                                               Eduard Korsinsky
                                               Nicholas I. Porritt (*pro hac vice* to be submitted)
                                               Adam M. Apton (*pro hac vice* to be submitted)
                                               55 Broadway, 10th Floor
                                               New York, New York 10006
                                               Tel.:  (212) 363-7500
                                               Fax:  (212) 363-7171
                                               Email: ek@zlk.com
                                               Email: nporritt@zlk.com
                                               Email: aapton@zlk.com

                                               *Counsel for Movant Matthew Dass*
                                               *and Proposed Lead Counsel for the Class*

8

## <u>CERTIFICATE OF SERVICE</u>

I, Eduard Korsinsky, hereby certify that on July 13, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/Eduard Korsinsky*

Eduard Korsinsky
