# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BED BATH & BEYOND, INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. D'ELIA,<br><br>Defendants. | Case No. 2:20-cv-04240<br><br>CLASS ACTION<br><br>**MOTION DAY: July 20, 2020** |
| JERRY KIRKLAND, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BED BATH & BEYOND INC., MARK J. TRITTON, MARY A. WINSTON, and ROBYN M. D'ELIA,<br><br>Defendants. | Case No. 2:20-cv-05339<br><br>CLASS ACTION<br><br>**MOTION DAY: July 20, 2020** |

**DECLARATION OF KAVIN BAKHDA IN FURTHER SUPPORT OF HIS MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

1.      I, Kavin Bakhda, respectfully submit this declaration in further support of my motion for consolidation of the related actions, appointment as Lead Plaintiff, and approval of selection of counsel.  I have personal knowledge about the facts stated herein and could competently testify to them if called to do so.

2.      I have a finance and accounting degree from Curtin University and have more than five years of investing experience.

3.      In February 2020, prior to the filing of the above-captioned lawsuits, my parents and I contacted Bernstein Liebhard LLP ("Bernstein Liebhard") to discuss my mother's legal rights and options under the U.S. federal securities laws to recover the substantial losses she suffered from her investments in Bed Bath & Beyond, Inc. ("BBBY") securities.  My parents, at the outset, designated me as the point person to communicate with Bernstein Liebhard given my experience working with and overseeing attorneys in my professional capacity as a Business Development Manager. I have been in regular contact with Bernstein Liebhard since February 2020.

4.      After the above-captioned lawsuits were filed in April 2020, my mother, in consultation with both me and my father, decided that I should pursue the lead plaintiff role in these actions as the assignee of her claims.  This decision was made for practical reasons.  We are a close-knit family; my parents at the outset had made me the point person to communicate with Bernstein Liebhard about my mother's legal rights and options; I have repeatedly worked with and supervised attorneys in my professional capacity; and, in light of the COVID pandemic, it is safer for me to travel to the U.S. (if that were necessary) than my parents.

5.      I understand that the United States Congress passed the Private Securities Litigation Reform Act of 1995 ("PSLRA") to put investors with substantial losses in charge of securities class actions.  I also understand that my mother's investment losses (the litigation of which she

1

has assigned to me) are more than double the losses of the next largest lead plaintiff movant, Mr. Kahn, and more than ten times larger than the losses of Mr. Dass, the only lead plaintiff movant that is apparently contesting my appointment.

6.     I have all the motive in the world to vigorously represent my mother's interests in these actions and to obtain the best possible recovery for her and for the class of BBBY investors harmed by the alleged fraud.

7.     The accumulator contracts that my mother entered into were purchased over the counter and not privately negotiated.

8.     I understand the duties and responsibilities of a lead plaintiff under the PSLRA and I am committed to undertake them to the best of my ability and to serve as a fiduciary for the class in these actions.

I, Kavin Bakhda, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: _July 10, 2020_

DocuSigned by:

5A17B6626A4048F...

KAVIN BAKHDA

2