

55 Broadway, 10th Floor
New York, New York 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Eduard Korsinsky
ek@zlk.com

July 20, 2020

**VIA CM/ECF**

Hon. Madeline Cox Arleo
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:    *Vitiello v. Bed Bath & Beyond, Inc., et al.*
>         Docket No. 2:20-cv-04240-MCA-MAH

Dear Judge Arleo:

Our office represents Matthew Dass, a shareholder of Bed Bath & Beyond, Inc. ("Bed Bath & Beyond") with a motion currently pending before your Honor to be appointed as the lead plaintiff in this class action (Dkt. No. 17). Kavin Bakhda, who also filed a motion to be appointed as the lead plaintiff (Dkt. No. 19), submitted a factual declaration with his reply brief on July 13, 2020 purporting to justify the "assignment" of the claims he received from his mother, Ragini Dhanvantray (Dkt. No. 28-1). By way of this letter, Mr. Dass respectfully requests leave to file the attached sur-reply brief to respond to the declaration; alternatively, Mr. Dass asks that Mr. Bakhda's reply declaration be disregarded by the Court.

Mr. Bakhda's reply declaration introduces new facts and seeks conclusions to be drawn therefrom which did not appear in his opening motion papers or brief in opposition to Mr. Dass's motion. These facts include conclusory statements about: how and why he is representing his "parents" as the "point person" in this litigation; his "experience" overseeing attorneys; his "motive" to represent unnamed class members; and his mother's purchase of "accumulator contracts" through "over the counter" markets.

Had Mr. Bakhda timely submitted this declaration in support of his opening motion papers (or, for that matter, even with his opposition brief), Mr. Dass would have responded as follows. *First*, Mr. Bakhda's mother, as the true purchaser of the Bed Bath & Beyond securities and the assignor of the claims at hand, is the appropriate individual to explain why Mr. Bakhda is litigating these claims on her behalf. Mr. Bakhda's explanation relating to the "COVID pandemic" is self-serving, outside the scope of his personal knowledge, and otherwise constitutes impermissible hearsay. Similarly, Mr. Bakhda cannot speak to his mother's purchase of the "accumulator contracts," given that his mother was the one who purchased them.

*Second*, although Mr. Bakhda purports to have "all the motive in the world" to represent his mother's interests and "obtain the best possible recovery" for the class, he does not support that statement with any facts or explanation. Pursuant to the "assignment" he received from his mother, Mr. Bakhda is required to "remit any proceeds received as a result of [the] assignment"

Page 2 of 2
July 20, 2020

to his mother. Dkt. No. 19-5, p. 5. Thus, the Court, Mr. Dass, and the unnamed class at large are left guessing as to what Mr. Bakhda's motives are and, despite what he states in his declaration, whether those motives will endure during the pendency of the litigation. The Private Securities Litigation Reform Act of 1995 requires the lead plaintiff to not only have standing to pursue claims, but also have a "financial interest" in the litigation so as to ensure adequate representation of the class. A mother's appreciation or a son's desire to do a good deed, for example, do not qualify as a "financial interest." Consequently, Mr. Bakhda's declaration does not resolve the issue raised in detail by Mr. Dass in his motion papers.

_Third_, Mr. Bakhda claims "experience working with and overseeing attorneys" due to his role as a "Business Development Manager," but provides no additional detail. His claim in this regard raises more questions than it answers. Indeed, Mr. Bakhda's "LinkedIn" page indicates that he is employed by Rikvin Capital, a finance and lending company owned and managed by his mother, Ms. Dhanvantray, as its Chief Executive Officer. Presumably, if any of Mr. Bakhda's legal experience was relevant to the issues currently before the Court (as opposed to unrelated or irrelevant family legal matters), he would have elaborated in some capacity however minor.

"There is cause for concern where a movant presents new arguments or evidence for the first time in a . . . reply brief, particularly if the District Court intends to rely upon that new information in granting [the motion] to the movant." _Alston v. Forsyth_, 379 Fed. Appx. 126, 129 (3d Cir. 2010) (in context of summary judgment). "When a moving party advances in a reply new reasons and evidence in support of its motion . . . , the [opposing] party should be granted an opportunity to respond." _Id_. (quoting _Beaird v. Seagate Tech., Inc._, 145 F.3d 1159, 1164 (10th Cir. 1998)); _see also Perez v. Hexo Corp._, No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 32381, at *7-8 (S.D.N.Y. Feb. 25, 2020) (faulting lead plaintiff movant for failing to make evidentiary showing in opening motion papers).

For the foregoing reasons, Mr. Dass requests permission to file the attached proposed sur-reply brief or, in the alternative, that Mr. Bakhda's reply declaration and any arguments drawn therefrom be disregard by the Court.

Respectfully,

Levi & Korsinsky, LLP


By:    s/ Eduard Korsinsky
       Eduard Korsinsky

Encls.

cc:    All counsel of record via CM/ECF