**EXHIBIT G**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BED BATH & BEYOND INC., *et al.*, <br><br> Defendants. | No. 2:20-cv-04240-MCA-MAH |

## CONFIDENTIALITY AGREEMENT
## AND [PROPOSED] ORDER

This Confidentiality Agreement and [Proposed] Order (the "Agreement") is entered into in this putative class action (the "Action") as of October 25, 2021, between and among lead plaintiff Kavin Bakhda ("Lead Plaintiff"), Bernstein Liebhard LLP ("Lead Counsel"), defendants Bed Bath & Beyond Inc. ("BBBY"), Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia (collectively with BBBY, "Defendants"), and Proskauer Rose LLP ("Proskauer").[1]

WHEREAS, on April 14, 2020, the Action was filed against Defendants alleging violations of the Exchange Act; and

WHEREAS, on August 14, 2020, the Court appointed Lead Plaintiff as the lead plaintiff and Lead Counsel as the lead counsel in the Action pursuant to the provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

---

[1]    Unless otherwise specified, all capitalized terms shall have the definitions specified in the Settlement Agreement dated as of October 25, 2021 (the "Settlement Agreement").

WHEREAS, on October 20, 2020, Lead Plaintiff and additional named plaintiff Richard Lipka (collectively, "Plaintiffs") filed the amended Complaint in the Action; and

WHEREAS, on August 3 and 4, 2021, Plaintiffs and Defendants (the "Settling Parties") participated in two full days of mediation led by Jed D. Melnick, Esq., of JAMS, to try to resolve the Action; and

WHEREAS the Settling Parties have agreed to a proposed settlement of the Action, subject to various conditions, including Lead Plaintiff's conducting Due-Diligence Discovery and the Court's approval of the proposed Settlement; and

WHEREAS, solely for purposes of conducting Due-Diligence Discovery on the proposed Settlement, Lead Plaintiff has asked that Lead Counsel be given access to documents and information relating to the issues raised in the Complaint; and

WHEREAS Defendants seek and intend to preserve all objections to discovery in the Action and in any other actions or proceedings in any forum and to protect all applicable privileges and protections – including the attorney-client privilege and the attorney work-product protection – that might apply to such discovery materials;

NOW, THEREFORE, solely to advance Lead Plaintiff's Due-Diligence Discovery in evaluating the proposed Settlement, in consideration of the mutual promises and covenants made in this Agreement, with the intent to be legally bound by the terms of this Agreement, and understanding that the Court may enforce the terms of this Agreement, Lead Plaintiff, Lead Counsel, Defendants, and Proskauer agree as follows:

1.      All non-public documents, facts, opinions, estimates, and other information that are in or come into the possession of Lead Plaintiff or Lead Counsel solely from Defendants – including, without limitation, writings, drawings, graphs, charts, photographs, microfilm,

2

microfiche, drafts, deposition transcripts, non-identical copies of documents, and data compilations (including, without limitation, electronic or computerized data compilations) from which information can be obtained – and all non-public information (whether oral or written) that is contained in those materials or is otherwise provided to Lead Plaintiff or Lead Counsel under the terms of this Agreement, or otherwise becomes known to Lead Plaintiff or Lead Counsel solely from Defendants, shall be deemed to be "Settlement Information." Any notes or other writings in connection with Due-Diligence Discovery shall also be deemed to be Settlement Information that is subject to the terms of this Agreement, but shall remain in the possession, custody, or control of the Party or his, her, or its counsel who created such work-product or privileged material.

2.    Due-Diligence Discovery shall proceed for a period of 60 days from commencement (unless the Settling Parties agree to shorten the period), subject to reasonable extensions of time if necessary and agreed to by the Settling Parties. Documents will be made available to Lead Counsel in electronic form by electronic transfer or on physical media (*e.g.*, a hard drive).

