**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEPHEN AND JUNE VITIELLO,** Individually and on Behalf of All Others Similarly Situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **BED BATH & BEYOND INC.,** *et al.*, <br><br> **Defendants.** | **No. 2:20-cv-04240-MCA-MAH** |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

WHEREAS Lead Plaintiff Kavin Bakhda, on behalf of himself and the Class (as defined below), additional named plaintiff Richard Lipka (collectively with Lead Plaintiff, "Plaintiffs"), and Defendants Bed Bath & Beyond Inc., Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia have entered into a Settlement Agreement,[1] which, if approved by the Court, would settle all Claims that have been, could have been, or could be asserted in this Action; and

WHEREAS Lead Plaintiff filed a motion pursuant to Fed. R. Civ. P. 23(e)(1) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") asking the Court to approve the proposed Settlement preliminarily, direct that notice of the proposed Settlement be provided to potential Class Members, and schedule a hearing for final approval of the proposed Settlement; and

---

[1]     To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.

00668722;V1

WHEREAS Lead Plaintiff attached the Settlement Agreement to the motion for preliminary approval; and

WHEREAS the Court has read and considered the Settlement Agreement and the Settling Parties' submissions; and

WHEREAS the proposed Settlement is subject to the Court's final approval at the Fairness Hearing to be held as discussed below;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    **Preliminary Findings on Proposed Settlement.**  The Court hereby finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the proposed Settlement evidenced by the Settlement Agreement as fair, reasonable, and adequate to the Class under Rule 23(e)(2), and thus the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of it to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement.  In making these findings for preliminary approval, the Court has considered a number of factors including those specified in Federal Rule of Civil Procedure 23(e)(2) and in *In re National Football League Players Concussion Injury Litigation*, 821 F.3d 410, 437 (3d Cir. 2016), including the adequacy of Lead Plaintiff's and Lead Counsel's representation of the Class, the arm's-length nature of the negotiations of the proposed Settlement, the adequacy of the relief to be provided to the Class, the equitable treatment of Class Members relative to each other, the nature of the Settling Parties' respective claims and defenses, the information available to the Settling Parties, and the allocation of the proposed settlement relief.  Based on those considerations, the Court preliminarily concludes that (*i*) the proposed Settlement appears to have resulted from serious,

informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel, under the auspices of an experienced mediator, and appears likely to be approved, and (*ii*) the terms and conditions of the Settlement Agreement do not have any obvious deficiencies and do not improperly grant preferential treatment to any individual Class Members.

2. **<u>Proposed Certification of Class Solely for Settlement Purposes</u>.** Solely for purposes of the proposed Settlement, the Settling Parties have stipulated to the certification of the following Class pursuant to Fed. R. Civ. P. 23(b)(3):  all persons and entities who purchased or otherwise acquired BBBY Common Stock during the period from September 4, 2019 through February 11, 2020, inclusive.  Excluded from the Class are:

a. such persons or entities who submit valid and timely requests for exclusion from the Class;

b. such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c. BBBY and (*i*) all officers and directors of BBBY during the Class Period (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), (*ii*) BBBY's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which BBBY or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subparts (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

3. **<u>Class Findings.</u>** The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class solely for purposes of the proposed Settlement.  The Court finds that, for settlement purposes, each element

required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and any other applicable laws (including the PSLRA) has been met or will likely be met:

a.      The Class appears to be ascertainable from business records and/or from objective criteria;

b.      The Class appears to be so numerous that joinder of all members would be impractical;

c.      Lead Plaintiff has alleged one or more questions of fact and law that appear to be common to all Class Members;

d.      Based on Lead Plaintiff's allegations that Defendants engaged in uniform conduct affecting all Class Members, Lead Plaintiff's claims appear to be typical of those of the other members of the Class;

e.      Lead Plaintiff appears to be capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiff's interests appear to be consistent with those of the other Class Members, (*ii*) Lead Counsel appears to be able and qualified to represent the Class, and (*iii*) Lead Plaintiff and Lead Counsel appear to have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.      For settlement purposes, questions of law and/or fact common to members of the Class appear to predominate over any such questions affecting only individual Class Members, and a class action appears to be superior to all other available methods for the fair and efficient resolution of the Action.  In making these preliminary findings for settlement purposes, the Court has considered, among other things, (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Class Members' interest in the fairness, reasonableness, and adequacy of

the proposed Settlement, (*iii*) the Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate actions, (*v*) the extent and nature of any litigation concerning the claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

