**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEPHEN AND JUNE VITIELLO,** Individually and on Behalf of All Others Similarly Situated,<br><br>                  **Plaintiffs,**<br><br>    **v.**<br><br>**BED BATH & BEYOND INC.**, *et al.*,<br><br>                  **Defendants.** | **No. 2:20-cv-04240-MCA-MAH** |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**This notice is about the proposed settlement of a securities class action against Bed Bath & Beyond Inc.  You might be a member of the class in that lawsuit, and you might be eligible to receive money under the proposed settlement.**

NOTICE OF PENDENCY OF CLASS ACTION:  Your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of New Jersey (the "Court") if you purchased or otherwise acquired common stock of Bed Bath & Beyond Inc. ("BBBY" or the "Company") during the period from September 4, 2019 through February 11, 2020, inclusive (the "Class Period").[1]

NOTICE OF SETTLEMENT:  The Court-appointed Lead Plaintiff, Kavin Bakhda (the "Lead Plaintiff"), on behalf of himself and the Class (as defined in ¶ 21 below), has reached a proposed settlement of the Action for $7,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

---

[1]    All capitalized terms not otherwise defined in this Notice have the meanings given to them in the Settlement Agreement dated October 25, 2021.  The Settlement Agreement is available at [website].

00668757;V1

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please contact Lead Counsel or the Claims Administrator (*see* ¶ 71 below). Please DO NOT contact the Court, BBBY, the other Defendants in the Action, or their lawyers.**

1. **Description of the Action and the Class:** This Notice concerns a proposed settlement of claims in a securities class action brought by investors alleging that BBBY and certain BBBY executives (collectively, the "Defendants") violated the federal securities laws by making false and misleading statements about BBBY's business. The claims are described in more detail in ¶¶ 11-14 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 21 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for $7,000,000 in cash (the "Settlement Amount"), which will be deposited into an escrow account. The Net Settlement Amount (meaning the Settlement Amount plus any and all interest earned on it (the "Settlement Fund") less (i) any Tax Expenses; (ii) any Notice and Administrative Expenses; and (iii) any attorneys' fees and expenses awarded by the Court, including any award for the costs and expenses of Lead Plaintiff, will be distributed in accordance with a Plan of Allocation approved by the Court. The proposed Plan of Allocation is set forth in ¶¶ 50-55 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of BBBY common stock that were purchased during the Class Period and might have been affected by the conduct at issue in the Action, and assuming that all Class Members choose to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described in this Notice) is $.082 per affected share. If the Court approves the fee and expense applications (discussed below), the average recovery would be approximately $.056 per allegedly damaged share. Those numbers, however, are only estimates. Some Class Members might recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares, and the total number and value of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation described below (*see* ¶¶ 50-55 below) or such other Plan of Allocation as the Court might order.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of BBBY common stock that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with Lead Plaintiff's claim that they violated the federal securities laws or that any Class Members suffered any damages as a result of Defendants' alleged conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel have been prosecuting the Action on a wholly contingent basis and have not received any payment of attorneys' fees for their representation of the Class. They also have advanced the funds to pay expenses necessary

to prosecute this Action.[2]  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund.  Lead Counsel also will apply for payment of expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $100,000.  In addition, Lead Plaintiff will apply for payment of the reasonable costs and expenses he incurred directly related to his representation of the Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in an amount not to exceed $5,000.  Any fees and expenses that the Court awards to Plaintiffs' Counsel and Lead Plaintiff will be paid from the Settlement Fund.  Class Members will not be personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application and Lead Plaintiff's application for a PSLRA Award, is $.026 per affected share.

6. **Identification of Attorneys' Representatives**:  Lead Plaintiff and the Class are represented by Laurence J. Hasson and Joseph R. Seidman, Jr., of Bernstein Liebhard LLP, 10 East 40th Street, New York, NY 10016, (212) 779-1414, lhasson@bernlieb.com, seidman@bernlieb.com.

