# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**BED BATH & BEYOND INC.**, *et al.*,<br><br>**Defendants.** | No. 2:20-cv-04240-MCA-MAH |

**[PROPOSED] ORDER APPROVING**
**CLASS-ACTION SETTLEMENT**

WHEREAS Lead Plaintiff Kavin Bakhda, on behalf of himself and the Class (as defined below), additional named plaintiff Richard Lipka (collectively with Lead Plaintiff, "Plaintiffs"), and Defendants Bed Bath & Beyond Inc., Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia have entered into a Settlement Agreement[1] to settle the claims asserted in the Action; and

WHEREAS Lead Plaintiff and Defendants have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order granting final approval of the proposed settlement in accordance with the Stipulation of Settlement (including its exhibits) (the "Settlement Agreement"), which sets forth the terms and conditions of the proposed settlement (the "Settlement"); and

WHEREAS, on February 4, 2022, the Court entered an Order preliminarily approving the proposed Settlement, preliminarily certifying the Class for settlement purposes, directing notice

---

[1] To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement. Selected definitions from the Settlement Agreement are reprinted in the Appendix to this Order.

to be sent and published to potential Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether to approve the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's application for an Attorneys' Fees and Expenses Award, and Lead Plaintiff's application for a PSLRA Award; and

WHEREAS the Court held the Fairness Hearing on June 2, 2022 to determine, among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable, and adequate and should therefore be approved; (*ii*) whether the Class should be finally certified for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to potential Class Members in accordance with the Federal Rules of Civil Procedure, the PSLRA, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter an order and judgment dismissing the Action on the merits and with prejudice as to Defendants and against all Class Members, and releasing all the Released Class Claims and Released Releasees' Claims as provided in the Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar orders as provided in the Settlement Agreement; (*vii*) whether and in what amount to grant an Attorneys' Fees and Expenses Award to Lead Counsel; and (*viii*) whether and in what amount to grant a PSLRA Award to Lead Plaintiff; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of record in this action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      **Incorporation of Settlement Documents.**  This Order incorporates and makes a part hereof the Settlement Agreement dated as of October 25, 2021, including its defined terms.

2.      **Jurisdiction.**  The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, and all other Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3.      **Final Class Certification.**  The Court grants certification of the Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3).  The Class is defined to consist of all persons and entities who purchased or otherwise acquired BBBY Common Stock during the period from September 4, 2019 through February 11, 2020, inclusive.  Excluded from the Class are:

a.      such persons or entities who submitted valid and timely requests for exclusion from the Class;

b.      such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c.      BBBY and (*i*) all officers and directors of BBBY during the Class Period (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), (*ii*) BBBY's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which BBBY or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subparts (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

4.      This certification of the Class is made for the sole purpose of consummating the Settlement of the Action in accordance with the Settlement Agreement.  If the Court's approval

of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect deemed unacceptable by a Settling Party, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter.

5.    For purposes of the settlement of the Action, and only for those purposes, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and any other applicable laws (including the PSLRA), have been satisfied, in that:

a.    The Class is ascertainable from business records and/or from objective criteria;

b.    The Class is so numerous that joinder of all members would be impractical;

c.    One or more questions of fact and law are common to all Class Members;

d.    Lead Plaintiff's claims are typical of those of the other members of the Class;

e.    Lead Plaintiff has been and is capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiff's interests have been and are consistent with those of the other Class Members; (*ii*) Lead Counsel has been and is able and qualified to represent the Class, and (*iii*) Lead Plaintiff and Lead Counsel have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.    For settlement purposes, questions of law and/or fact common to members of the Class predominate over any such questions affecting only individual Class Members, and

a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Class Members' interest in the fairness, reasonableness, and adequacy of the proposed Settlement, (*iii*) the Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate actions, (*v*) the extent and nature of any litigation concerning these claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

6.    **Final Certification of Lead Plaintiff and Appointment of Lead Counsel for Settlement Purposes.**    Solely for purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Lead Plaintiff as representative of the Class and (*ii*) appointment of Bernstein Liebhard LLP as Lead Counsel for the Class pursuant to Fed. R. Civ. P. 23(g).

