**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEPHEN AND JUNE VITIELLO,** Individually and on Behalf of All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**BED BATH & BEYOND INC.,** *et al.*,<br><br>**Defendants.** | **No. 2:20-cv-04240-MCA-MAH** |

**[PROPOSED] JUDGMENT**

Consistent with the terms of the Order Approving Class-Action Settlement entered on

_____, 2022, the settlement of this class action on the terms of set forth in the parties'

Stipulation of Settlement dated as of October 25, 2021, including all exhibits (collectively, the

"Settlement Agreement"), is approved as fair, reasonable, and adequate, and consistent with and

in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the

United States Constitution (including the Due Process Clause), the Private Securities Litigation

Reform Act of 1995 (the "PSLRA"), the Rules of this Court, and any other applicable law, and in

the best interests of the Class Members.  Unless otherwise defined in this Judgment, the

capitalized terms in the Judgment have the same meaning as in the Settlement Agreement.

1.      The Court finally certifies the following Class for settlement purposes pursuant to

Fed. R. Civ. P. 23:  all persons and entities who purchased or otherwise acquired BBBY

Common Stock during the period from September 4, 2019 through February 11, 2020, inclusive.

Excluded from the Class are:

00693075;V1

a.    such persons or entities who submitted valid and timely requests for exclusion from the Class;

b.    such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c.    BBBY and (*i*) all officers and directors of BBBY during the Class Period (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), (*ii*) BBBY's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which BBBY or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*) and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

2.    The Individual Notice (including the Claim Form), the Summary Notice, and the notice methodology implemented pursuant to the Court's Order entered February 4, 2022, (*i*) constituted the best practicable notice to potential Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the effect of the Settlement Agreement (including the Release), their right to object to the proposed Settlement, and their right to exclude themselves from the Class, and Class Members' right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.  The requirements of the Class Action Fairness Act of 2005 were also satisfied.

00693075;V1                                                      2

3.      The claims in the Action are dismissed on the merits and with prejudice according to the terms of the Settlement Agreement and the Approval Order, without costs to any party except as provided therein.

4.      The release, permanent injunction, PSLRA Contribution Bar, and Complete Bar as set out in the Approval Order shall be effective as to all persons and entities identified in them.

5.      Neither the Approval Order nor this Judgment applies to the persons or entities who submitted timely and valid exclusion requests and are named on the list annexed as Exhibit 1.

6.      Without affecting the extent to which this Judgment and the Approval Order are final for purposes of any appeals, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, this Court retains continuing and exclusive jurisdiction over the Action as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Judgment, and the Approval Order, and for any other reasonably necessary purposes.

7.      JUDGMENT in this Action is hereby entered in accordance with Federal Rule of Civil Procedure 58 this ___ day of _____, 2022.  The Clerk of Court is respectfully directed to mark this case closed.

IT IS SO ORDERED.

_____
Honorable Michael A. Hammer, U.S.M.J.

00693075;V1                                                3

125458896v4

# EXHIBIT 1



185 Los Gatos Place
Kissimmee, FL 34759
April 1, 2022

Bed Bath & Beyond Securities Litigation, Exclusions
C/O JND Legal Administration
P.O. Box 91135
Seattle, WA 98111

Dear Sirs:

I am requesting that I be excluded from the Bed Bath and Beyond Securities Litigation, Exclusions Class in Vitiello v. Bed Bath & Beyond Inc. No. 2:20-cv-04240-MCA-MAH (D.M.J.).

Number of shares of BBBY common stock held:  31

Number of shares of BBBY common stock sold: 0

Account number:  0000013225

Phone number:  863-496-5235

E-mail:  bobehale@yahoo.com

Address:  185 Los Gatos Place
          Kissimmee, FL 34759

Yours truly,

Jean Hale

Jean Hale

Jean Hale
185 Los Gatos Pl
Kissimmee, FL 34759

PBB

ORLANDO FL 328

2 APR 2022 3 PM 3  L

APR 0 5 2022

Bed Bath + Beyond Securities Litigation, Exclusions
C/O JND Legal Administration
P.O. Box 91135
Seattle, WA 98111

98111-923535