**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO, Individually and on Behalf of All Others Similarly Situated, | No. 2:20-cv-04240-MCA-MAH |
| Plaintiffs, | |
| v. | |
| BED BATH & BEYOND INC., *et al.*, | |
| Defendants. | |

**DECLARATION OF LUIGGY SEGURA IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION FOR CLASS DISTRIBUTION ORDER**

I, LUIGGY SEGURA, declare and state as follows:

1.      I am a Vice President at JND Legal Administration ("JND").[1]  I am over 21 years of age and am not a party to the above-captioned action. (the "Action").  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.      Pursuant to the Order Preliminarily Approving Proposed Settlement, dated February 4, 2022 (ECF No. 78, the "Preliminary Approval Order"), Lead Counsel was authorized to retain JND as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims.  On June 3, 2022, the Court entered the Order Approving Class-Action Settlement (ECF No. 90, the "Final Approval

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement entered on December 29, 2021 (the "Stipulation"), previously filed with the Court (ECF No. 66-3).  The Settlement is contained in the Stipulation.

-1-

Order"). Pursuant to the Settlement, $7,000,000.00 was deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Final Settlement Date has occurred, Class Members' claims have been processed, and the Net Settlement Fund may be distributed to Authorized Claimants pursuant to Order of this Court. *See* Stipulation, ¶33.

3.        As Claims Administrator, JND has, among other things: (a) disseminated the Notice Packet to potential Class Members, brokers and other nominees, (b) created and continues to maintain a toll-free helpline for inquiries during the course of the administration; (c) designed, implemented, and launched the Settlement Website (www.BedBathBeyondSecuritiesLitigation.com), which became operational on or about February 24, 2022, and includes the claim-filing deadline and copies of the Stipulation, Preliminary Approval Order, Notice and Proof of Claim and Release form; (d) published the Summary Notice; (e) provided, upon request, copies of the Notice Packet to potential Class Members, brokers, and other nominees; (f) received and processed Claim Forms ("Claims") submitted in connection with the Settlement; (g) reviewed submitted Claims for accuracy and completeness and to ensure that they were supported by sufficient documentary evidence; (h) provided notice to Claimants whose Claims were deficient or rejected; (i) worked with Claimants to help cure deficient Claims; and (j) calculated Claimants' recognized loss ("Recognized Claim"), pursuant to the Court-approved Plan of Allocation set forth in the Notice.

4.        JND has completed processing all Claim Forms received through October 7, 2022, in accordance with the terms of the Stipulation and the Court-approved Plan of Allocation, and hereby submits its administrative determinations accepting and rejecting the Claims in preparation for a distribution of the Net Settlement Fund to Authorized Claimants. JND also presents this declaration in support of Plaintiff's Motion for Class Distribution Order.

I.    **DISSEMINATION OF NOTICE**

5.    As more fully described in the Declaration of Luiggy Segura Regarding: (A) Mailing of Notice Packet; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date, dated April 28, 2022 (ECF No.79-5, the "Initial Mailing Decl.") and the Supplemental Declaration of Luiggy Segura Regarding: (A) Continued Mailing of Notice Packet; (B) Update on Call Center and Settlement Website; and (C) Report on Requests for Exclusion Received to Date, dated May 26, 2022 (ECF No. 87-1, the "Suppl. Mailing Decl."), as of May 25, 2022, JND had mailed 84,601 Notice Packets to potential Class Members.  Suppl. Mailing Decl. ¶2.

6.    JND established and continues to maintain the Settlement Website dedicated to this Action, and a toll-free telephone helpline (1-866-853-5009) to assist potential Class Members. The Settlement Website (which provides access to important documents relevant to the Settlement) and the telephone helpline enable Class Members to obtain information about the Settlement.  In connection with establishing and maintaining the Settlement Website and toll-free telephone helpline, JND, among other things, formulated a system to ensure that proper responses were provided to all telephonic and electronic inquiries.  That work included training telephone agents to respond to inquiries specific to the Settlement; developing a series of common questions and the answers thereto, known as Frequently Asked Questions, or "FAQs"; loading key documents onto the Settlement Website; and programming the Settlement Website to permit the viewing and downloading of those documents.

7.    In accordance with Paragraph 14 of the Preliminary Approval Order, on March 7, 2022, JND caused the Summary Notice to be transmitted once over *PR Newswire* and published once in *The Wall Street Journal* and *Investor's Business Daily.*  Initial Mailing Decl. ¶ 13.

-3-

## II.    PROCEDURES FOLLOWED IN PROCESSING CLAIMS

8.    Under the terms of the Preliminary Approval Order and as set forth in the Notice, each Class Member who wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit to JND a properly executed Claim Form postmarked no later than June 6, 2022, together with adequate supporting documentation for the transactions and holdings reported in the Claim Form.  Through October 7, 2022, JND has received and fully processed 13,700 Claims (the "Presented Claims").

9.    In preparation for receiving and processing Claims, JND: (a) conferred with Lead Counsel to define the guidelines for processing Claims; (b) created a unique database to store Claim details, images of Claims, and supporting documentation (the "Settlement Database"); (c) trained staff in the specifics of the Settlement so that Claims would be properly processed; (d) formulated a system so that telephone and email inquiries would be properly responded to; (e) developed various computer programs and screens for entry of Class Members' identifying information and their transactional information; and (f) developed a proprietary "calculation module" that would calculate Recognized Claims pursuant to the Court-approved Plan of Allocation.

## III.   PROCESSING CLAIMS

### A.    Paper Claims

10.   Of the 13,700 Presented Claims, 1,824 are paper Claims.  Once received, the paper Claims were opened and prepared for scanning.  This process included unfolding documents, removing staples, copying nonconforming-sized documents, and sorting documents.  This manual task of preparing the paper Claims is laborious and time-intensive.  Once prepared, paper Claims were scanned into the Settlement Database together with all submitted documentation.

11.     Each Claim was assigned a unique Claim number.  Once scanned, the information from each Claim (including the Claimant's name, address, account number/information from his, her, or its supporting documentation, and the Claimant's purchase/acquisition transactions, sale transactions, and holdings listed on the Claim) was entered into the Settlement Database.  Once entered into the Settlement Database, Claims were reviewed to verify that all required information had been provided.  The documentation provided by the Claimant in support of his, her, or its Claim was reviewed for authenticity and compared to the information provided in the Claim to verify the Claimant's identity and the purchase/acquisition transactions, sale transactions, and holdings listed on the Claim.

