**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEPHEN AND JUNE VITIELLO,** **Individually and on Behalf of All Others Similarly Situated,** | **No. 2:20-cv-04240-MCA-MAH** |
| **Plaintiffs,** | |
| **v.** | |
| **BED BATH & BEYOND INC.,** *et al.***,** | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF LEAD COUNSEL'S UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS AND APPROVAL OF *CY PRES* RECIPIENT**

00719581;V1

Pursuant to paragraphs 30 and 52 of the Stipulation,[1] which is incorporated in the Order Approving Class Action Settlement and an Award of Attorneys' Fees (ECF No. 90) (the "Judgment"), and upon the accompanying Declaration of Luiggy Segura of JND Legal Administration ("JND" or the "Claims Administrator") in Support of Lead Plaintiff's Unopposed Motion for Class Distribution Order (the "Segura Declaration"), submitted on behalf of JND, Lead Counsel seeks a class distribution order, which will, *inter alia*: (i) approve distribution of the Net Settlement Fund in accordance with the distribution plan described in the Segura Declaration; (ii) approve JND's administrative determinations accepting and rejecting Claims as set forth in the Segura Declaration; (iii) approve payment of JND's remaining requested fees and expenses associated with administering the Settlement, as reflected on the invoices attached as Exhibit G to the Segura Declaration; and (iv) approve Lead Counsel's choice of Investor Protection Trust as the *cy pres* recipient should funds remain after distribution.

## I.      INTRODUCTION

On June 3, 2022, the Court entered the Judgment and created the Net Settlement Fund for the Settlement Class as defined in the Stipulation.[2]  The deadline for Settlement Class members to make a Claim from the Net Settlement Fund was June 6, 2022.  The Claims Administrator reports that it received 13,700 claims in total and that all eligible claims have been received, reviewed, and are ready to be paid.  The Claims Administrator further reports that there remain two outstanding claims in dispute that it believes should not be paid.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 29, 2021 (the "Stipulation"), previously filed with the Court (ECF No. 66-3).  The Settlement is contained in the Stipulation.

[2] The parties agreed to have Magistrate Hammer adjudicate the motions for preliminary and final approval, including enforcement of the Settlement.  *See* ECF No. 90 at paragraph 27 (Order Approving Class Action Settlement).

00719581;V1

Lead Counsel has reviewed the Claims Administrator's findings and agrees that the properly documented Claims should be paid, including the late claims received prior to October 7, 2022. Lead Counsel also reviewed the two outstanding disputed claims. The Court should approve Lead Counsel and JND's finding that neither disputed claim should be paid because, as discussed below, neither claimant suffered a loss in connection with the alleged fraud as delineated in the Plan of Allocation. Lead Counsel has also reviewed the Claims Administrator's invoices and requests, which are reasonable for this case – particularly in light of the huge amount of claims (13,700) JND processed.

Finally, the Stipulation provides that any "portion of the Net Settlement Amount that cannot be distributed pursuant to the Plan of Allocation shall be distributed pursuant to the cy pres doctrine, with a beneficiary or beneficiaries to be agreed upon by the Settling Parties and approved by the Court." *See* ECF No. 66-3 at 26. Should any such funds remain after distribution (and re-distribution if economically feasible), Lead Counsel recommends that they be given to Investor Protection Trust, an appropriate non-profit organization. *See infra* at 5-6.

Accordingly, Lead Counsel's motion should be granted in its entirety.

## II. THE CLAIMS SUBMITTED FOR PAYMENT

All notices informed the Settlement Class that June 6, 2022 was the due date for filing Claims. As a result of the notice program (including mailings, press releases, and Settlement website portal), the Claims Administrator received 13,700 Claims in connection with the Settlement. *See* Segura Declaration ¶ 8. One hundred thirty-two (132) of those Claims were received after June 6, 2022. *Id*. at ¶ 34. The Claims Administrator processed all late Claims received through October 7, 2022, and forty-seven (47) of those Claims have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims"). *Id*. The Claims Administrator has not rejected any Claim received through October 7, 2022 solely based on its late

00719581;V1

submission.  It is typical, and in fact the norm for courts to accept late filed claims in securities cases.  *Id*.  Accordingly, Lead Counsel requests that the Court also accept those forty-seven (47) Late But Otherwise Eligible Claims.

The Claims Administrator reviewed the 13,700 claims in accordance with the requirements for payment pursuant to the Plan of Allocation.  Ultimately, the Claims Administrator determined that 6,945 of the Claims were eligible and are recommended for approval (the "Authorized Claims").[3]  Segura Declaration ¶ 43.  The Authorized Claims represent $112,206,198.76 of recognized losses pursuant to the Plan of Allocation.  *Id*.

### III.    THE COURT SHOULD APPROVE PAYMENT OF THE AUTHORIZED CLAIMS

The Claims Administrator carefully reviewed, analyzed, and processed the Claims. Authorized Claims required documentation and a recognized loss as calculated under the Plan of Allocation.  The Segura Declaration discusses the review of the Claims and provides backup for the Court's consideration.  *Id*.  Lead Counsel agrees that the Authorized Claims should be paid from the Net Settlement Fund as soon as possible.

The Claims Administrator will follow the procedure for payment of Authorized Claims as previously ordered in the Preliminary Approval Order and the Judgment.  In addition, Lead Counsel joins the Claims Administrator in its recommendation that all checks for Authorized Claim bear the notation, "CASH PROMPTLY.  VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED 180 DAYS AFTER ISSUE DATE" in order to encourage prompt cashing of checks.  *See* Segura Declaration ¶ 47(b).  Accordingly, Lead Counsel requests payment of the

---

[3] This total includes the forty-seven (47) Late But Otherwise Eligible Claims.