3.    Only the following individuals ("Eligible Persons") shall be allowed access to Settlement Information:

a.    Lead Plaintiff;

b.    attorneys who are either partners in, or members or employees of, Lead Counsel, as well as non-attorney employees of Lead Counsel;

c.    any other attorneys whom Lead Counsel designates solely for purposes of reviewing the proposed settlement of the Action, and for no other purposes whatsoever;

3

d.    non-attorney employees of any other attorneys designated pursuant to paragraph 3.c above, necessary to assist Lead Counsel or any of those other attorneys in reviewing Settlement Information solely for purposes of assessing the proposed settlement of the Action;

e.    consultants or experts retained by Lead Counsel, or by any other attorneys designated pursuant to paragraph 3.c above, necessary to assist those attorneys in reviewing Settlement Information solely for purposes of assessing the proposed settlement of the Action, and whose identities shall not be disclosed to Defendants; *provided, however,* that, if the Action does not ultimately settle, and if litigation continues, the disclosure and discovery provisions of Fed. R. Civ. P. 26 and any Local Rules of Court governing experts will apply; and

f.    the Mediator who mediated the proposed settlement of the Action and who has ongoing responsibilities under the Settling Parties' proposed settlement, as well as employees of the Mediator.

4.    Except for Lead Counsel (including its employees) and the Mediator (including his assistants), any and all individuals given access to Settlement Information pursuant to paragraph 3 above shall, before being granted such access, be given a copy of this Agreement and agree, by executing the undertaking in the form attached as Exhibit A, to be subject to all of its terms. Lead Counsel and its employees agree to the terms of this Confidentiality Agreement without having to sign Exhibit A.

5.    Settlement Information shall be used solely for the purpose of conducting Due-Diligence Discovery and evaluating the proposed settlement of the Action, and for no other purpose whatsoever (including pursuing claims in the Action or in any other proceeding). All Eligible Persons allowed access to Settlement Information pursuant to paragraph 3 above shall

4

keep all Settlement Information strictly confidential and shall not disclose, disseminate, discuss, or otherwise publish such material or information in whole or in part, directly or indirectly, by any manner, method, or means whatsoever, to any other person, firm, or entity, including any media organization; nor shall they use any Settlement Information in connection with any purchase or sale of, or any other investment decision relating to, BBBY securities; *provided, however,* that:

a. Eligible Persons may discuss Settlement Information among themselves to the extent they deem appropriate and consistent with the terms of this Agreement;

b. Before any discussions take place regarding Settlement Information as provided in this paragraph 5, all prospective recipients of Settlement Information must be given a copy of this Agreement and agree, by executing the undertaking in the form attached as Exhibit A, to be bound by to its terms (except to the extent otherwise provided in paragraph 4 above); and

c. Nothing in this Agreement prevents Defendants or (with Defendants' consent) Proskauer from sharing Defendants' own Settlement Information as they deem appropriate.

6. Lead Counsel shall ensure that the undertakings required pursuant to paragraphs 4 and 5 above have been obtained and shall retain those undertakings (except to the extent that this Agreement otherwise requires).

7. If any Settlement Information is in a language other than English and Lead Counsel wishes to translate that material, Proskauer will make reasonable efforts to work with Lead Counsel to devise a method for obtaining translations at Lead Counsel's expense; *provided*

*however,* that Defendants and Proskauer shall not otherwise have any obligation to provide translations of Settlement Information.

8.     If any Eligible Person or any other person or entity given access to Settlement Information pursuant to this Agreement (collectively, the "Recipients") receives a request to produce Settlement Information by any means, including by subpoena, written interrogatories, or deposition, the recipient of such request (the "Receiving Party") shall give Proskauer immediate written notice of such request as provided in this Agreement, so that Defendants may take any appropriate measures (including seeking a protective order or attempting to quash such request) to oppose or limit disclosures, to require that disclosure be made under seal, or to seek any other available remedy.  Any Receiving Party shall not oppose any efforts by Defendants and/or their counsel to take whatever measures they deem appropriate to protect Settlement Information from disclosure; *provided, however*, that such Receiving Party (*i*) shall not be required to bring any motion, or join in any motion filed by Defendants or their counsel, to prevent disclosure of Settlement Information and (*ii*) shall be able to make any other arguments he, she, or it deems appropriate to the extent such arguments are not contrary to Defendants' or their counsel's arguments regarding disclosure.  If a protective order cannot be obtained, and if a Receiving Party is compelled by a court order to disclose Settlement Information, then such entity or individual shall disclose only such portion of such information that the court requires to be disclosed.  Any Receiving Party so compelled shall give Proskauer immediate written notice of the information to be disclosed as far in advance of its disclosure as is practicable and shall give Proskauer a duplicate production of all documents that are required to be disclosed; *provided, however,* that the Receiving Party need not include in that duplicate production any materials protected by the attorney work-product privilege or other applicable legal privilege.  If

6

Case 2:20-cv-04240-MCA-MAH Document 63-1 Filed 10/26/21 Page 7 of 12 PageID: 1233

Defendants seek to have the disclosed information filed under seal, the Receiving Party will cooperate with Defendants' efforts to do so.