4.    **Preliminary Certification of Class for Settlement Purposes.**  Based on the above findings, the Court preliminarily certifies the Class solely for purposes of the proposed Settlement pursuant to Fed. R. Civ. P. 23(b)(3).  This preliminary certification is made for the sole purpose of the potential consummation of the proposed settlement of the Action in accordance with the Settlement Agreement.  If the Court does not grant final approval of the proposed Settlement, or if the Court's approval of the Settlement does not become Final for any reason whatsoever or is modified in any material respect that is unacceptable to a Settling Party, this preliminary class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter arising out of the facts and circumstances that give rise to the Action.

5.    **Preliminary Certification of Lead Plaintiff as Class Representative and Appointment of Lead Counsel for Settlement Purposes.**  The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that, solely for purposes of the proposed Settlement, it will likely be able to certify Kavin Bakhda as the class representative for the Class and Bernstein Liebhard LLP as class counsel for the Class pursuant to Fed. R. Civ. P. 23(g).  The Court therefore preliminarily appoints Kavin Bakhda as the class representative for the Class and Bernstein Liebhard LLP as class counsel for the Class.

6.      Lead Counsel has the authority to enter into the proposed Settlement on behalf of the Class and is authorized to act on behalf of the Class Members as to all acts or consents that are required by or may be given pursuant to the Settlement Agreement or such other acts as are reasonably necessary to consummate the Settlement.

7.      **Fairness Hearing.**  Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Fairness Hearing on _____, 2022, at ___ _.m. ET (a date no fewer than 90 days following the Preliminary Approval Date), before the Honorable Madeline Cox Arleo, United States District Judge for the District of New Jersey, at the Martin Luther King Building & United States Courthouse, 50 Walnut Street, Courtroom MLK4A, Newark, NJ 07101, unless otherwise ordered.  The Court may approve the proposed Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Class.

8.      At the Fairness Hearing, the Court will consider, among other things:

a.      whether the Court should grant final certification of the Action as a class action for settlement purposes and grant final appointment of Lead Plaintiff as Class representative and Lead Counsel Bernstein Liebhard LLP as counsel for the Class;

b.      whether the Court should approve the proposed Settlement as fair, reasonable, and adequate;

c.      whether the Court should approve the proposed Plan of Allocation as fair and reasonable;

d.      whether an Approval Order and a Judgment, substantially in the forms attached to the Settlement Agreement as Exhibits B and C, respectively, should be entered

00668722;V1                                  6

dismissing the Action on the merits and with prejudice, and whether the Releases in the Settlement Agreement should be provided to the Releasees and Releasors;

e. whether the Court should enter a permanent injunction and bar orders as requested in the Settlement Agreement in the forms set out in the Approval Order, which is attached as Exhibit B to the Settlement Agreement;

f. whether the Court should approve Lead Counsel's application for an Attorneys' Fees and Expenses Award;

g. whether the Court should approve Lead Plaintiff's application for a PSLRA Award; and

h. any other matters relating to the approval and implementation of the Settlement Agreement that the Court may deem appropriate.

9. **Retention of Claims Administrator.** The Court approves Lead Plaintiff's selection of JND Legal Administration to serve as Claims Administrator. The Claims Administrator shall perform various tasks as directed by Lead Counsel, including: (*i*) printing the Individual Notice and Claim Form and mailing them to potential Class Members, (*ii*) arranging for publication of the Summary Notice, (*iii*) posting the Individual Notice, the Claim Form, and other documents relevant to the Settlement and the Action on a website for the Settlement, (*iv*) answering written inquiries from potential Class Members and/or forwarding such inquiries to Lead Counsel, (*v*) providing additional copies of the Individual Notice and Claim Form, upon request, to Nominees or potential Class Members, (*vi*) operating a toll-free telephone number with access to operators to answer inquiries from potential Class Members and/or to forward such inquiries to Lead Counsel, and training staff members and operators about the proposed Settlement and the Plan of Allocation, (*vii*) receiving and maintaining any