7. **Reasons for the Settlement**:  Plaintiffs' main reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk and delays inherent in further litigation.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery – or perhaps no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  That process could last several years.  Defendants deny all allegations of wrongdoing and have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court, and you will give up any Released Class Claims (defined in ¶ 21 below) that you might have against Defendants and the other Releasees (defined in ¶ 35 below).  So if you remain in the Class, it is in your interest to submit a Claim Form. |

---

[2]    Plaintiffs' Counsel include Court-appointed Lead Counsel, Bernstein Liebhard LLP ("Lead Counsel"), the Law Offices of Jan Meyer & Associates, P.C. as Liaison Counsel for Plaintiffs and the Class, and additional counsel Pomerantz LLP.

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IS _RECEIVED_ NO LATER THAN _____, 2022.** | You can exclude yourself from the Class.  If you do so, you will not be eligible to receive any payment from the Settlement Fund.  Submitting a timely and valid exclusion request is the only way ever to be part of any other lawsuit against any of the Defendants or the other Releasees concerning the Released Class Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION THAT IS _RECEIVED_ NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses, or the proposed award to Lead Plaintiff, you may write to the Court and explain what you do not like.  You cannot object to any of those matters unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2022 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR THAT IS _RECEIVED_ NO LATER THAN _____, 2022.** | If you file a written objection and notice of intention to appear by _____, 2022, you may speak in Court, at the Court's discretion, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses or the award to Lead Plaintiff.  However, you do not need to attend the hearing and speak to the Court if you prefer to object only in writing.  The Court may change the date of the Fairness Hearing and may also order the Hearing to be held by telephone or videoconference, in which case instructions about date, time, and how to participate will be posted on [website] |
| **DO NOTHING.** | If you are a member of the Class, but you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ..................................... Page [__]
What Is This Case About? ..................................... Page [__]
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class? ..................................... Page [__]
What Are Lead Plaintiff's Reasons For The Settlement? ..................................... Page [__]
What Might Happen If There Were No Settlement? ..................................... Page [__]
How Are Class Members Affected By The Action And The Settlement? ..................................... Page [__]
How Do I Participate In The Settlement?  What Do I Need To Do? ..................................... Page [__]

00668757;V1                                        4

How Much Will My Payment Be?                                                Page [__]
What Payment Are The Attorneys For The Class Seeking?
   How Will The Lawyers Be Paid?                                           Page [__]
What If I Do Not Want To Be A Member Of The Class?
   How Do I Exclude Myself?                                                Page [__]
When And Where Will The Court Decide Whether To Approve The
   Settlement?  Do I Have To Participate in The Hearing?  May I Speak At
   The Hearing If I Don't Like The Settlement?                            Page [__]
What If I Bought Shares On Someone Else's Behalf?                           Page [__]
Can I See The Court File?  Whom Should I Contact If I Have
   Questions?                                                              Page [__]

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired BBBY common stock during the Class Period.  You therefore might be a Class Member in this Action, so you have a right to know about your options before the Court rules on the proposed Settlement.  You also have the right to understand how this class action may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation, the Claims Administrator selected by Lead Plaintiff and approved by the Court will make settlement payments after any objections and appeals have been resolved.

9. This Notice is to inform you of the existence of this case and explain that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  The Notice also informs you of the terms of the proposed Settlement, your right to object to it, and a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and litigation expenses, and Lead Plaintiff's application for an award of costs (the "Fairness Hearing").  *See* ¶¶ 61-69 below for details about the Fairness Hearing.

10. The issuance of this Notice does not reflect any opinion by the Court about the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a Plan of Allocation, payments to Authorized Claimants will be made after any appeals have been resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. Bed Bath & Beyond Inc. ("BBBY") is a large retailer of household merchandise and home furnishings.  BBBY's common stock trades on the NASDAQ exchange under the symbol "BBBY."  Lead Plaintiff and additional named plaintiff Richard Lipka (collectively, "Plaintiffs") allege that Defendants made false and misleading statements to investors about BBBY's plan to reduce its inventory going into the 2019 holiday season and about the Company's inventory-

management programs, practices, and software. Plaintiffs allege that the inventory-reduction program risked undercutting BBBY's sales and profits, but that Defendants did not disclose those risks and then downplayed them as they started to materialize. Plaintiffs contend that BBBY's stock price was inflated during the Class Period. Defendants deny those allegations.