7.    **Notice.**    The Court finds that the distribution of the Individual Notice and Claim Form, the publication of the Summary Notice, and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the terms of that Order. The Court further finds that the Individual Notice, the Claim Form, the Summary Notice, and the notice methodology (*i*) constituted the best practicable notice to potential Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims), their right to object to the proposed Settlement, their right to exclude themselves from the Class, and their right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any State and/or

00693078;V1                                                     5

federal authorities entitled to receive notice under the Class Action Fairness Act of 2005), and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

8.      **Final Settlement Approval.**  The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their experienced counsel – under the auspices of an experienced mediator – and was entered into in good faith.  The terms of the Settlement Agreement do not have any material deficiencies, do not improperly grant preferential treatment to any individual Class Member, and treat Class Members equitably relative to each other.  Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court, and in the best interests of the Class Members.

9.      The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among eligible Class Members.

10.      In making these findings and in concluding that the relief provided to the Class is fair, reasonable, and adequate, the Court considered, among other factors, the considerations outlined in Federal Rule of Civil Procedure 23(e)(2) and in *In re National Football League Players Concussion Injury Litigation*, 821 F.3d 410, 437 (3d Cir. 2016), including (*i*) the complexity, expense, and likely duration of the litigation if it were to continue, including the costs, risks, and delay of trial and appeal; (*ii*) the reaction of the potential Class Members to the proposed Settlement, including the number of exclusion requests and the number of objections;

(*iii*) the stage of the proceedings and the amount of discovery and other materials available to Lead Counsel, including the Due-Diligence Discovery provided to Lead Counsel; (*iv*) the risks of establishing liability and damages, including the nature of the claims asserted and the strength of Plaintiffs' claims and Defendants' defenses as to liability and damages; (*v*) Lead Plaintiff's risks of obtaining certification of a litigation class and of maintaining certification through trial; (*vi*) the ability of Defendants to withstand a greater judgment; (*vii*) the range of reasonableness of the Settlement Amount in light of the best possible recovery; (*viii*) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation; (*ix*) the availability of opt-out rights for potential Class Members who do not wish to participate in the Settlement; (*x*) the effectiveness of the procedures for processing Class Members' claims for relief from the Settlement Fund and distributing such relief to eligible Class Members; (*xi*) the terms of the proposed award of attorneys' fees, including the timing of the payment; (*xii*) the terms of the Supplemental Agreement; (*xiii*) the treatment of Class Members relative to each other; (*xiv*) the adequacy of Lead Plaintiff's and Lead Counsel's representation of the Class; (*xv*) the arm's-length nature of the negotiation of the proposed Settlement; (*xvi*) the involvement of a respected and experienced mediator (Jed Melnick, Esq.); (*xvii*) the experience and views of the Settling Parties' counsel; (*xviii*) the submissions and arguments made throughout the proceedings by the Settling Parties; and (*xix*) the submissions and arguments made at and in connection with the Fairness Hearing.

11.    The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions.  The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

12.   **Releases.**   Pursuant to this Approval Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Plaintiffs and all other Class Members (whether or not a Claim Form has been executed and/or delivered by or on behalf of any such Class Member), on behalf of themselves and the other Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a.   all Released Class Claims against each and every one of the Releasees;

b.   all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

c.   all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

13.   Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, each and every Releasee,

including Defendants' Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each and all Releasors, including Lead Counsel, from any and all Released Releasees' Claims, except to the extent otherwise specified in the Settlement Agreement.

14.     Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Plaintiffs' Counsel and any other counsel representing Lead Plaintiff or any other Class Member in connection with or related in any manner to the Action, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, and assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Defendants, Defendants' Counsel, and all other Releasees from any and all Claims that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, or (*iii*) the Settlement terms and their implementation.