12.     To process the transactions detailed in the Claims, JND utilized internal messages to identify and classify deficiency or ineligibility conditions existing within those Claims. Appropriate messages were assigned to the Claims as they were processed.  For example, where a Claim was submitted by a Claimant who did not have any eligible transactions in BBBY common stock during the Class Period, that Claim would receive a "Claim-level" message that denoted ineligibility.  Similar Claim-level ineligible messages were used to denote other ineligible conditions, such as duplicate Claims.  These messages would indicate to JND that the Claimant was not eligible to receive any payment from the Net Settlement Fund with respect to that Claim unless the deficiency was cured in its entirety.  Examples of Claim-level messages are as follows:

- Inadequate Documentation Submitted for Entire Claim

- No Supporting Documentation Submitted for Entire Claim

- No Purchase Transaction in the Class Period

13.     Because a Claim may be deficient only in part, but otherwise acceptable, JND also utilized messages that were applied only to specific transactions within a Claim.  For example, if

-5-

a Claimant submitted a Claim with supporting documentation for all but one purchase transaction, that one transaction would receive a "transaction-level" message. The message indicated that although the transaction was deficient, the Claim was otherwise eligible for payment if other transactions in the Claim calculated to a Recognized Loss according to the Court-approved Plan of Allocation. Thus, even if the transaction-level deficiency was never cured, the Claim could still be partially accepted. Examples of transaction-level messages are as follows:

- No Supporting Documentation for Specific Transaction/Position

- Inadequate Documentation for Specific Transaction/Position

- Illegible Documentation for Specific Transaction/Position

**B.      Electronic Claims**

14.    Of the 13,700 Presented Claims, 11,876 were filed electronically ("Electronic Claims" or "E-Claims"). Electronic Claims filers ("Electronic Claim Filers" or "E-Claim Filers") are typically banks, brokers, nominees and other-third party filers, who file claims on behalf of numerous claimants. Because E-Claim Filers typically submit a high volume (hundreds or thousands) of transactions during the Class Period on behalf of the beneficial owners, JND provides E-Claim Filers with the opportunity to mail a computer disc or electronically submit a file containing all the transactions—rather than provide reams of paper requiring data entry—so that JND can upload all transactions to the Settlement Database.

15.    JND maintains an electronic filing operations team (the "Electronic Filing Team") to coordinate and supervise the receipt and handling of all Electronic Claims. In this case, the Electronic Filing Team reviewed and analyzed each electronic file to ensure that it was formatted in accordance with JND's required format and to identify any potential data issues or inconsistencies within the file. If any issues or inconsistencies arose, JND notified the E-Claim

Filer.  If the electronic file was deemed to be in an acceptable format, it was then loaded to the Settlement Database.

16.    Once each electronic file was loaded, the Electronic Claims were coded with messages to denote any deficient or ineligible conditions that existed within them.  These messages are similar to those applied to paper Claims.  In lieu of manually applying messages, the Electronic Filing Team performed programmatic reviews on Electronic Claims to identify deficient and ineligible conditions (such as, but not limited to, price out-of-range issues, out-of-balance conditions, transactions outside the Class Period, *etc*.).  The output was thoroughly verified and confirmed as accurate.

17.    The review process also included message coding any Electronic Claims that were not accompanied by a signed Claim Form, which serves as a "Master Proof of Claim Form" for all Claims referenced on the electronic file submitted.  This process was reviewed by JND's Electronic Filing Team and, when appropriate, JND contacted the E-Claim Filers whose submissions were missing information.  This ensured that only fully completed Claims, submitted by properly authorized representatives of the Claimants, were considered eligible for payment from the Net Settlement Fund.

18.    Finally, at the end of the process, JND performed various targeted reviews of Electronic Claims.  Specifically, JND used criteria such as the calculated Recognized Claim amounts and other identified criteria to message code and reach out to a number of E-Claim Filers and request that various sample purchases, sales, and holdings selected by JND be documented by providing confirmation slips or other transaction-specific supporting documentation.  These targeted reviews helped to ensure that electronic data supplied by Claimants did not contain inaccurate information.

**C.    Additional Complexities Encountered in Processing Claims**

19.    JND received a total of 13,700 Claims.  Approximately 7,067, or about 51.6%, of the 13,700 Claims received through October 7, 2022, were partially or wholly ineligible for one or more reasons, and were therefore subjected to the additional processing, correspondence and/or telephonic communications described in the section below entitled "The Deficiency Process." Notwithstanding the large number of deficient Claim Forms received, only two (2) Claimants are currently contesting JND's administrative rejection of their Claim Forms.

20.    During the processing of Claim Forms, JND encountered "non-conforming" Claim Forms, which, in general, require significantly more work than standard Claim Forms because of the information contained in or missing from the Claim Form, or because of the manner in which the Claim Form was completed.  Non-conforming Claims include, among other conditions, missing pages, no name or address, Claim Forms that are blank but submitted with documentation for JND to complete, and Claim Forms that are so materially deficient as to make what is being claimed unrecognizable.  A significant amount of time and resources was required to hand review those Claims.

**IV.    EXCLUDED PERSONS**

21.    JND also reviewed all Claims to ensure that they were not submitted by, or on behalf of, "Excluded Persons," to the extent that the identities of such persons or entities were known to JND through the list of Defendants and other excluded persons and entities set forth in the Stipulation, the Notice and from the Claimants' certifications on the Claim Forms.  JND also reviewed all Claims against the list of persons who were excluded from the Class pursuant to request.

## V.    THE DEFICIENCY PROCESS

### A.    Paper Claim Claims

22.    Approximately 43.4% of the paper Claims (*i.e.*, 792 of the 1,824 paper Claims) were incomplete or had one or more defects or conditions of ineligibility, such as the Claim not being signed, not being properly documented, or indicating no eligible transactions in BBBY common stock during the Class Period.  The "Deficiency Process," which primarily involved mailing letters or sending emails to Claimants and responding to communications from Claimants by email and/or telephone, was intended to assist Claimants in properly completing their otherwise deficient submissions so that they could be eligible to participate in the Settlement.