00719581;V1

Authorized Claims with a requirement that checks be cashed within ninety (180) days after the issue date.

## IV.    THE DISPUTED CLAIMS SHOULD NOT BE PAID

There are two outstanding disputed claims.  *See* Segura Decl. ¶ 33.  Under the Plan of Allocation, a claimant will only have a Recognized Loss if he, she, or it purchased BBBY common stock during the Class Period ***and*** either (a) sold shares after one or both of the corrective disclosures or (b) still holds shares purchased during the Class Period.  Both of the disputed claims concern "in-and-out" transactions, *i.e.*, the claimants suffered their loss before both of the alleged corrective disclosures.  In the first disputed claim, the claimant bought 289 shares on October 1, 2019 and sold them for a loss on October 3, 2019.  *Id.*  In the second disputed claim, the claimant bought 6,000 BBBY shares of common stock between September 30, 2019 and October 2, 2019 and sold them on October 3, 2019 at a loss.  *Id.*  As demonstrated by the Plan of Allocation, the corrective disclosures revealing the alleged fraud to the market in this case were January 8, 2020 and February 11, 2020.  *See* ECF No. 66-7 (Stipulation Ex. D).  Thus, both disputing claimants suffered losses ***before*** the alleged fraud was revealed and JND properly found them to have no Recognized Loss.

## V.    THE COURT SHOULD APPROVE PAYMENT OF THE REMAINING ADMINISTRATION RELATED FEES AND EXPENSES

JND worked hundreds of hours processing almost 14,000 claims in this matter.  *See* Segura Declaration Ex. G.  The fees and expenses charged by the Claims Administrator for notice and processing Claims in this matter through September 2022 are $322,497.27.  Segura Decl. ¶ 16.  In addition, the brokerage firm and nominees charged JND $50,301.84 for their work related to this matter.  *See id.*  To date, JND has been reimbursed the amount of $333,102.78.  Thus, JND has an

00719581;V1

4

outstanding balance of $39,698.33. *See id*. This amount is within the expected range for the work the Claims Administrator must do in order to administer the Settlement. *Id*.

## VI. RECORDS RETENTION AND DESTRUCTION

The Claims Administrator reports that if it is required to maintain Claim Forms and related documents for an extended period, that it will incur costs for storing such information. Segura Declaration ¶ 47(g). In order to prevent additional charges to the Settlement Class, Lead Counsel requests that the Court order that: (i) the Claims Administrator may destroy the paper copies of the Claims and all supporting documentation one (1) year after the second distribution, if that occurs, or, if there is no second distribution, two (2) years after the initial distribution; and (ii) the Claims Administrator may destroy all electronic copies of the same one (1) year after all funds have been distributed. *Id*.

## VII. THE INVESTOR PROTECTION TRUST SHOULD BE APPROVED AS *CY PRES* RECIPIENT

The Stipulation provides that any "portion of the Net Settlement Amount that cannot be distributed pursuant to the Plan of Allocation shall be distributed pursuant to the *cy pres* doctrine, with a beneficiary or beneficiaries to be agreed upon by the Settling Parties and approved by the Court." *See* ECF No. 66-3 at 26. Should any such funds remain, Lead Counsel recommend that they be given to Investor Protection Trust.

Investor Protection Trust is a nonprofit organization devoted to independent and unbiased investor education, research, and support of investor protection efforts. Since 1993, the Investor Protection Trust has worked at the state and national level to provide independent and objective investor education to enable the public to make informed investment decisions. The Investor Protection Trust is related to both the injuries Lead Plaintiff suffered and the objectives of the underlying statutes on which Lead Plaintiff bases his claims. Moreover, Investor Protection Trust

00719581;V1

5

functions under the direction of a Board of Trustees which is composed of various State Securities Regulators.

Courts have approved of Investor Protection Trust as a *cy pres* recipient. *See, e.g., Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *2, 11 (N.D. Ca. Dec. 18, 2018) (approving settlement over objection of class member and stating that "the Court concludes that the Investor Protection Trust's mission of educating investors makes it an appropriate cy pres beneficiary"); *In re Portland General Electric Sec. Litig*, No. 20-cv-1583-SI (D. Or. Mar. 22, 2022) (approving Investor Protection Trust as *cy pres* recipient).

Accordingly, the Court should approve Investor Protection Trust as the *cy pres* recipient should monies remain in the Net Settlement Fund after the distribution(s).

## VIII.  CONCLUSION

For all the foregoing reasons, Lead Counsel respectfully requests that the Court enter the proposed class distribution order: (i) approving distribution of the Net Settlement Fund in accordance with the distribution plan described in the Segura Declaration; (ii) approving JND's administrative determinations accepting and rejecting Claims as set forth in the Segura Declaration; (iii) approving payment of the Claims Administrator's remaining fees and expenses associated with administering the Settlement; and (iv) approving Investor Trust Protection as the *cy pres* recipient should funds remain after distribution(s).

00719581;V1

Dated: November 22, 2022

Respectfully submitted,

/s/ Richard L. Elem

_____

Jan Meyer
Richard L. Elem
**LAW OFFICES OF JAN MEYER & ASSOC., P.C.**
1029 Teaneck Road
Second Floor
Teaneck, New Jersey  07666
Tel: (201) 862-9500
Email: jmeyer@janmeyerlaw.com
         relem@janmeyerlaw.com

*Liaison Counsel for Lead Plaintiff and the Settlement Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson (admitted pro hac vice)
Joseph R. Seidman, Jr. (admitted pro hac vice)
10 East 40th Street
New York, NY  10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
lhasson@bernlieb.com
seidman@bernlieb.com

*Lead Counsel for Lead Plaintiff and the  Settlement Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
bcalandra@pom.law

*Additional Plaintiffs' Counsel*

00719581;V1

7