9. If (*i*) after conducting its due diligence of the Settlement Information, Lead Plaintiff decides to terminate the proposed settlement, (*ii*) the proposed settlement is terminated for any other reason before being finally approved by the Court, or (*iii*) the proposed settlement is not approved by the Court (or by any appellate court), then Lead Plaintiff, Lead Counsel, and any other Recipient shall, within ten business days after being notified by Proskauer to do so, certify to Proskauer that such person or entity has destroyed all Settlement Information that has been provided, including copies of any such Settlement Information. In any of the circumstances described in this paragraph, Proskauer shall be deemed to have custody and control of all Settlement Information, including all Settlement Information duplicated for any reviewer; *provided, however,* that Proskauer will not be deemed to have custody or control over any attorney work product or other legally privileged material generated by any Recipient. If any Recipient creates any documents of any kind based on or related to Settlement Information, he, she, or it will collect and destroy all such documents and so certify in writing to Proskauer; *provided, however,* that such Recipient may keep copies of attorney work product or other legally privileged material that he, she, or it generated, provided that such material does not explicitly quote from or verbatim reflect Settlement Information.

10. If the Court approves the proposed Stipulation of Settlement and the Court's approval of the settlement becomes Final, the provisions of paragraph 9 concerning destruction of Settlement Information shall apply within ten business days after the settlement becomes Final. Any person or entity subject to paragraphs 9 and 10 shall provide Proskauer with a certification attesting to the destruction of such Settlement Information.

11.     Production of Settlement Information shall not be deemed to be, and neither Lead Plaintiff nor Lead Counsel (nor any other Recipient) will argue that such production is, (*i*) a general waiver of the attorney-client privilege, the attorney work-product doctrine, or any other potentially applicable privilege or protection (including for trade secrets or proprietary information), (*ii*) a specific waiver of any privilege or protection applicable to the documents or information being produced, or (*iii*) an admission or indication that the documents or information are relevant to, or would or should be discoverable in, the Action or in any other litigation or proceeding in any forum.

12.     Pursuant to Federal Rule of Evidence 502(d), the parties to this Agreement agree, and will ask the Court to so order by signing this Agreement, that the attorney-client privilege and attorney work-product protection are not waived in this Court, any other federal court, or any state court by production of Settlement Information in connection with Due-Diligence Discovery in this Action.

13.     If Defendants inadvertently make available as Settlement Information any materials that are privileged or otherwise protected, in whole or in part, under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or protection, such production shall in no way prejudice or otherwise constitute a waiver of any claim of privilege, immunity, or other protection.  Defendants may retrieve such inadvertently produced Settlement Information by giving Lead Counsel written notice of the privilege claim and the identity of the inadvertently produced materials promptly after learning or discovering that such inadvertent production has been made.  Upon receipt of such notice, Lead Counsel and any other Eligible Person who has received such Settlement Information shall promptly return (or, at BBBY's expense, destroy) any and all copies of the inadvertently produced materials.

8

Any Eligible Person who has received inadvertently produced Settlement Information may not use it, or any information gleaned from it, for any purpose.

14. If the proposed settlement of the Action is not approved, nothing in this Agreement shall preclude Plaintiffs from seeking the production of documents and information from Defendants pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court; *provided, however,* that, (*i*) without Defendants' express written agreement to the contrary, Plaintiffs shall not make discovery requests that refer directly to Settlement Information in any such request or in any proceeding relating to this Action or any other action or proceeding in any forum; (*ii*) Plaintiffs, Plaintiffs' Counsel, and any other Recipients shall not use any Settlement Information in any proceeding relating to this Action or any other action or proceeding in any forum, or in any other manner except to the extent such information is properly obtained through discovery in the course of the Action or any other action or proceeding and is used only to the extent permitted by the applicable court and rules; and (*iii*) Plaintiffs and any other Recipient shall not be able to use the fact that Lead Counsel or anyone else was allowed access to Settlement Information to argue that any such documents or information exist or should or must be disclosed.