requests for exclusion from the Settlement from potential Class Members, (*viii*) receiving and processing Claim Forms from Class Members, (*ix*) mailing or causing to be mailed to Authorized Claimants their distributions under the Plan of Allocation, and (*x*) otherwise administering and implementing the Settlement Agreement.  The costs incurred by or attributed to the Class Administrator shall be paid out of the Settlement Amount in the Escrow Account.

10.    **Notice to Class Members.**  The Court hereby approves, as to form and content, the Individual Notice, Claim Form, and Summary Notice annexed to the Settlement Agreement as Exhibits D, F, and E, respectively.  The Court finds that the Individual Notice, Claim Form, and Summary Notice will sufficiently inform potential Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Class, and of each Class Member's right and opportunity to object to the proposed Settlement.  The Court further finds that the mailing and distribution of the Individual Notice and Claim Form and the publication of the Summary Notice substantially in the manner and form set forth in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to such notice.

11.    Lead Counsel and Defendants' Counsel are authorized to pay from the Settlement Amount the Notice and Administrative Expenses incurred before the Final Settlement Date.

12.    BBBY shall make reasonable efforts to provide or cause its transfer agent(s) to provide to the Claims Administrator, by no later than five (5) Business Days following entry of this Order, lists of all persons and entities that purchased BBBY Common Stock during the Class Period, so that the Claims Administrator can provide notice to such

potential Class Members.  To the extent practicable, the shareholder lists shall be in electronic form (such as Excel) and shall contain the names and addresses (and email addresses, if available) of all potential Class Members who can be identified through reasonable efforts from BBBY's and/or its transfer agents' records.

13.    By no later than sixty (60) calendar days before the deadline for objecting to or requesting exclusion from the proposed Settlement as set forth in this Order, the Claims Administrator shall mail or cause to be mailed the Individual Notice and the Claim Form, substantially in the forms annexed to the Settlement Agreement as Exhibits D and F, respectively, by first-class mail, postage prepaid or by email, to all potential Class Members at the addresses set forth in the records that BBBY provided or caused to be provided or at the last-known address of each such person or entity, or who are identified through further reasonable efforts.

14.    By no later than fifty (50) calendar days before the deadline for objecting to or requesting exclusion from the proposed Settlement, the Claims Administrator shall cause the Summary Notice (substantially in the form annexed to the Settlement Agreement as Exhibit E) to be published one time in each of *The Wall Street Journal* and *Investor's Business Daily*, as well as on *PRNewswire.*

15.    The Claims Administrator shall also cause copies of the Individual Notice and Claim Form (collectively, the "Notice Packet") to be mailed as soon as practicable to persons who assert, in response to the Summary Notice or otherwise, that they are potential Class Members.

16.    If any Notice Packets are returned to the Claims Administrator with updated addresses, or if updated addresses are otherwise reasonably available, the Claims Administrator shall remail such Notice Packets to the updated addresses.

17.    The Claims Administrator shall cause a website to be established so that potential Class Members can find information relating to the Action and the proposed Settlement.  The website shall contain, among other things, copies of (*i*) the Individual Notice, including the Plan of Allocation, (*ii*) the Claim Form, (*iii*) the Summary Notice, (*iv*) the Settlement Agreement (including the exhibits), (*v*) motions for approval of the proposed Settlement, and any responsive papers, (*vi*) Lead Counsel's motion for an Attorneys' Fees and Expenses Award, and any responsive papers, (*vii*) Lead Plaintiff's motion for a PSLRA Award, and any responsive papers, (*viii*) the Amended Complaint, (*ix*) this Order and any subsequent Orders concerning the proposed Settlement and the Fairness Hearing, (*x*) the full briefing on Defendants' motion to dismiss the Amended Complaint (which motion has been administratively terminated), and (*xi*) such other materials as Lead Counsel determines should be posted.