12. On April 14, 2020, Stephen and June Vitiello filed a class-action complaint in the United States District Court for the District of New Jersey (the "Court"), asserting federal securities-law claims against BBBY and certain of its executive officers.

13. On August 14, 2020, the Court appointed Kavin Bakhda as Lead Plaintiff for the Action and approved Lead Plaintiff's selection of Bernstein Liebhard LLP as Lead Counsel.

14. On October 20, 2020, Lead Plaintiff and additional plaintiff Lipka filed their Amended Class Action Complaint (the "Complaint"). The Complaint asserted claims against BBBY and three of its current or former officers (Mark J. Tritton, the Company's Chief Executive Officer, Mary A. Winston, the Company's former Interim Chief Executive Officer, and Robyn M. D'Elia, the Company's former Chief Financial Officer) under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5, and against the individual defendants under Section 20(a) of the Exchange Act. The Complaint alleged that Defendants had made materially false and misleading statements during the Class Period about: (*i*) BBBY's management of inventory, including its use of promotions and markdowns to reduce inventory during the Class Period; (*ii*) BBBY's use of inventory, sales, and pricing programs in connection with its inventory-reduction program; (*iii*) BBBY's changes to its management positions and structure; and (*iv*) BBBY's financial guidance, projections, and earnings expectations. The Complaint further alleged that BBBY's stock price was artificially inflated during the Class Period because of Defendants' allegedly false and misleading statements and omissions, and that the stock price declined when the truth was revealed in January and February 2020. Defendants deny those allegations.

15. On December 21, 2020, Defendants moved to dismiss the Complaint. Plaintiffs opposed Defendants' motion on February 12, 2021, and Defendants filed their reply on March 15, 2021.

16. After the motion to dismiss had been fully briefed, Plaintiffs and Defendants (the "Parties") discussed the possibility of trying to resolve the Action, and they agreed to mediate the case before Jed D. Melnick, Esq., of JAMS (the "Mediator"). Defendants informed the Court that the Parties had agreed to engage in mediation to try to resolve the Action, and the Court then administratively terminated Defendants' pending motion to dismiss without ruling on it, subject to reinstatement if the mediation did not succeed.

17. The Parties provided the Mediator with the full briefing on Defendants' motion to dismiss, as well as additional confidential mediation statements. They then held two full-day mediation sessions with the Mediator on August 3 and 4, 2021. During the mediation sessions, the Parties engaged in vigorous negotiations with the assistance of the Mediator, and, at the end of the second day, they reached an agreement in principle to settle the Action for $7,000,000, based on a recommendation by the Mediator. The Settling Parties then signed a Term Sheet setting forth their agreement in principle, which was subject to certain terms and conditions,

including execution of a formal Settlement Agreement, Plaintiffs' completion of Due-Diligence Discovery, and approval by the Court.

18. On October 25, 2021 the Parties entered into the Settlement Agreement, which contains the complete terms and conditions of the Settlement.  The Settlement Agreement is available at [website].  You should read it if you want a full understanding of its terms.

19. The proposed Settlement was subject to Plaintiffs' completion of Due-Diligence Discovery to confirm the Settlement's fairness.  In connection with that Due-Diligence Discovery, BBBY gave Lead Plaintiff documents and information relating to the allegations in the Complaint.  Lead Plaintiff was entitled to terminate the Settlement before seeking Court approval if the information produced during Due-Diligence Discovery caused Lead Plaintiff and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement was not fair, reasonable, and adequate.  After reviewing the Due-Diligence Discovery, Lead Plaintiff and Plaintiffs' Counsel chose to proceed with the Settlement and submit it to the Court for approval.