15.     Notwithstanding paragraphs 12 through 14 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

16.     **Permanent Injunction.**  The Court orders as follows:

a.      Plaintiffs and all other Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims;

b.      All persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims; and

c.      All Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

17.     Notwithstanding paragraph 16 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

18.     **Contribution Bar Order.**  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Class Claim (*i*) by any person or entity against any of the Releasees and (*ii*) by any of the Releasees against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  Accordingly, without limitation to any of the above, (*i*) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and (*ii*) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution.  In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any Final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Releasee are found to be jointly liable shall be reduced by the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member or (*ii*) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

19.     **Complete Bar Order.**  To effectuate the Settlement, the Court hereby enters the following Complete Bar:

a.     Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for

indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this subparagraph are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Class Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Class Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member and (*ii*) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

b.       Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-

law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (*i*) any amounts that any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

           c.      Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Class Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph 19 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and/or (*ii*) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s).

d.      If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Class Claim.

e.      Nothing in the Contribution Bar Order or Complete Bar Order shall (*i*) expand the release provided by Class Members and other Releasors to the Releasees under paragraph 12 above or (*ii*) bar any persons who are excluded from the Class by definition or by request from asserting any Released Class Claim against any of the Releasees.  Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct and Claims at issue in the Action.

20.      **No Admissions.**  This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability, or by any of the Releasors of any infirmity in Plaintiffs' Claims.  This Order, the Judgment, and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Class Claims.  In no event shall this Order, the Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory, or other

proceeding, except a proceeding to enforce the Settlement Agreement.  Without limiting the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations, statements, or court proceedings shall not be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession (*i*) of any kind against the Settling Parties or the other Releasees and Releasors in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding or (*ii*) of any liability or wrongdoing whatsoever on the part of any person or entity, including Defendants, or as a waiver by Defendants of any applicable defense, or (*iii*) by Plaintiffs or the Class of the infirmities of any claims, causes of action, or remedies.

21.    Notwithstanding anything in paragraph 20 above, this Order, the Judgment, and/or the Settlement Agreement may be filed in any action against or by any Releasee to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, injunction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

22.    **Attorneys' Fees and Expenses Award.**  Lead Counsel is hereby awarded attorneys' fees in the amount of ___% of the Settlement Fund and expenses in the amount of $_____.  Those amounts shall be paid out of the Settlement Fund (as that term is defined in the Settlement Agreement) pursuant to the terms set out in Section X of the Settlement Agreement.  The Court finds that the Attorneys' Fees and Expenses Award is fair, reasonable, and appropriate.

23.    In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:  (a) the Settlement has created a fund of $7 million that has been paid into escrow pursuant to the terms of the Settlement and that numerous Class Members who

submit acceptable Claim Forms will benefit from the Settlement; (b) the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiff; (c) copies of the Individual Notice, which were mailed to all potential Class Members who could be identified with reasonable effort, stated that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $100,000; (d) Lead Counsel adequately conducted the litigation and achieved the Settlement; (e) the Action raised complex issues; (f) the Action presented significant risks to establishing liability and damages; and (g) the amount of attorneys' fees and expenses is fair and reasonable and consistent with awards in similar cases.

24.     **PSLRA Award.**  The Court finds that a PSLRA Award of $_____ to Lead Plaintiff is reasonable in the circumstances.  This amount shall be paid out of the Settlement Fund pursuant to the terms set out in Section XI of the Settlement Agreement.

25.     **Modification of Settlement Agreement.**  Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement (including its exhibits) that (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Class Members under the Settlement Agreement.

26.     **Dismissal of Action.**  The Action, including all Claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Settlement Agreement.

27.     **Retention of Jurisdiction.**  Without in any way affecting the finality of this Order and the Judgment, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, the Court expressly retains

continuing and exclusive jurisdiction over the Settlement and all Settling Parties, the Class Members, and anyone else who appeared before this Court for all matters relating to the Action, including the administration, consummation, interpretation, implementation, or enforcement of the Settlement Agreement or of this Order and the Judgment, and for any other reasonably necessary purposes, including:

a.      enforcing the terms and conditions of the Settlement Agreement, this Order, and the Judgment (including the Complete Bar Order, the PSLRA Contribution Bar Order, and the permanent injunction);

b.      resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order, or the Judgment (including whether a person or entity is or is not a Class Member and whether Claims or causes of action allegedly related to the Released Class Claims are or are not barred by this Order and the Judgment or the Release);

c.      entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment; and

d.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

28.    **Rule 11 Findings.**  The Court finds that all complaints filed in the Action were filed on a good-faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

29. **Termination.** If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including pursuant to Section XIV), this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement; *provided, however,* that paragraph 40 of the Preliminary Approval Order (concerning the Confidentiality Agreement) shall remain in effect even if this Order and the Judgment are rendered null and void.