23.    If paper Claims were determined to be defective, a Notice of Deficient and/or Ineligible Claim ("Deficiency Notice") was sent to the Claimants describing the defect(s) in the Claims and what, if anything, was necessary to cure the defect(s) in these Claims.  The Deficiency Notice advised Claimants that submission of appropriate information and/or documentary evidence to complete the Claim had to be sent within twenty (20) days from the date of the Deficiency Notice, or the Claim would be recommended for rejection to the extent that the deficiency or condition of ineligibility was not cured.  The Deficiency Notice also advised Claimants that to contest these administrative determinations, they were required to submit written statements to JND requesting Court review of their Claims and setting forth the basis for such requests.  JND sent a total of 792 Deficiency Notices to Claimants who filed paper Claims that JND determined to be defective.  Attached hereto as Exhibit A are examples of Deficiency Notices.

24.    Claimants' responses to Deficiency Notices were scanned into the Settlement Database and associated with the corresponding Claims.  The responses were then carefully reviewed and evaluated by JND's team of processors.  If a Claimant's response corrected the

-9-

defect(s), JND manually updated the Settlement Database to reflect the changes in the status of the Claim.

**B.      Electronic Claims**

25.      Approximately 52.8% of the E-Claims (*i.e.*, 6,275 of the 11,876 E-Claims) were incomplete or had one or more defects or conditions of ineligibility.  These 6,275 deficient E-Claims were filed by a total of 38 E-Claim filers.  JND informed each of these 38 E-Claim Filers of the deficiencies by sending an email ("Deficiency Email") to the email address included with the respective E-Claim Filers' Claim Form with an attached report containing detailed information associated with the Claims and indicating which of those Claims within the filing were deficient and/or rejected ("Deficiency Spreadsheet").  Attached hereto as Exhibit B is an example of the Deficiency Email and Deficiency Spreadsheet.

26.      The Deficiency Email sent to the email address of record provided with the Claim Form:

(a)      Notified the E-Claim Filer that any Claims with deficiencies not corrected within twenty (20) days from the date of the email may be rejected;

(b)      Advised the E-Claim Filer of his, her, or its right to contest the rejection of the Claim(s) and request this Court's review of JND's administrative determination within twenty (20) days from the date of the Deficiency Email; and

(c)      Provided instructions for how to submit corrections.

27.      The Deficiency Spreadsheet attached to the Deficiency Email identified each of the individual Claims that were found to be deficient or ineligible and the basis for that deficiency or condition of ineligibility.

-10-

28.     The E-Claim Filers' responses were reviewed, scanned and/or loaded into JND's database, and associated with the corresponding Electronic Claims.  If a response corrected the defect(s) or affected an Electronic Claim's status, JND manually and/or programmatically updated the database to reflect such change in status of the Electronic Claim.

## C.     Outreach Campaign to Claimants Who Did Not Cure Deficiencies

29.     JND also emailed and/or called Claimants with still-deficient Claims to provide them with a final opportunity to cure the deficiencies in their Claims.  JND contacted the still-deficient claims prior to their deficiency response due deadline to remind the Claimants/filers of their needed response.

30.     During this outreach campaign, when a JND agent spoke with a Claimant, he or she explained the Claim they submitted was still deficient and advised the Claimant of the steps required to cure the deficiency.  JND provided assistance to Claimants where possible, depending on the nature of the deficiency.  For example, if a Claimant needed additional supporting documentation, JND explained the types of documentation that would render the Claim eligible, and how the Claimant could obtain the necessary documentation.  JND also provided some Claimants with direct phone numbers and email addresses so that Claimants could receive continued personalized attention and assistance.

31.     If JND could not reach a Claimant to speak one-on-one, JND left a voice message, when possible, requesting a return call.  JND explained in the voice message that it was calling to assist the Claimant in remedying outstanding deficiencies in his, her or its Claim.  JND also reached out to Claimants via email if a valid email address was provided in their Claim submission.

-11-

32.     If, in response to a telephone call or email, a Claimant cured the deficiency in his, her or its Claim by providing the appropriate information and/or supporting documentation, JND updated the Settlement Database to reflect the change in the status of the Claim.

## VI.     **DISPUTED CLAIMS**

33.     Claimants were advised they had the right to contest JND's administrative determination of deficiencies or ineligibility within twenty (20) days from the date of notification and that they could request that these disputes be submitted to the Court for review.  More specifically, Claimants were advised in the deficiency notice that, if they disputed JND's determination, they had to provide a statement of reasons indicating the grounds for contesting the determination, along with supporting documentation, and if the dispute concerning their Claim could not otherwise be resolved, Lead Counsel would thereafter present the request for review to the Court for a final determination.  During this administration, JND received two requests for Court review, neither of which Claim calculates to a Recognized Claim in accordance with the Court-approved Plan of Allocation. JND reached out to Claimants who requested Court review ("Disputing Claimants") where possible to fully explain JND's administration determination with respect to their claim(s).  Two (2) requests for Court review remain outstanding ("Disputed Claims") and both claims have been determined to be otherwise ineligible. Attached hereto as Exhibit C are copies of the Disputed Claims with outstanding requests for Court review and the Disputing Claimants' supporting documentation and correspondence with JND. For privacy reasons, the documents included in Exhibit C have been redacted to remove personal information such as the Disputing Claimants' names, addresses, email addresses, telephone numbers, account numbers, Taxpayer ID, Social Security, or Social Insurance Numbers, and all financial and

transaction information not related to the Disputed Claimants' transactions in BBBY common stock. Below are the relevant details for the Disputed Claims:

A.    Claim D3SABD427X – The Claimant submitted a late Claim Form with supporting documentation showing one (1) purchase transaction for two hundred and eighty-nine (289) BBBY common stock shares on October 1, 2019, at a purchase price per share of $10.31 and one (1) sale transaction of two hundred and eighty-nine (289) shares on October 3, 2019, at sale price per share of $9.37.

As set forth in the Plan of Allocation, shares BBBY common stock that were purchased and otherwise acquired between September 4, 2019 and February 11, 2020 and sold between September 4, 2019 and February 11, 2020, the Recognized Loss shall be that number of shares multiplied by the lessor of: (1) the applicable figure for the purchase-date artificial inflation per share less the applicable figure for sales-date artificial inflation per share, as found in Table A; or (2) the difference between the purchase price per share and the sales price per share. There is no Recognized Loss because in the first scenario the purchase and the sale fall within the same artificial inflation period ($6.06 minus $6.06 = 0). *See* Notice ¶ 50.

On September 2, 2022, JND mailed notification to the Claimant that the Claim did not calculate to a Recognized Claim Under the Plan of Allocation. On September 22, 2022, JND received the Claimant's response to that determination, contesting JND's determination and requesting review by the Court. On September 27, 2022, JND corresponded with the Claimant explaining the determination of the Claim and requesting to resolve the request for Court review, however the Claimant indicated that he wanted to maintain his request for review by the Court. JND has reevaluated

the Claim and recommends this Claim be rejected as it does not calculate to a Recognized Claim under the Court-approved Plan of Allocation.