15. If any Party needs to include Settlement Information in any filing with the Court, such Party will file such information under seal.

16. Defendants reserve all rights in this Action, and in any other pending or future proceeding, to object on any ground whatsoever to the production of any document included within Settlement Information.

17. Any violation of this Agreement may entitle Defendants to injunctive or other equitable relief as a remedy for the violation without proof of actual damages and without

9

limiting any other remedies that Defendants might have. In agreeing to be subject to the terms of this Agreement, Lead Plaintiff, Lead Counsel, and any other individuals allowed access to Settlement Information agree to submit to the jurisdiction of the Court in which this Action is pending for all matters concerning the enforcement of the terms of this Agreement.

18.     Any notice to Defendants required by this Agreement shall be addressed to the following:

> Jonathan E. Richman
> Julia D. Alonzo
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036
> (212) 969-3000
> jerichman@proskauer.com
> jalonzo@proskauer.com _ or by an Order of this Court

19.     Unless modified by the parties, this Agreement shall survive the final determination of, and shall remain in full force and effect after the conclusion of, all proceedings in, the Action. The Court in which the Action is pending shall have and retains jurisdiction to enforce and ensure compliance with its terms.

20.     Any waiver of or failure to enforce any term of this Agreement shall not constitute a waiver of any other term or a waiver in any other circumstance.

21.     This Agreement shall be governed by and construed in accordance with the laws of the State of New York, excluding its conflict-of-laws provisions.

22. This Agreement may be signed in counterparts, each of which shall constitute a duplicate original. Execution by facsimile shall be fully and legally binding.

Agreed to as of this 25th day of October, 2021.

23. This Order shall Not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

Stanley Bernstein
Laurence J. Hasson
Joseph R. Seidman, Jr.
Bernstein Liebhard LLP
10 East 40th Street
New York, New York 10016
(212) 779-1414
bernstein@bernlieb.com
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Plaintiffs and the Class*

Jonathan E. Richman
Julia D. Alonzo
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
jerichman@proskauer.com
jalonzo@proskauer.com

Victor Hou
Jared Gerber
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
vhou@cgsh.com
jgerber@cgsh.com

*Counsel for Defendants*

SO ORDERED this _____ day of _____, 2021

The Honorable Madeline Cox Arleo
United States District Judge

SO ORDERED

*s/Michael A. Hammer*
Michael A. Hammer, U.S.M.J.

Date: 10/27/21

11

**EXHIBIT G**

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEPHEN AND JUNE VITIELLO, Individually and on Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**BED BATH & BEYOND INC.,** *et al.,*<br><br>Defendants. | No. 2:20-cv-04240-MCA-MAH |

### UNDERTAKING REGARDING SETTLEMENT INFORMATION

I hereby attest that I have been provided with a copy of the attached Confidentiality Agreement and [Proposed] Order (the "Agreement") and that I understand that Settlement Information (as that term is defined in the Agreement) will be provided to me pursuant to all of the terms, conditions, and restrictions in the Agreement. Those terms, conditions, and restrictions include, among others, the requirement that Settlement Information be used only for purposes of evaluating the proposed settlement of the Action and for no other purpose, including in connection with litigating the Action or in connection with any other action or proceeding pending in any other court or forum (including arbitration).

I further attest that I have read the Agreement and that I understand that, by signing this Undertaking, I have agreed, as a condition to my receipt of Settlement Information, to be bound by the Agreement and all of its terms, including, without limitation, the Agreement's confidentiality provisions and the provisions stating that the Court in which the Action is pending shall have personal jurisdiction over me to enforce the terms of the Agreement.

I further agree and attest to my understanding that, if I should fail to abide by the terms of the Agreement, I may be subject to claims for damages and sanctions, including monetary sanctions and/or sanctions by way of contempt of court, for such failure.

I represent and warrant that I have not been, and am not now, an employee of, consultant to, or otherwise retained by or affiliated with, any competitor of Bed Bath & Beyond Inc.

_____        _____

125467128v5