18.    The Claims Administrator and/or Lead Counsel shall make reasonable efforts to identify all persons who are potential Class Members, including beneficial owners whose BBBY Common Stock is or was held by banks, brokerage firms, depository institutions, or other nominees.  Nominees who purchased or otherwise acquired BBBY Common Stock during the Class Period for the benefit of another person or entity are directed to, within fourteen (14) days after receipt of the Notice Packet, either (*i*) request from the Claims Administrator additional copies of the Notice Packet for distribution to those beneficial owners or (*ii*) send a list of the names and addresses (and email addresses, if available) of such beneficial owners to the Claims Administrator.  If a Nominee elects to send the Notice Packet to beneficial owners, such

Nominee is directed to mail the Notice Packet within fourteen (14) days after receipt of the copies of those documents from the Claims Administrator. Upon making such mailing, the Nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the Nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Order, including the timely mailing of the Notice Packet to beneficial owners, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of Notice Packet. Such properly documented reasonable expenses incurred by Nominees in compliance with the terms of this Order shall be treated as Notice and Administrative Expenses and paid consistent with paragraph 11 above and paragraph 22 below.

19.    **CAFA Notice.** As provided in the Settlement Agreement, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement has been filed with the Court. BBBY shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

20.    The Settling Parties and their counsel may by agreement effect any amendments to or modifications of the proposed Individual Notice, the Summary Notice, the Claim Form, and the Plan of Allocation without notice to or approval by the Court if such

changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

21.     At least seven (7) days before the Fairness Hearing, Lead Counsel and/or the Claims Administrator shall serve and file with the Court proof by affidavit or declaration of the mailing of the Individual Notice, the publication of the Summary Notice, and the posting of the various materials on the Claims Administrator's website, all as required by this Order.

22.     **Notice and Administrative Costs and Taxes.**  Without further order of the Court, (*i*) as set out above, Notice and Administrative Expenses (other than the CAFA notice expenses) will be paid, consistent with the terms of the Settlement Agreement, out of the Escrow Account, and (*ii*) Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or concerning the Settlement Amount and other monies in the Escrow Account, to cause any Tax Expenses due and owing to be paid from the funds in the Escrow Account, and to otherwise perform all obligations as to Tax Expenses and any reporting or filings relating to them as contemplated by the Settlement Agreement.

23.     **Filing of Claims.**  To be entitled to participate in recovery from the Net Settlement Amount, each Class Member shall take the following actions and be subject to the following conditions:

a.     A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the address identified in the Claim Form, postmarked or received no later than the date stated in the Claim Form (which date shall be one hundred twenty (120) days after the date of this Order).  Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided that such Claim is actually received before

the filing of a motion for an Order of the Court approving distribution of the Net Settlement Amount. Any Claim Form submitted in any other manner shall be deemed to have been submitted on the date that the Claims Administrator actually receives it at the address designated in the Claim Form.

b. The Claim Form submitted by each Class Member must satisfy the following conditions: (*i*) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (*ii*) it must be accompanied by adequate supporting documentation for the reported transactions, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation that the Claims Administrator or Lead Counsel deems adequate; (*iii*) if the person executing the Claim Form is acting in a representative capacity for the Class Member, such person must provide with the Claim Form a certification of his, her, or its current authority to act on behalf of the Class Member; and (*iv*) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter in the form and must be signed under penalty of perjury.

c. Upon receipt of a timely submitted Claim Form, the Claims Administrator shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter, as appropriate, describing the basis for the determination and giving the claimant an opportunity to remedy any potentially curable deficiencies. Claimants who timely submit Claim Forms that are deficient or otherwise rejected shall be afforded a reasonable time to cure any deficiency that appears to be potentially curable.

d.      All claimants shall submit to the jurisdiction of the Court for all matters concerning the filing of and determinations concerning their Claim Forms.