20. On _____, the Court preliminarily approved the Settlement, authorized Lead Plaintiff to have this Notice sent to potential Class Members, and scheduled the Fairness Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

---

21. If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded from it.  The Class consists of:

all persons or entities who purchased or otherwise acquired BBBY common stock during the period from September 4, 2019 through February 11, 2020, inclusive (the "Class Period").

Excluded from the Class are:

a.  such persons or entities who submit valid and timely requests for exclusion from the Class (for information on how to submit a request for exclusion, see "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?" on page __ below);

b.  such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees (defined below in ¶ 35) arising out of or related to the Released Class Claims (defined below in ¶ 34); and

c.  BBBY and (*i*) all officers and directors of BBBY during the Class Period (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), (*ii*) BBBY's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which BBBY or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*) and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

**PLEASE NOTE:  Receipt of this Notice does not mean you are a Class Member or will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you must submit the Claim Form that is being distributed with this Notice, as well as the required supporting documentation described in the Claim Form, postmarked no later than _____, 2022.**

| |
|---|
| **WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?** |

22. Lead Plaintiff and Lead Counsel believe that their claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue those claims through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  First, Lead Plaintiff faced substantial risks from Defendants' motion to dismiss.  That motion was pending when the Parties reached an agreement in principle to settle the action.  Defendants' motion argued that Defendants' statements about BBBY's inventory management and financial results were not materially false or misleading and that, in any event, Defendants had not made those statements with knowledge of any alleged falsity. Lead Plaintiff opposed Defendants' motion to dismiss and believes that the motion lacks merit, but Lead Plaintiff recognizes that there was a meaningful risk that Defendants could have persuaded the Court to dismiss the Action.

23. Second, even if the Complaint would have survived Defendants' motion to dismiss, Lead Plaintiff would have faced substantial challenges in developing facts to survive summary judgment or establish Defendants' liability at trial.  Lead Plaintiff would have faced challenges showing that Defendants' statements about BBBY's financial guidance and goals for the 2019 holiday season were materially false and misleading.  Defendants likely would have contended that the statements were factually true.  In addition, Defendants likely would have continued to argue that many of the statements about inventory levels and preparations for the 2019 holiday season were corporate optimism or puffery, and therefore non-actionable.  Lead Plaintiff also would have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements.

24. Third, Lead Plaintiff would have faced hurdles in establishing "loss causation" – *i.e.*, that the alleged misstatements caused investors' losses – and in proving damages.  This case would have presented complicated issues relating to loss causation and damages because the Class Period ended immediately before the COVID-19 pandemic started to impose large financial losses on many sectors of the worldwide economy, leading to widespread declines in stock prices.  Defendants would likely have argued that at least some part of any losses suffered by Class Members resulted from the effects of the pandemic, rather than from the statements alleged in the Complaint.  Thus, Lead Plaintiff faced significant risks in continuing to pursue the Action.

25. In light of those risks and others, the amount of the Settlement, the immediacy of recovery to the Class, and the satisfactory completion of Due-Diligence Discovery, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement

00668757;V1                                          8

provides a substantial benefit to the Class, namely $7,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after motions to dismiss, summary judgment, trial, and appeals, possibly years in the future.

26. Defendants have denied the claims asserted against them and deny that the Class was harmed or suffered any damages from the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  The Settlement therefore may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27.  If there were no Settlement, and if Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

28. As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You do not need to hire your own lawyer, but, if you do so, he or she must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

29. If you are a Class Member and do not wish to remain in the Class, you may exclude yourself from the Class by following the instructions in the section titled "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," below.

30. If you are a Class Member and wish to object to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiff's application for a PSLRA Award, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section titled "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31. If you are a Class Member and do not exclude yourself from the Class, you will be bound by any orders issued by the Court even if you have pending or later file any claim or lawsuit against the Releasees (as defined in ¶ 35 below) relating to the Released Class Claims (as defined in ¶ 34 below).