30. **Entry of Judgment.** There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Any appeal from this Order or other proceeding seeking subsequent judicial review of this Order pertaining solely to (*i*) the attorneys' fees or expenses awarded to Lead Counsel or the PSLRA Award to Lead Plaintiff and/or (*ii*) the Plan of Allocation shall not in any way delay or preclude this Order from becoming Final under the terms of the Settlement Agreement.

SO ORDERED this _____ day of _____, 2022

_____
Honorable Michael A. Hammer, U.S.M.J.

## APPENDIX OF SELECTED SETTLEMENT DEFINITIONS

"**Action**" means the securities class action now pending in this Court and captioned *Vitiello v. Bed Bath & Beyond Inc.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.), including any other cases that have been or might be consolidated into that action as of the Final Settlement Date, including *Kirkland v. Bed Bath & Beyond Inc.*, No. 2:20-cv-05339-MCA-MAH (D.N.J.), which was consolidated into this Action pursuant to the Court's August 14, 2020 order.

"**BBBY Affiliate**" means any Affiliate, holding company, or subsidiary of BBBY, and any other person or entity affiliated with BBBY through direct or indirect ownership of BBBY shares.

"**BBBY Common Stock**" means publicly traded common stock issued by BBBY.

"**Operative Facts**" means those facts and circumstances that provide the factual predicate for the claims asserted in the Action and shall include, among other things:

a.   BBBY's management of inventory, including its use of promotions and markdowns to reduce its inventory during the Class Period;

b.   BBBY's use of inventory, sales, and pricing programs, including Revionics and JDA, in connection with its inventory-reduction program, and any reports, analyses, or documents generated by such programs;

c.   BBBY's communications with, demands received from, or negotiations with shareholders, including Legion Partners Asset Management, Macellum Advisors, and Ancora Advisors, relating to BBBY's management structure and personnel, its use

of promotions, coupons, or other marketing methods, or its inventory management, including any actions taken by BBBY in response to such communications, demands, or negotiations;

d.　　any alleged meetings, communications, or discussions between or among BBBY employees regarding BBBY's inventory-reduction program, data, reports, or analyses provided by BBBY's inventory, pricing or management software (including but not limited to Revionics and JDA), or other attempts at reducing company inventory;

e.　　any review, analysis, synthesis, presentation, or alleged concealment or attempted concealment of any alleged data, reports, or analyses provided by BBBY's inventory, pricing, or management software (including but not limited to Revionics and JDA);

f.　　BBBY's merchandising or promotional strategies or operations, including its use (or lack of use) of coupon marketing, markdowns, and promotions;

g.　　BBBY's changes to its management positions and structure, including (*i*) its replacement of Mary A. Winston as interim CEO with Mark Tritton, (*ii*) the termination or resignation of, and resulting search for replacements for, the Chief Merchandising Officer, Chief Marketing Officer, Chief Digital Officer, General Counsel, Chief Administrative Officer, and Chief Brand Officer, and (*iii*) the resignation of Robyn D'Elia;

h.　　BBBY's financial guidance, projections, and earnings expectations, including revisions to or withdrawals of previously announced guidance;

i.　　any salaries, bonuses, stock awards, or other compensation paid by BBBY to Mark J. Tritton, Mary A. Winston, or Robyn M. D'Elia;

j.      any alleged communications (whether internal to BBBY or external, and whether oral or written) relating to or evidencing any of the alleged conduct described in Sections I.A.45.a-i;