B.      Claim DSH8254VRQ - The Claimant submitted a timely Claim Form with supporting documentation showing five (5) purchase transactions for six thousand (6,000) BBBY common stock shares between September 30, 2019 and October 2, 2019, at a purchase price per share of between $9.97 and $10.75 and one (1) sale transaction of six thousand shares (6,000) on October 3, 2019, at a sale price per share of $9.70.

As set forth in the Plan of Allocation, shares BBBY common stock that were purchased and otherwise acquired between September 4, 2019 and February 11, 2020 and sold between September 4, 2019 and February 11, 2020, the Recognized Loss shall be that number of shares multiplied by the lessor of: (1) the applicable figure for the purchase-date artificial inflation per share less the applicable figure for sales-date artificial inflation per share, as found in Table A; or (2) the difference between the purchase price per share and the sales price per share. There is no Recognized Loss because in the first scenario the purchase and the sale fall within the same artificial inflation period ($6.06 minus $6.06 = 0). *See* Notice ¶ 50.

On September 2, 2022, JND mailed notification to the Claimant that the Claim did not calculate to a Recognized Claim Under the Plan of Allocation. On September 19, 2022, JND received the Claimant's response to that determination, contesting JND's determination and requesting review by the Court. JND was unable to contact the Claimant to explain JND's determination because no contact

information was provided with the Claim submission or request for Court review. JND has reevaluated the Claim and recommends this Claim be rejected as it does not calculate to a Recognized Claim under the Court-approved Plan of Allocation.

## VII.    LATE BUT OTHERWISE ELIGIBLE CLAIMS

34.    Of the Presented Claims, 132 were received or postmarked after the June 6, 2022 Claim submission deadline established by the Court.  JND processed all late Claims received through October 7, 2022 and 47 have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims").  JND has not rejected any Claim received through October 7, 2022 solely based on its late submission.  It is typical, and in fact the norm for courts to accept late filed claims in securities cases.  Therefore, to the extent these claims are eligible, but for the fact that they were late, they are recommended for payment by JND, subject to the Court's determination.

35.    However, there must be a final cut-off date after which no more Claims will be accepted so that there may be a proportional allocation of the Net Settlement Fund and the distribution may be accomplished.  Acceptance of additional Claims or responses to notices of deficiency received during the finalization of the administration and the preparation of this application would necessarily require a delay in the distribution.  Accordingly, JND respectfully requests that this Court order that no Claim received after October 7, 2022 be eligible for payment for any reason whatsoever.  Lead Counsel approves of this Claim cut-off date.

## VIII.   QUALITY ASSURANCE

36.    An integral part of the claims administration process is the Quality Assurance review.  Throughout the administration process, JND's Quality Assurance personnel worked to verify that Claims were processed properly by ensuring that information was entered correctly into

-15-

the database, deficiency and/or rejection message codes were assigned accurately, and deficiency and/or rejection notification letters were sent appropriately.  After all Claims were processed, deficiency and/or rejection letters were mailed, and Claimants' responses to the deficiency and/or rejection letters were reviewed and processed, JND's Quality Assurance personnel performed additional Quality Assurance reviews.  These final Quality Assurance reviews further ensured the correctness and completeness of all Claims processed prior to preparing this declaration and all JND's final documents in support of distribution of the Net Settlement Fund.  As part of the Quality Assurance reviews, JND:

(a)    Verified that Claim Forms had signatures of authorized individuals;

(b)    Verified that true duplicate Claims were identified, verified, and rejected;

(c)    Verified that persons and entities excluded from the Class did not file Claims or their Claims were rejected upon review;

(d)    Performed a final Quality Assurance audit of Claims and all supporting documentation to ensure completeness of Claims;

(e)    Performed an audit of deficient Claims;

(f)    Performed additional review of Claims with high Recognized Claim amounts;

(g)    Audited Claims that were designated invalid;

(h)    Audited Claims with a Recognized Claim amount equal to zero;

(i)    Performed other auditing based on Claims completion requirements and the approved calculation specifications based on the Court-approved Plan of Allocation; and

(j)    Re-tested the accuracy of the Recognized Claim amount calculation program.

37.    In support of the work described above, JND's computer staff designed and implemented, and the project team tested, the following programs for this administration: (a) data entry screens that store Claim information (including all transactional data included on each Claim) and attach messages and, where necessary, text to denote conditions existing within the Claim; (b) programs to load and analyze transactional data submitted electronically for all Electronic Claims; (c) a program to compare the claimed transaction prices against the reported market prices to confirm that the claimed transactions were within an acceptable range of the reported market prices; (d) a calculation program to analyze the transactional data for all Claims, and calculate each Claimant's Recognized Claim based on the Court-approved Plan of Allocation; and (e) programs to generate various reports throughout and at the conclusion of the administration, including lists of all eligible and ineligible Claims.

38.    JND also used a variety of fraud protection controls throughout the administration process to identify potential fraudulent Claims. Duplicate Claim searches, high value reviews, spot reviews and other standard audit reports that examined the information in a variety of ways were used during the Claim review process.

39.    As part of its due diligence in processing the Claims, JND reviewed and compared the entire settlement database against a "watch list" of known questionable filers that JND has developed throughout its years of experiences as a Claim Administrator. JND has worked closely with law enforcement to update that watch list with the latest information available. JND performs searches based on names, aliases, addresses, and city/zip codes. In addition, JND's claim processors are trained to identify any potentially inauthentic documentation when processing

claims, including claims submitted by Claimants not previously captured in the "watch list." Processors are instructed to message code any claim that matches to a record on the "watch list" and escalate them to management for review. JND's Fraud Protection procedures identified no potentially fraudulent Claims.

## IX.    RECOMMENDATIONS FOR APPROVAL AND REJECTION

40.    As noted above, we received a total of 13,700 Claims.

### A.    Timely Submitted and Valid Claims

41.    A total of 13,568 Claims were received or postmarked on or before the Court-approved Claim submission deadline of June 6, 2022, of which 6,900 were determined by JND to be eligible and are recommended for approval ("Timely Eligible Claims"). The total Recognized Claim amount for these Claims is $109,858,805.58. A list with the timely Eligible Claims showing each Claimant's Recognized Claim is attached hereto as Exhibit D.