24.      **Exclusion from Class.**  All potential Class Members who wish to exclude themselves from the Class must submit timely, written requests for exclusion to the Claims Administrator at the address set out in the Individual Notice.  The exclusion request must include the following information:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) a statement that the potential Class Member wishes to request exclusion from the Class in *Vitiello v. Bed Bath & Beyond Inc.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.), (*vi*) the number of shares of BBBY Common Stock held as of opening of trading on September 4, 2019 and purchased or otherwise acquired and/or sold through close of trading on May 11, 2020, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*viii*) the date of each such transaction involving each such security, and (*ix*) the signature of the person or entity requesting exclusion or of an authorized representative.

25.      To be valid, any request for exclusion must be in writing, must contain all the information required by this Order and must be received by the Claims Administrator no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

26.      If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion from the Class (and all Releasors related to each such Class Member) shall be bound by the Releases in the Settlement Agreement and by all proceedings, orders, and judgments in the Action, whether favorable or unfavorable, even if he, she, or it has pending or subsequently initiates any litigation, arbitration, or other

proceeding, or has any other Claim, against any or all of the Releasees relating to any of the Released Class Claims.

27.     At or before the Fairness Hearing, the Settling Parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Class. Persons requesting exclusion from the Class shall not be entitled to receive any payment in connection with the proposed Settlement.

28.     **Objections.** Any Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, including to any terms of the Settlement Agreement, to the Plan of Allocation, and/or to the applications for an Attorneys' Fees and Expenses Award and/or a PSLRA Award, must serve on Lead Counsel and Defendants' Counsel and file with the Court a statement of his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection, and shall state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.

29.     Each objection must include the name and docket number of this case (as set out at the top of this Order) and, in addition to the reason(s) for the objection, must also include the following information about the Class Member: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number of shares of BBBY Common Stock held as of opening of trading on September 4, 2019 and purchased or otherwise acquired and/or sold through close of trading on May 11, 2020, (*vi*) price(s) paid or value at receipt, and, if sold, the

sales price(s), (*vii*) the date of each such transaction involving each such security, and

(*viii*) account statements verifying all such transactions.

30.    All such objections must be received by the Court and by Lead Counsel

and Defendants' Counsel by no later than twenty-eight (28) days before the date of the Fairness

Hearing as initially set out by the Court in this Order.  Objections must be (*i*) sent or delivered to

the following addresses:

      a.    The Court:

          Clerk of Court
          United States District Court for the District of New Jersey
          Martin Luther King Building & United States Courthouse
          50 Walnut Street
          Newark, NJ 07101

      b.    Lead Counsel:

          Stanley Bernstein
          Laurence J. Hasson
          Joseph R. Seidman, Jr.
          Bernstein Liebhard LLP
          10 East 40th Street
          New York, NY 10016

      c.    Defendants' Counsel:

          Jonathan E. Richman
          Julia D. Alonzo
          Proskauer Rose LLP
          Eleven Times Square
          New York, NY 10036-8299

***and*** (*ii*) emailed to bbbyinformation@bernlieb.com and jerichman@proskauer.com.

31.    If a Class Member hires an attorney (at his, her, or its own expense) to

represent him, her, or it for purposes of objecting, such attorney must serve a notice of

appearance on Lead Counsel and Defendants' Counsel and file it with the Court (at the addresses

set out above) so that it is received by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

32.    Any Class Member who does not make an objection in the time and manner provided in the Individual Notice and this Order shall be deemed to have waived such objection, shall be bound by the terms of the Settlement Agreement and the Approval Order and Judgment, and shall be foreclosed forever from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, unless otherwise allowed by the Court.

33.    Potential Class Members who exclude themselves from the proposed Settlement and the Class are not entitled to object to the proposed Settlement or to appear at the Fairness Hearing.

34.    **Appearance at the Fairness Hearing.**  Any Class Member may appear at the Fairness Hearing either directly or through counsel retained at the Class Member's expense to address the fairness, reasonableness, or adequacy of any aspect of the proposed Settlement. Class Members or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear, setting forth, among other things, the name, address, telephone number, and e-mail address (if available) of the Class Member (and, if applicable, of the Class Member's attorney).  Such notice of intention to appear must be served on Lead Counsel and Defendants' Counsel and filed with the Court (at the addresses set out above) so that it is received by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.  Any Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.  It is within the Court's discretion to allow appearances at the Fairness Hearing either in person or by telephone.