32. If the Settlement is approved, the Court will enter a judgment (the "Judgment") and a final approval order (the "Approval Order").  The Judgment and Approval Order will dismiss with prejudice the claims against Defendants and will provide that, on and after the Final

00668757;V1                                    9

Settlement Date, Lead Plaintiff and each of the other Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

    a.   all Released Class Claims (as defined in ¶ 35 below) against each and every one of the Releasees as (defined in ¶ 34 below);

    b.   all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

    c.   all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

33. In addition, the Judgment and Approval Order will contain an injunction providing that:

    a.   all Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims; and

    b.   all persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims.

34. "Released Class Claims" means each and every Claim that existed as of, on, or before the Execution Date and that Plaintiffs or any other Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in the Complaint) or (*ii*) could have asserted or could assert against any of the Releasees in connection with or relating directly or indirectly to any of the Operative Facts or any alleged statements about, mischaracterizations of, or omissions concerning them, whether arising under any federal, state, or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or other forum, if such Claim also arises out of or relates to the purchase or other acquisition of BBBY Common Stock, or to any other Investment Decision, during the Class Period; *provided*, *however*, that the term "Released Class Claims" does not include (and will not release or impair) (*i*) any claims asserted in any action under the Employee Retirement Income Security Act of 1974; (*ii*) any claims asserted in any shareholder derivative action on behalf of BBBY, including without limitation the claims asserted in the Derivative Actions; or (*iii*) any claims to enforce this Settlement Agreement.

35. "Releasees" means BBBY, its affiliates, and their current and former officers (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and other certain persons and entities affiliated with or related to them. The full definition of Releasees is set forth in the Settlement Agreement, available at **[website]**.

36. The Judgment and Approval Order will also provide that, upon the Final Settlement Date, all Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

37. "Released Releasees' Claims" means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee (including Defendants and their successors and assigns), or his, her, or its respective estates, heirs, executors, agents, attorneys (including in-house counsel, outside counsel, and Defendants' Counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and assigns, against Plaintiffs, any other Class Members, or any of their respective attorneys (including, without limitation, Plaintiffs' Counsel), and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

38. To be eligible for a payment from the Settlement, you must be a member of the Class and must timely complete and return the Claim Form with adequate supporting documentation

*postmarked* **no later than** _____, **2022**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, **[website]**.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at _____ or by emailing the Claims Administrator at _____.  Please retain all records of your ownership of and transactions in BBBY common stock, because you will need them to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in BBBY common stock.

39. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Amount.

**HOW MUCH WILL MY PAYMENT BE?**

40. At this time, it is not possible to determine how much any individual Class Member might receive from the Settlement.

41. Under the Settlement, Defendants have agreed to pay $7,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned on it is called the "Settlement Fund."  If the Court approves the Settlement, and if the Final Settlement Date occurs, the "Net Settlement Amount" (that is, the Settlement Fund less (i) any Tax Expenses; (ii) any Notice and Administrative Expenses; and (iii) any attorneys' fees and expenses awarded to Plaintiffs' Counsel or Lead Plaintiff by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other Plan of Allocation as the Court may approve.

42. The Net Settlement Amount will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

43. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Amount, or the Plan of Allocation.

44. Approval of the Settlement is independent from approval of a Plan of Allocation.  Any determination about a Plan of Allocation will not affect the Settlement, if it is approved.

45. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a member of the Class and be subject to the provisions of the Settlement Agreement, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Class Claims (as defined in ¶ __ above) against the Releasees (as defined in ¶ __ above) and will be barred and enjoined from prosecuting any of the Released Class Claims against any of the Releasees whether or not such Class Member submits a Claim Form.

46. Participants in, and beneficiaries of, any BBBY employee-benefit plan covered by ERISA (an "ERISA Plan") should NOT include any information relating to their transactions in BBBY common stock held through the ERISA Plan in any Claim Form that they submit in this Action.  They should include ONLY those shares that they purchased or acquired outside the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of BBBY common stock during the Class Period may be made by the plan's trustees.

47. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

48. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court as to his, her, or its Claim Form.

49. Only members of the Class will be eligible to share in the distribution of the Net Settlement Amount.  Persons and entities that are excluded from the Class by definition or that request exclusion from the Class will not be eligible for a payment and should not submit Claim Forms.  The only security that is included in the Settlement is BBBY common stock.