k.      any Claims related to transactions in BBBY Common Stock by any Releasees during the Class Period, including any Claims under Exchange Act §§ 10(b), 20(a), or 20A or SEC Rule 10b-5 relating to such transactions, to the extent that such Claims are related in any way to the alleged conduct and/or topics described in Sections I.A.45.a-j;

l.      any allegedly false or misleading statements or omissions in any SEC filings (including Forms 10-Q and 10-K and proxy statements), Exchange Act or Sarbanes-Oxley certifications, or press releases filed or issued during the Class Period relating to the matters described in Sections I.A.45.a-k, including, without limitation, those addressing (*i*) BBBY's inventory during the Class Period, (*ii*) BBBY's inventory-management practices, policies, and programs, (*iii*) BBBY's use of inventory, pricing, and sales software, including Revionics and JDA, (*iv*) BBBY's hiring, termination, or recruitment of employees or executives, (*v*) BBBY's financial performance, results, estimates, projections, or guidance, (*vi*) BBBY's internal controls and policies, and (*vii*) the retail industry in general;

m.      any alleged misstatements or omissions at industry or investor conferences, or in analyst meetings, earnings calls, or other public statements, during the Class Period relating to the matters described in Sections I.A.45.a-l;

n.      any alleged inflation or decline in the price of BBBY Common Stock during the Class Period that is related to or arises out of the alleged conduct and/or topics described in Sections I.A.45.a-m; and

o.      any Claims under Exchange Action §§ 10(b) and/or 20(a) and/or SEC Rule 10b-5 arising out of the alleged conduct and/or topics described in Sections I.A.45.a-n.

**"Released Class Claims"** means each and every Claim that existed as of, on, or before the Execution Date and that Plaintiffs or any other Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in the Complaint) or (*ii*) could have asserted or could assert against any of the Releasees in connection with or relating directly or indirectly to any of the Operative Facts or any alleged statements about, mischaracterizations of, or omissions concerning them, whether arising under any federal, state, or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or other forum, if such Claim also arises out of or relates to the purchase or other acquisition of BBBY Common Stock, or to any other Investment Decision, during the Class Period; *provided*, *however*, that the term "Released Class Claims" does not include (and will not release or impair) (*i*) any claims asserted in any action under the Employee Retirement Income Security Act of 1974; (*ii*) any claims asserted in any shareholder derivative action on behalf of BBBY, including without limitation the claims asserted in the Derivative Actions; or (*iii*) any claims to enforce this Settlement Agreement.

**"Released Releasees' Claims"** means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee (including Defendants and their successors and assigns), or his, her, or its respective estates, heirs, executors, agents, attorneys (including in-house counsel, outside counsel, and Defendants' Counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and

assigns, against Plaintiffs, any other Class Members, or any of their respective attorneys (including, without limitation, Plaintiffs' Counsel), and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.

**"Releasee"** means each and every one of, and "Releasees" means all of, (*i*) BBBY, (*ii*) BBBY Affiliates, (*iii*) each of BBBY's and BBBY's Affiliates' current and former officers (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers and any entities in which BBBY or any BBBY Affiliate has or had a Controlling Interest or that has or had a Controlling Interest in BBBY or any BBBY Affiliate, and (*iv*) for each of the foregoing Releasees, (*y*) to the extent the Releasee is an entity, each of its current and former officers, directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and any entities in which any Releasee has or had a Controlling Interest or that has or had a Controlling Interest in the Releasee and (*z*) to the extent the Releasee is an individual, each of his

or her Family Members, estates, heirs, executors, beneficiaries, trusts, trustees, agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, assignees, representatives, partners, successors-in-interest, insurance carriers, and reinsurers.

**"Releasor"** means each and every one of, and "Releasors" means all of, (*i*) Plaintiffs, (*ii*) all other Class Members, and (*iii*) for each of the foregoing Releasors, their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, *provided* that Releasors shall not include any BBBY shareholder to the extent that such person or entity seeks to assert a derivative claim on behalf of BBBY.

00693078;V1                                    APP-6

125444399v5