### B.    Late But Otherwise Eligible Claims

42.    A total of 132 Claims were received or postmarked after the Court-approved Claim submission deadline of June 6, 2022 but received on or before October 7, 2022. Of those, 47 were determined by JND to be otherwise eligible and are recommended for approval ("Late But Otherwise Eligible Claims"). The total Recognized Claim amount for these Claims is $2,351,067.18. A list with the Late But Otherwise Eligible Claims showing each Claimant's Recognized Claim is attached hereto as Exhibit E.

### C.    Total Eligible Claims

43.    In total, JND determined that 6,945 of the Claims (timely and late but otherwise eligible) were eligible and are recommended for approval, representing a total of $112,206,198.76 of recognized losses pursuant to the Plan of Allocation.

**D.    Rejected Claims**

44.    After the responses to notices of deficiencies were processed, a total of 6,753 Claims remain recommended for rejection by the Court ("Rejected Claims") for the following reasons:

       (a)    2,323 Claims Did Not Result in a Recognized Claim;

       (b)    3,508 Claims Did Not Fit Definition of the Class;

       (c)    910 Deficient Claims Never Cured;

       (d)    7 Duplicate Claims; and

       (f)    5 Claims were withdrawn.

45.    A list of the Rejected Claims with the reasons for rejection is attached hereto as Exhibit F.

**X.    FEES AND DISBURSEMENTS**

46.    JND agreed to be the Claims Administrator in exchange for payment of its fees and out-of-pocket expenses. Nevertheless, JND has done its best to keep costs as low as possible.   JND's total fees and expenses for this matter through September 30, 2022, are $322,499.27. *See* Exhibit G (copies of all JND invoices for this matter). In addition, the brokerage firm and nominees charged JND $50,301.84 for their work related to this matter.  To date, JND has been reimbursed the amount of $333,102.78.  JND respectfully requests payment of the remaining balance of $39,698.33, for fees, expenses and broker fees, and $32,191.70 in anticipation of the fees and expenses that will be incurred in making the initial distribution.  If the anticipated fees and expenses to conduct the initial distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund.

## XI.    DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

47.    Should the Court concur with JND's determinations concerning the provisionally accepted and rejected Claims, including the Late But Otherwise Eligible Claims, JND recommends the following distribution plan (the "Distribution Plan"):

(a)    JND will conduct an initial distribution (the "Initial Distribution") of the Net Settlement Fund, after deducting all payments approved by the Court, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees as follows:

(i)    JND will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. In accordance with the Court-approved Plan of Allocation, JND will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation.

(ii)    JND will, pursuant to the terms of the Plan of Allocation, eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00.

(iii)    After eliminating claimants who would receive less than $10.00, JND will recalculate the *pro rata* distribution payments for Authorized Claimants who would receive $10.00 or more.

(iv)    JND will then conduct the Initial Distribution of the Net Settlement Fund in accordance with the Court's order.

-20-

(b)     In order to encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY.   VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE."[2]

(c)     Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions set forth in footnote 2 will irrevocably forfeit all recovery from the Settlement.  The funds allocated to all such stale-dated checks will be available to be redistributed to other Authorized Claimants if Lead Counsel, in consultation with JND, determine that it is cost-effective to conduct a second distribution.   Similarly, Authorized Claimants who do not cash their second or subsequent distribution checks (should such distributions occur) within the time allotted

---

[2]  For Authorized Claimants whose checks are returned as undeliverable, JND will endeavor to locate new addresses by running the undeliverable addresses through address-lookup services. Where a new address is located, JND will update the database accordingly and reissue a distribution check to the Authorized Claimant at the new address.  In the event an Authorized Claimant loses or damages his, her, or its check, or otherwise requires a new check, JND will issue replacements.  Distribution reissues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check where appropriate.  For all checks, JND will void the initial payment prior to reissuing a payment.  In order not to delay further distributions to Authorized Claimants who have timely cashed their checks, JND's outreach program, described in the preceding sentences, shall end 30 days after the initial void date.  Authorized Claimants will be informed that, if they do not cash their Initial Distribution checks within 90 days of the mail date, or they do not cash reissued checks within 30 days of the mailing of such reissued check, their check will lapse, their entitlement to recovery will be irrevocably forfeited, and the funds will be reallocated to other Authorized Claimants. Reissue requests for lost or damaged checks will be granted after the void date on the checks as long as the request for the reissue is received no later than 45 days prior to the next planned distribution.   Requests for reissued checks in connection with any subsequent distributions (should such distributions occur) will be handled in the same manner.

-21-

or on the conditions set forth in footnote 2 will irrevocably forfeit any further recovery from the Net Settlement Fund.

(d)     Consistent with the Court-approved Plan of Allocation, after JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in footnote 2, but not earlier than six (6) months after the Initial Distribution, JND will, if Lead Counsel, in consultation with JND, determine that it is cost-effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution").  Any amounts remaining in the Net Settlement Fund after the Initial Distribution (the funds for all void stale-dated checks), after paying any amounts mistakenly omitted from the initial disbursement, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including JND's estimated costs of the Second Distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their first distribution check and who would receive at least $10.00 from such distribution based on their *pro rata* share of the remaining funds.  Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur until Lead Counsel, in consultation with JND, determine that further distribution is not cost-effective.

(e)    At such time as Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed pursuant to the *cy pres* doctrine, with a beneficiary or beneficiaries to be agreed upon by Settling Parties and approved by the Court.

(f)    No new Claims may be accepted after October 7, 2022, and no further adjustments to Claims received on or before October 7, 2022, may be made for any reason after October 7, 2022.

(g)    Unless otherwise ordered by the Court, one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the Initial Distribution, JND may destroy the paper copies of the Claims and all supporting documentation, and one year after all funds have been distributed, JND may destroy electronic copies of the same.