35.     Any Class Member who wishes to appear at the Fairness Hearing in order to object to the proposed Settlement, proposed Plan of Allocation, Attorneys' Fees and Expenses Application, and/or the PSLRA Award Application must also comply with the provisions of paragraphs 28 through 33 above.

36.     **Preliminary Injunction.**  Pending final determination of whether the proposed Settlement should be approved, the Court orders as follows:

a.     Plaintiffs and all other Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims;

b.     All persons and entities are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims; and

c.      All Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities, are preliminarily enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Released Releasees' Claims.

37.      **Communications with Class Members.**  Releasees shall maintain the right to communicate orally and in writing with BBBY's shareholders (including potential Class Members) in the normal course of business.  To the extent that any such communications relate to the Action or the proposed Settlement, such communications shall be limited to the following:

a.      Communications between potential Class Members and those Releasees' representatives whose responsibilities include investor relations;

b.      Communications as may be necessary to implement the terms of the Settlement; and

c.      Such communications as may be made in the conduct of the Releasees' business, including to comply with any applicable regulatory or listing requirements.

38.      **Filing of Papers.**  All papers in support of the proposed Settlement shall be filed and served as set forth below:

a.      Any motions for final approval of the proposed Settlement and Plan of Allocation and/or any motions for an Attorneys' Fees and Expenses Award and/or a PSLRA Award must be filed by no later than thirty-five (35) days before the date of the Fairness Hearing as initially set by the Court in this Order.

b.      Any oppositions to any motions for final approval of the proposed Settlement or the Plan of Allocation, and/or for an Attorneys' Fees and Expenses Award and/or a PSLRA Award, must be filed with the Court and received by Lead Counsel and Defendants'

Counsel, at the addresses and email addresses set out above, by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

c.      Any reply papers in support of final approval of the proposed Settlement, the Plan of Allocation, and/or an Attorneys' Fees and Expenses Award and/or PSLRA Award, and any responses to objections submitted pursuant to paragraph 28 or oppositions submitted pursuant to paragraph 38.b, must be filed and served by no later than seven (7) days before the date of the Fairness Hearing as initially set by the Court in this Order.

39.     **Qualified Settlement Fund.**  The Escrow Account into which the Settlement Amount will be paid shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-5.

40.     **Confidentiality Agreement.**  The Confidentiality Agreement annexed as Exhibit G to the Stipulation of Settlement is hereby incorporated into this Order, and any breach of the Confidentiality Agreement shall be deemed a breach of a court order.  Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that any disclosures made pursuant to the Confidentiality Agreement shall not constitute a waiver of privilege or other protection in any federal or state proceeding.

41.     **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement or (*ii*) the proposed Settlement is terminated in accordance with the terms of the Settlement Agreement or does not become effective as required by its terms for any other reason; *provided, however*, that paragraph 40 of this Order (concerning

the Confidentiality Agreement) shall remain in effect even if the rest of this Order becomes null and void pursuant to this paragraph 41. In such event, the Settlement Agreement shall become null and void and of no further force and effect in accordance with its terms, and it shall not be used or referred to for any purpose whatsoever except as set out in Section XV of the Settlement Agreement.

42. **Use of Order.** This Order (except for paragraph 40) shall be of no force or effect if the proposed Settlement does not become Final. This Order shall not be construed or used as an admission, concession, or declaration by or against the Releasees of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or any other Class Member that his, her, or its claims lack merit or that the relief requested in the Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims that he, she, or it might have.

43. **Sharing of Papers.** Plaintiffs' Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

44. **Potential Change in or Continuance of Fairness Hearing.** The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to potential Class Members. The Court may decide to hold the Fairness Hearing telephonically or by videoconference without further notice to the Class. Any Class Member (or his, her, or its counsel) who wishes to appear at the Fairness Hearing should consult the Court's calendar and/or the Claims Administrator's website for any change in date, time, or format of the hearing.

45. **Retention of Jurisdiction.** The Court retains jurisdiction to consider all

further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 202_

_____
The Honorable Madeline Cox Arleo
United States District Judge

125214791v4