## PROPOSED PLAN OF ALLOCATION

50. For shares of BBBY common stock purchased or otherwise acquired between September 4, 2019 and February 11, 2020:

A.    For shares held at the end of trading on May 11, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

   (1)    the applicable figure for purchase-date artificial inflation per share, as found in Table A; or
   (2)    the difference between the purchase price per share and $7.01.[3]

B.    For shares sold between February 12, 2020 and May 11, 2020, the Recognized Loss shall be the lesser of:

   (1)    the applicable figure for purchase-date artificial inflation per share, as found in Table A; or

---

[3]    Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  The mean (average) closing price of BBBY common stock during the period beginning on February 12, 2020 and ending on May 11, 2020 was $7.01 per share.

00668757;V1                                          13

(2)    the difference between the purchase price per share and the sales price per share; or

(3)    the difference between the purchase price per share and the average closing price between February 12, 2020 and the date of sale, as found in Table B.[4]

C.    For shares sold between September 4, 2019 and February 11, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)    the applicable figure for purchase-date artificial inflation per share less the applicable figure for sales-date artificial inflation per share, as found in Table A; or

(2)    the difference between the purchase price per share and the sales price per share.

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 09/04/2019 – 01/08/2020 | $6.06 |
| 01/09/2020 – 02/11/2020 | $3.34 |

**Table B**

| Date of Sale | Average Closing Price Between 02/12/2020 and Date of Sale | Date of Sale | Average Closing Price Between 02/12/2020 and Date of Sale |
|---|---|---|---|
| 02/12/2020 | $11.79 | 03/27/2020 | $8.71 |
| 02/13/2020 | $11.80 | 03/30/2020 | $8.57 |
| 02/14/2020 | $11.59 | 03/31/2020 | $8.45 |
| 02/18/2020 | $11.64 | 04/01/2020 | $8.31 |
| 02/19/2020 | $11.83 | 04/02/2020 | $8.18 |
| 02/20/2020 | $11.97 | 04/03/2020 | $8.07 |
| 02/21/2020 | $12.04 | 04/06/2020 | $7.97 |
| 02/24/2020 | $11.99 | 04/07/2020 | $7.89 |
| 02/25/2020 | $11.88 | 04/08/2020 | $7.83 |

---

[4]    Pursuant to Section 21(D)(e)(2) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

| | | | |
|---|---|---|---|
| 02/26/2020 | $11.75 | 04/09/2020 | $7.78 |
| 02/27/2020 | $11.62 | 04/13/2020 | $7.72 |
| 02/28/2020 | $11.55 | 04/14/2020 | $7.66 |
| 03/02/2020 | $11.46 | 04/15/2020 | $7.59 |
| 03/03/2020 | $11.35 | 04/16/2020 | $7.54 |
| 03/04/2020 | $11.25 | 04/17/2020 | $7.48 |
| 03/05/2020 | $11.14 | 04/20/2020 | $7.41 |
| 03/06/2020 | $11.06 | 04/21/2020 | $7.35 |
| 03/09/2020 | $10.95 | 04/22/2020 | $7.30 |
| 03/10/2020 | $10.83 | 04/23/2020 | $7.25 |
| 03/11/2020 | $10.67 | 04/24/2020 | $7.21 |
| 03/12/2020 | $10.47 | 04/27/2020 | $7.20 |
| 03/13/2020 | $10.32 | 04/28/2020 | $7.19 |
| 03/16/2020 | $10.14 | 04/29/2020 | $7.17 |
| 03/17/2020 | $9.94 | 04/30/2020 | $7.16 |
| 03/18/2020 | $9.73 | 05/01/2020 | $7.13 |
| 03/19/2020 | $9.56 | 05/04/2020 | $7.11 |
| 03/20/2020 | $9.39 | 05/05/2020 | $7.08 |
| 03/23/2020 | $9.22 | 05/06/2020 | $7.06 |
| 03/24/2020 | $9.10 | 05/07/2020 | $7.04 |
| 03/25/2020 | $8.97 | 05/08/2020 | $7.03 |
| 03/26/2020 | $8.84 | 05/11/2020 | $7.01 |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

51. Purchases and sales of BBBY common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

52. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and a distribution will not be made to that Authorized Claimant.

53. Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

54. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, the Claims Administrator will make reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks.  If any funds remain after the Claims Administrator has made those efforts, any portion of the Net Settlement Amount that cannot be distributed pursuant to the Plan of Allocation shall be distributed to a non-profit organization or organizations to be agreed upon by the Settling Parties and approved by the Court.

00668757;V1                                         15

55. Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Lead Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Plaintiffs, Defendants, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim Form, the non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

56. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, and they have not been paid for their litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund.  Lead Counsel has a retention agreement with Lead Plaintiff that provides for a contingency fee to be awarded to Lead Counsel after notice to the Class and approval by the Court.  When it submits its motion for attorneys' fees, Lead Counsel will also apply for payment of litigation expenses that Plaintiffs' Counsel paid or incurred in an amount not to exceed $100,000, and for the reasonable costs and expenses that Lead Plaintiff directly incurred in representing the Class pursuant to the PSLRA, in an amount not to exceed $5,000.  The Court will determine the amount of any award of attorneys' fees and expenses to Plaintiffs' Counsel or any PSLRA Award to Lead Plaintiff.  Any amounts approved by the Court will be paid from the Settlement Fund.  Class Members will not be personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

57. Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless he, she, or it mails or delivers a written Request for Exclusion from the Class, addressed to [_____].  The Request for Exclusion must be *received* no **later than** _____, 2022.  You will not be able to exclude yourself from the Class after that date.  A Request for Exclusion must include the following information: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) a statement that the potential Class Member wishes to request exclusion from the Class in *Vitiello v. Bed Bath & Beyond Inc.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.), (*vi*) the number of shares of BBBY common stock held as of opening of trading on September 4, 2019 and purchased or otherwise acquired and/or sold through the close of trading on May 11, 2020, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*viii*) the date of each such transaction involving each such

security, and (*ix*) the signature of the person or entity requesting exclusion or of an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

58. If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Class Claim against any of the Releasees.

59. If you ask to be excluded from the Class, you will not be eligible to receive any payment from the Net Settlement Amount. You also will not be able to object to the proposed Settlement or participate in the Fairness Hearing.

60. Defendants have the right to terminate the Settlement if valid Requests for Exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO PARTICIPATE IN THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

61. **Class Members do not need to participate in the Fairness Hearing. The Court will consider any submissions made in accordance with the procedures explained below even if a Class Member does not speak at or otherwise observe the hearing. You can participate in the Settlement without attending the Fairness Hearing.**

62. **Please Note:** The date and time of the Fairness Hearing may change without further written notice to the Class. In addition, because of the Coronavirus (COVID-19), the Court might decide to hold the Fairness Hearing by telephone or videoconference, or otherwise allow counsel for the Parties and for Class Members to appear at the hearing by phone or videoconference, without further written notice to the Class. **To determine whether the date and time of the Fairness Hearing have changed, or whether Class Members must or may participate by phone or videoconference, you should monitor the Court's docket and the Settlement website, [website], before making any plans to attend the Fairness Hearing in person. Any updates about the Fairness Hearing, including any changes to the date or time of the hearing or updates about in-person, telephonic, or video appearances at the hearing, will be posted to the Settlement website, [website]. Also, if the Court requires or allows Class Members to participate in the Fairness Hearing by telephone or video, the phone or video access information will be posted to the website.**

63. The Fairness Hearing will be held on _____, **2022 at __:__ _.m.**, before the Honorable Madeline Cox Arleo either in-person at the United States District Court for the District of New Jersey, Martin Luther King Building & United States Courthouse, 50 Walnut Street, Courtroom MLK4A, Newark, NJ 07101, or by telephone or videoconference, to determine, among other things, (*i*) whether the proposed Settlement provided for in the