-23-

## XII.   CONCLUSION

48.     JND respectfully requests that the Court enter an Order approving its administrative determinations accepting and rejecting the Claims submitted in the Action and approving the proposed Distribution Plan.   JND further respectfully submits that its fees and expenses, as reflected on the invoices attached hereto as Exhibit G, should be approved for payment from the Settlement Fund.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New Hyde Park, New York, on November 21, 2022

*[signature]*

Luiggy Segura

# EXHIBIT A

# DEFICIENCY

# NOTICES

Claim ID:

**Bed Bath & Beyond Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91135**
**Seattle, WA 98111**

**Email: info@BedBathBeyondSecuritiesLitigation.com**
**Toll-Free Number: 866-853-5009**
**Settlement Website: www.BedBathBeyondSecuritiesLitigation.com**

**Mailing Date:**
**Response Due Date:**

**Claim ID:**

**Eligible Security: Bed Bath & Beyond Common Stock**

**Class Period: Between September 4, 2019 through February 11, 2020, inclusive**

## NOTICE OF DEFICIENT/INELIGIBLE CLAIM SUBMISSION

Dear Claimant:

We received and processed the Proof of Claim and Release Form you submitted in the above-referenced securities litigation settlement. We have determined based on our review of your Claim, that the Claim is deficient or ineligible for the reason(s) identified below.  In order to resolve the deficiencies; you must submit a written response with any required documentation as specified below postmarked no later than the due date printed at the top of this notice. Please include a copy of this notice with your response.   **If you fail to respond by the response due date set forth above, or if your response fails to cure the condition(s) identified below, this Claim will be rejected to the extent that those conditions remain uncured. This is the only notice you will receive with respect to this Claim.**

   **Reason for deficiency/ineligibility (Please see below for explanation):**
        **NO PURCHASE(S) WERE CLAIMED IN THE CLASS PERIOD**

Claim ID:

**Explanation of Claim Deficiency/Ineligibility:**

**NO PURCHASE(S) WERE CLAIMED IN THE CLASS PERIOD**

This Claim does not contain any purchases of BBBY Common Stock during the Class Period, i.e., from September 4, 2019 through February 11, 2020 inclusive.

**How To Fix:**

You can only resolve this deficiency by submitting documentation supporting purchases of BBBY Common Stock during the Class Period.
Please Note: If you have purchase transactions of BBBY Common Stock during this period, you must also provide this and all other information and supporting documentation called for in the Proof of Claim and Release Form with respect to your holdings of and transactions in BBBY Common Stock.

Claim ID:

**Please note, even if you cure the noted deficiencies, your Claim must then calculate to a Recognized Claim under the Plan of Allocation in order to be included in the list of eligible Claims presented to the Court for approval.** If you disagree with the conditions identified in this notice, you may contact us for assistance and/or request Court Review of our administrative determination regarding your Claim.

To request Court Review, you must send a letter to the Claims Administrator at the address indicated above no later than the response deadline set forth above. Your letter, which must be signed, must (1) specifically state that you "request that the Court Review the full or partial rejection of your Claim"; (2) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (3) include any and all documentation supporting your arguments. A copy of this letter must be included with your request for Court review. **PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S DETERMINATION REGARDING YOUR CLAIM. SPECIFICALLY, THE COURT REVIEW SHOULD BE REQUESTED IF YOU DISAGREE WITH THE PROCESSING AND CALCULATION OF YOUR CLAIM ACCORDING TO THE COURT APPROVED PLAN OF ALLOCATION. THE COURT REVIEW IS NOT THE SAME AS OBJECTING TO THE PLAN OF ALLOCATION. THE OBJECTION DEADLINE, WAS MAY 5, 2022 AND HAS PASSED.**

If you have any questions about this notice or any of the noted deficiencies, or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at the telephone number or email address noted above.

Sincerely,

JND Legal Administration

Claim ID:

**Bed Bath & Beyond Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91135**
**Seattle, WA 98111**

**Email: info@BedBathBeyondSecuritiesLitigation.com**
**Toll-Free Number: 866-853-5009**
**Settlement Website: www.BedBathBeyondSecuritiesLitigation.com**

**Mailing Date:**
**Response Due Date:**

**Claim ID:**

**Eligible Security: Bed Bath & Beyond Common Stock**

**Class Period: Between September 4, 2019 through February 11, 2020, inclusive**

## NOTICE OF DEFICIENT/INELIGIBLE CLAIM SUBMISSION

Dear Claimant:

We received and processed the Proof of Claim and Release Form you submitted in the above-referenced securities litigation settlement. We have determined based on our review of your Claim, that the Claim is deficient or ineligible for the reason(s) identified below.  In order to resolve the deficiencies; you must submit a written response with any required documentation as specified below postmarked no later than the due date printed at the top of this notice. Please include a copy of this notice with your response.  **If you fail to respond by the response due date set forth above, or if your response fails to cure the condition(s) identified below, this Claim will be rejected to the extent that those conditions remain uncured. This is the only notice you will receive with respect to this Claim.**

**Reason for deficiency/ineligibility (Please see below for explanation):**
**NO DOCUMENTATION WAS PROVIDED TO SUPPORT THE CLAIM**

Claim ID:

**Explanation of Claim Deficiency/Ineligibility:**

**NO DOCUMENTATION WAS PROVIDED TO SUPPORT THE CLAIM**

You did not provide any documentation for the Claim.

**How To Fix:**

You can resolve this deficiency by submitting acceptable documentation to support the Claim. Opening holding position, all transactions between September 4, 2019 and May, 11, 2020, and the number of shares held at close of trading on May 11, 2020 must be properly documented.

Specifically, the supporting documentation for each transaction must reflect the purchase (acquisition)/sale date, the number of shares purchased (acquired)/sold and the price paid/received per share. With respect to the required "holding" positions, the documentation need only support the number of shares held as of the dates set forth in Proof of Claim and Release Form.

Acceptable documentation includes securities broker's confirmation slips, month and year-end account statements or similar documentation (self-generated documents are not acceptable).

Claim ID:

**Please note, even if you cure the noted deficiencies, your Claim must then calculate to a Recognized Claim under the Plan of Allocation in order to be included in the list of eligible Claims presented to the Court for approval.** If you disagree with the conditions identified in this notice, you may contact us for assistance and/or request Court Review of our administrative determination regarding your Claim.

To request Court Review, you must send a letter to the Claims Administrator at the address indicated above no later than the response deadline set forth above. Your letter, which must be signed, must (1) specifically state that you "request that the Court Review the full or partial rejection of your Claim"; (2) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (3) include any and all documentation supporting your arguments. A copy of this letter must be included with your request for Court review. **PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S DETERMINATION REGARDING YOUR CLAIM. SPECIFICALLY, THE COURT REVIEW SHOULD BE REQUESTED IF YOU DISAGREE WITH THE PROCESSING AND CALCULATION OF YOUR CLAIM ACCORDING TO THE COURT APPROVED PLAN OF ALLOCATION. THE COURT REVIEW IS NOT THE SAME AS OBJECTING TO THE PLAN OF ALLOCATION. THE OBJECTION DEADLINE, WAS MAY 5, 2022 AND HAS PASSED.**

If you have any questions about this notice or any of the noted deficiencies, or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at the telephone number or email address noted above.