00668757;V1                                                17

Settlement Agreement is fair, reasonable, and adequate to the Class, and should be finally approved; (*ii*) whether, for purposes of the Settlement only, to grant final certification of the Action as a class action and to grant final appointment of Lead Plaintiff as Class representative and Lead Counsel as counsel for the Class; (*iii*) whether to dismiss the Action with prejudice against Defendants and whether to enter the Releases specified and described in the Settlement Agreement and in this Notice; (*iv*) whether to approve the proposed Plan of Allocation as fair and reasonable; (*v*) whether to grant Lead Counsel's motion for attorneys' fees and litigation expenses and Lead Plaintiff's motion for costs and expenses; (*vi*) whether to enter the permanent injunction and bar orders requested in the Settlement Agreement, and (*vii*) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses; and/or consider any other matter related to the Settlement at or after the Fairness Hearing without further notice to the members of the Class.

64. Any Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or Lead Plaintiff's application for expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Jersey at the address set forth below **on or before _____, 2022**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2022**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court District of New Jersey 50 Walnut Street Newark, NJ 07101 | **Bernstein Liebhard LLP** Laurence J. Hasson, Esq. Joseph R. Seidman, Jr., Esq. 10 East 40th Street New York, NY 10016 | **Proskauer Rose LLP** Jonathan E. Richman, Esq. Eleven Times Square New York, NY 10036 |

You must also ***email*** the objection and any supporting papers on or before _____, 2022 to bbbyinformation@bernlieb.com and to jerichman@proskauer.com.

65. Any objection must state the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection, and shall state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition to the reason(s) for the objection, an objection must also include the name and docket number of this case (*Vitiello v. Bed Bath & Beyond Inc.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.)) and the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) number of shares of BBBY common stock held as of opening of trading on September 4, 2019 and purchased or otherwise acquired and/or sold through close of trading on May 11, 2020, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each such security, and

(*viii*) account statements verifying all such transactions.  You may not object to the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or Lead Plaintiff's application for expenses if you exclude yourself from the Class or if you are not a member of the Class.

66. You may file a written objection without having to speak at the Fairness Hearing.  You may not, however, speak at the Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

67. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, or Lead Plaintiff's application for expenses, and if you have timely filed and served a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 64 above so that it is *received* **on or before _____, 2022**.  Persons who intend to object and present evidence at the Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

68. You are not required to hire an attorney to represent you in making written objections or appearing at the Fairness Hearing.  However, if you decide to hire an attorney, you may do so at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 64 above so that the notice is *received* **on or before _____, 2022**.

69. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, or Lead Plaintiff's application for expenses.  Class Members do not need to appear at the Fairness Hearing or take any other action to show their approval of the proposed Settlement.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

70. If you purchased or otherwise acquired BBBY common stock during the period from September 4, 2019 through February 11, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must, within fourteen (14) calendar days after receipt of this Notice, either (*i*) request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and then, within fourteen (14) calendar days after receipt of those Notice Packets, forward them to all such beneficial owners; or (*ii*) provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to **[address]**, or **[website]**.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full

00668757;V1                                            19

compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, _____, by calling the Claims Administrator toll-free at _____, or by emailing the Claims Administrator at _____.

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

71. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about this Action and the proposed Settlement, you should review the papers on file in the Action, including the Settlement Agreement, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of New Jersey, Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07101. Additionally, copies of the Settlement Agreement and any related orders entered by the Court will be posted on the Settlement website, **[website]**.

All inquiries concerning this Notice and the Claim Form should be directed to:

**JND Legal Administration**                    and/or                    Laurence J. Hasson
  **[Address/phone/web]**                                        Joseph R. Seidman, Jr.
                                                Bernstein Liebhard LLP
                                                10 East 40th Street
                                                New York, NY 10016
                                                (212) 779 1414
                                              lhasson@bernlieb.com
                                            seidman@bernlieb.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2022                    By Order of the Court
                                            United States District Court
                                            District of New Jersey

126359281v3