Sincerely,

JND Legal Administration

# EXHIBIT B DEFICIENCY EMAIL AND DEFICIENCY SPREADSHEET

Dear Electronic Claim Filer:

Your claim submission(s) for the Bed Bath & Beyond Securities Litigation, has/have been reviewed by the Claims Administrator and claim(s) contained in your submission were found to be deficient/ineligible. A list of the claim(s), transaction(s) and our determinations are found in the attachment. A deficiency/ineligible key has also been enclosed to further describe the claim/transaction status and provide insight on ways to cure your claim(s), if possible.

You will have 20 calendar days from the date of this email to provide your deficiency response. If no response is provided, your claim(s) will be presented to the Court in the current status.

If you disagree with the conditions identified in this notice, you may contact us for assistance and/or request Court Review of our administrative determination regarding your Claim. To request Court Review, you must send an email to the Claims Administrator. Your email must: (1) specifically state that you "request that the Court review the full or partial rejection of you Claim"; (2) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (3) include any and all documentation supporting your arguments.

PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S PROCESSING ACCORDING TO THE COURT APPROVED PLAN OF ALLOCATION AND ULTIMATE DETERMINATION REGARDING YOUR CLAIM.

Please submit all documentation to cure your deficiency/ineligible claim(s) via email to BBBSecurities@JNDLA.com.

Please reply to this email if you have any questions regarding your deficiency or claim submission.

The attached spreadsheet is password protected. A follow-up email with the password will be sent shortly.


Regards,
Claims Administrator
Bed Bath & Beyond Securities Litigation
PO Box 91135
Seattle, WA 98111
866-853-5009
www.BedBathBeyondSecuritiesLitigation.com

| JND ID | Claim ID | Account | Account Name | Deficiency |
|---|---|---|---|---|
| XX | XXX | X | XXXXXX | XX |
| XXX | XX | XX | XX | XX |
| XX | XXXXX | XXXXX | XXXXX | X |

| JND ID | Claim ID | Account | Account Name | Transaction Type | Transaction Date | Quantity | Share Price | Total Price | Deficiency |
|--------|----------|---------|--------------|------------------|------------------|----------|-------------|-------------|------------|
| XX | XXX | XX | X | X | X | XXX | XX | XX | XX |
| XX | XXXX | XX | X | XXXX | XX | XX | XX | XXXX | XXX |
| XXX | XX | XX | X | X | XXXX | XX | X | XX | X |
| X | X | XXX | X | XX | X | XXXX | XXX | XX | XXXX |
| X | XXX | XXX | X | XX | XX | XX | XXXX | XX | X |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

| Claim Level | | | |
|---|---|---|---|
| Deficiency ID | Deficiency Name | Deficiency Description | How to Fix |
| XX | CLAIM DOES NOT BALANCE | The Claim as submitted was not a balanced Claim. The purchases of BBBY Common Stock does not equal sales plus the number of shares held at close of trading on May 11, 2020. The total number of shares entered in sections 1, 2, and 3 must equal the total number of shares entered in sections 4, and 5 of the Schedule of Transactions in BBBY Common Stock. | You can resolve this deficiency by supplying all the called-for share amounts in the Schedule of Transactions in BBBY Common Stock together with the required revised data. |
| XX | CLAIM SUBMITTED WAS FOR AN INELIGIBLE SECURITY | The security(ies) listed in your Claim is (are) not an eligible security. BBBY Common Stock is the only security eligible under the Settlement. | You can only resolve this deficiency by submitting documentation supporting purchases of BBBY Common Stock during the Class Period, from September 4, 2019 through February 11, 2020, inclusive.  Please Note:  If you have purchase transactions of BBBY Common Stock during this period, you must also provide this and all the other information and supporting documentation called for in the Claim Form with respect to your holdings of and transactions. |
| XX | NO PURCHASES WERE CLAIMED IN THE CLASS PERIOD | This Claim does not contain any purchases of BBBY Common Stock during the Class Period, i.e., from September 4, 2019 through February 11, 2020 inclusive. | You can only resolve this deficiency by submitting documentation supporting purchases of BBBY Common Stock during the Class Period. Please Note: If you have purchase transactions of BBBY Common Stock during this period, you must also provide this and all other information and supporting documentation called for in the Proof of Claim and Release Form with respect to your holdings of and transactions in BBBY Common Stock. |
| XX | DUPLICATE CLAIM FILED | The Claim referenced is a duplicate and is therefore, rejected. | You can only resolve this condition of ineligibility if you can demonstrate that this Claim is not a duplicate of the Primary Claim.  You must send an email explaining why you believe this Claim should not be deemed a duplicate along with acceptable documentation to support your position.  If you acknowledge that this Claim is a duplicate of the Primary Claim but wish this Claim to be the operative Claim and the Primary Claim to be rejected, a signed, notarized letter from the beneficial owner of the securities stating that this Claim should be considered and that the Primary Claim should be withdrawn must be submitted along with a copy of this notice. |
| XX | CLAIM SUBMITTED BY OR ON BEHALF OF AN EXCLUDED PERSON OR ENTITY | The person or entity on whose behalf this Claim was filed is an excluded person or entity under the terms of this Settlement | Excluded from the Class are: a. such persons or entities who submit valid and timely requests for exclusion from the Class; b. such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and c. BBBY and (i) all officers and directors of BBBY during the Class Period (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), (ii) BBBY's Affiliates, subsidiaries, successors, and predecessors, (iii) any entity in which BBBY or any individual identified in subpart (i) has or had during the Class Period a Controlling Interest, and (iv) for the individuals identified in subpart(s) (i), (ii) and/or (iii), their Family Members, legal representatives, heirs, successors, and assigns.<br><br>If you believe that the person or entity on whose behalf this Claim was filed was incorrectly identified as an Excluded Person, please contact or call the Claims Administrator. |
| XX | CLAIM DOES NOT CALCULATE TO A RECOGNIZED CLAIM UNDER THE PLAN OF ALLOCATION | In accordance with the Plan of Allocation set forth in the Notice, the Claim referenced above does not calculate to a Recognized Claim and is, therefore, ineligible to receive a payment from the Net Settlement Fund. | You can resolve this condition of ineligibility only by submitting additional purchase transactions of BBBY Common Stock during the Relevant Period, i.e., from September 4, 2019 through February 11, 2020, inclusive, that were not previously reflected in your Claim and which make your Claim calculate to a Recognized Claim. You must also support any additional transactions with acceptable documentation.<br><br>Acceptable documentation includes securities broker's confirmation slips, month- and year-end account statements or similar documentation (self-generated documents are not acceptable). |
| XX | MISSING TRANSACTION INFORMATION | The information as entered on your submission did not include all details for the transaction(s). | You can resolve this deficiency by supplying all the called-for transactional information in a revised data file. |

| Transaction Level Deficiency | | | |
|---|---|---|---|
| Deficiency ID | Deficiency Name | Deficiency Description | How to Fix |
| XX | TRANSACTION(S) IS/ARE TRANSFER IN(S) | The Claim referenced contains one or more transactions that were presented or identified as a gift or transfer into your account (also called a "free receipt") during the Class Period.  The data submitted, however, does not reflect when the shares were purchased. | In order for the Claim to be properly calculated, you must submit revised data that provides information regarding the **original** purchase/acquisition of the shares in the noted transactions before they were transferred into the account.  Specifically, you must submit, with respect to each transaction, revised data that reflects the date on which the shares in each transaction were purchased/acquired. |
| XX | PRICE PER SHARE OUT OF RANGE | The price per share or the price X quantity is outside of the normal range for that day. Please check dates and data. If you submitted a transaction(s) in a foreign currency, the Price Per Share and Net Amount have been converted to US Dollars, therefore, the transaction information will not appear as it was submitted. | Please review your data to confirm the price of the transaction. If the data is correct, provide adequate supporting documentation substantiating the price and/or net amount. Please note that the transactions must have occurred on a US exchange. |
| XX | NET OUT OF RANGE | The price X quantity is outside of the normal range. Please check dates and data. If you submitted a transaction(s) in a foreign currency, the Price Per Share and Net Amount have been converted to US Dollars, therefore the transaction information will not appear as submitted. | Please review your data to confirm the net amount of the transaction. If the data is correct, provide adequate supporting documentation substantiating net amount. Please note that the transactions must have occurred on a US exchange. |
| XX | INELIGIBLE SECURITY(IES) CLAIMED FOR CERTAIN TRANSACTION(S) | The security claimed for the transaction(s) set forth is not the eligible security for this settlement. | The only security eligible in this Settlement is BBBY Common Stock.  If you did not purchase BBBY common stock during the Class Period, you are not eligible to participate in the Settlement. |
| XX | TRANSACTION(S) IS/ARE OUTSIDE CLASS PERIOD | The purchase Transaction(s) set forth did not occur during the Class Period. Unless the date(s) originally submitted are incorrect, then the transaction(s) will not be included in your Claim. | |
| XX | TRANSACTION(S) IS/ARE TRANSFER(S) OUT | The Claim referenced contains one or more transactions that were presented or identified as a transfer out of your account (also called a "free delivery") during the Relevant Period.  The data submitted, however, does not reflect the date and means of final disposition of the shares. | In order to include the shares in the calculation of the Claim, you must submit revised data demonstrating the final sale of those shares subsequent to the transfer out of the account occurred during the period of September 4, 2019 through May 11, 2020, both dates inclusive, or held as of close of trading on May 11, 2020. Specifically, if the shares identified below as a "Transfer Out" were ultimately sold during the period of September 4, 2019 through February 12, 2020, both dates inclusive, you must submit, with respect to each transaction, revised data that reflects the date of the final sale of the shares. |

# EXHIBIT C

# CLAIM

# DISPUTES

# DISPUTE #1
# CLAIM #
# D3SABD42X

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications about this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. You must provide complete names of all persons and entities.

Beneficial Owner's First Name                MI        Beneficial Owner's Last Name

████████████████████                                  ████████████████

Joint Beneficial Owner's First Name (*if applicable*)    MI    Joint Beneficial Owner's Last Name

If this claim is submitted for an IRA, and if you would like any check that you might be eligible to receive to be made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

███████████████

Street Address

████████████████

City                                State/Province        ZIP/Postal Code

████████████                         ██████████            ██████████

Foreign Postal Code (if applicable)        Foreign County (if applicable)

Telephone Number (Day)                     Telephone Number (Evening)

████████████████████████                   —         —

Email address (email address is not required, but, if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

[✓] Individual(s)      [ ] Corporation      [ ] UGMA Custodian      [ ] IRA      [ ] Partnership

[ ] Estate             [ ] Trust            [ ] Other (describe): _____

2

# PART III – SCHEDULE OF TRANSACTIONS IN BBBY COMMON STOCK

Use this section to provide information on your holdings and trading of BBBY Common Stock (NASDAQ Ticker Symbol: BBBY; CUSIP: 075896100) during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.

**1. HOLDINGS AS OF SEPTEMBER 4, 2019**– State the total number of shares of BBBY Common Stock held as of the **opening of trading** on September 4, 2019.  (Must be documented.)  If none, write "zero" or "0."      *0*

Confirm Proof of Position Enclosed ☐

**2. PURCHASES/ACQUISITIONS FROM SEPTEMBER 4, 2019 THROUGH FEBRUARY 11, 2020** – Separately list each and every purchase or acquisition (including free receipts) of BBBY Common Stock from after the opening of trading on September 4, 2019 through and including the close of trading on February 11, 2020.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| 10 / 01 / 19 | 289 | $ 10.31 | $ 2979.59 | ☑ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM FEBRUARY 12, 2020 THROUGH MAY 11, 2020** – State the total number of shares of BBBY Common Stock purchased or acquired (including free receipts) from February 12, 2020 through the close of trading on May 11, 2020.  If none, write "zero" or "0." _____

**4. SALES FROM SEPTEMBER 4, 2019 THROUGH MAY 11, 2020** – Separately list each and every sale or disposition (including free deliveries) of BBBY Common Stock from after the opening of trading on September 4, 2019 through and including the close of trading on May 11, 2020. (Must be documented.)

IF NONE, CHECK HERE ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| 10 / 03 / 19 | 289 | $ 9.73 | $ 2806.96 | ☑ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**4. HOLDINGS AS OF MAY 11, 2020** – State the total number of shares of BBBY Common Stock held as of the close of trading on May 11, 2020. (Must be documented.)  If none, write "zero" or "0." _____

Confirm Proof of Position Enclosed ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

Questions? Visit www.BedBathBeyondSecuritiesLitigation.com or call toll-free at 866-853-5009
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy